*FILED*

Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone:  (818) 914-2100
Facsimile:   (818) 914-2101
E-mail:  andres@qlglaw.com
        john@qlglaw.com

2011 JUL 13  PM 3: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Defendants Code Rebel,
LLC and Arben Kryeziu

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA CONNECT, a Nevada Corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>CODE REBEL, LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV, and DOES 1 through 300 inclusive,<br><br>             Defendants. | CASE No. ACV11-5764 RSWL (MAN)<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC § 1441(a) [DIVERSITY OF CITIZENSHIP]** |

Quintana Law
Group, APC

1  TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT
2  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

3      This notice of removal of Defendants Code Rebel, LLC and Arben Kryeziu
4  (collectively, the "Defendants") respectfully shows:

5      1.    The parties are of diverse citizenship and that the matter in controversy
6  exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

7      2.    On May 25, 2011, Plaintiff Aqua Connect, Inc. ("Aqua Connect" or
8  "Plaintiff") commenced an action against Defendants by filing a complaint in the
9  Superior Court of California, County of Los Angeles, Case No. BC462337, entitled
10 *Aqua Connect, Inc. v. Code Rebel, LLC, et al.* (the "Complaint").

11     3.    On June 6, 2011, a summons and the Complaint were personally served,
12 in the State of Hawaii, on an agent of Defendants.  Copies of the summons and
13 Complaint are attached to this notice as Exhibit A.  No further proceedings have been
14 had in the state court action.

15     4.    That Complaint stated, in relevant part:

16     a.  "Plaintiff is, and at all times mentioned in this Complaint was a
17     Nevada Corporation with its principal place of business in Los
18     Angele County, California." Complaint, ¶1.

19     b.  "Upon information and belief, Defendant Code Rebel, LLC ('Code
20     Rebel') is a Hawaii limited liability company with its principal place
21     of business in Hawaii." Complaint, ¶2.

22     c.  "Upon information and belief, Defendant Arben Kryeziu is, and at all
23     times mentioned in this Complaint was, a resident of Hawaii."
24     Complaint, ¶3.

25     d.  "Upon information and belief, Defendant Vladimir Bickov is, and at
26     all times mentioned in this Complaint was, a resident of Russia."
27     Complaint, ¶4.

28 Thus, under Ninth Circuit authority, the "four corners of the" Complaint did not

Quintana Law
Group, APC

provide the facts supporting removal on the face of the Complaint, as Plaintiff did not allege the domicile or citizenship of the named defendants, merely their purported residences. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("(N)otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry").

5.     In *Harris, supra*, 425 F.3d at 690-691, the Court held "that the 'thirty day time period [for removal] ... starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id., citing Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992); and *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir.1997).

6.     In this case the initial pleading, the Plaintiff's Complaint, alleges the residence of Defendant Vladimir Bickov (in Russia), but not his domicile or citizenship, thereby failing to start the thirty day time period.  A defendant does not have a duty to make further inquiry if the initial pleading is indeterminate as to removability. *Harris*, 425 F.3d at 697.

7.     Similarly, Plaintiff's Complaint alleges the state of incorporation and principal place of business of Defendant Code Rebel, LLC to be Hawaii, but makes no allegations regarding the citizenship of that entity or that limited liability company's members.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that, when analyzing diversity, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").

8.     On or about July 1, 2011, Plaintiff granted an extension to Defendants' predecessor counsel, stipulating to extend the deadline for the Defendants' response to the Complaint to July 15, 2011.

9.     On July 12, 2011, Defendant Vladimir Bickov notified Defendants' counsel, in writing, that he is, and at all relevant times was, a citizen of Ukraine, and

Quintana Law
Group, APC

though currently a resident of the country of Australia, he intends to remain a citizen of the sovereign nation of Ukraine "for the foreseeable future." From that letter the Defendants were first able to ascertain that the case is one which is removable. In that writing, Defendant Vladimir Bickov further informed Defendants' counsel that, while he has not yet been served or appeared in his case, he consents to the removal of this action from the California Superior Court to the United States District Court. A copy of Defendant Vladimir Bickov's July 12, 2011 letter to Andres F. Quintana, counsel of record for Defendants Code Rebel, LLC and Arben Kryeziu, is attached to this notice as Exhibit B.

10.    The aforementioned action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(a) and 1332 since the Complaint involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF JURISDICTION

11.    According to Paragraphs 19, 31, 39, 47, 51 and 57 of the Complaint, Plaintiff is seeking a minimum of $10,000,000.00 in damages, exclusive of interest and costs.  Therefore, the amount in controversy for the aforementioned action exceeds the jurisdictional requirement. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's complaint).

12.    According to Paragraph 1 of the Complaint, Plaintiff is, and at all material times was, a Nevada corporation with its principal place of business in the State of California.

13.    Defendant Code Rebel, LLC is, and at all material times was, an entity organized under the laws of Hawaii, with its principal place of business in Hawaii, and was not and is not incorporated under the laws of the State of California, wherein this action was brought.  Further, Defendant Code Rebel, LLC's has only a single

member, who is also a citizen of Hawaii. Defendant Code Rebel, LLC and its member were not citizens of either California or Nevada either at the time the Complaint was filed, or at the time this Notice is being filed.

14. Defendant Arben Kryeziu is, and at all material times was, a resident and citizen of the State of Hawaii. Defendant Arben Kryeziu was not a citizen of either California or Nevada either at the time the Complaint was filed, or at the time this Notice is being filed.

15. Defendants are informed and believe, and on that basis allege, that Defendant Vladimir Bickov has not yet been served with the Complaint. Further, Defendant Vladimir Bickov is, and at all material times was, a resident and citizen of the sovereign nation of Ukraine. Therefore, alienage diversity exists is present in this matter pursuant to 28 U.S.C. §§ 1332(a)(3).

16. On July 12, 2011, Defendant Vladimir Bickov notified Defendants' counsel, in writing, that he is, and at all relevant times was, a citizen of Ukraine, and though currently a resident of the country of Australia, he intends to remain a citizen of the sovereign nation of Ukraine "for the foreseeable future." See Exhibit B. Defendant Vladimir Bickov further indicated therein that he was not domiciled in either California or Nevada either at the time the Complaint was filed, at the time this Notice is being filed, or ever.

17. In that writing, Defendant Vladimir Bickov further informed Defendant Arben Kryeziu that, while he has not yet been served or appeared in his case, he consents to the removal of this action from the California Superior Court to the United States District Court.

18. None of the named defendants is currently a citizen of California or Nevada, and none of the named defendants was a citizen of California or Nevada at the time the Complaint was filed.

19. Complete diversity is therefore met and there are no other named defendants who can defeat diversity. Doe and other fictitious defendants may be

1  ignored for removal purposes. *See, e.g., Salveson v. Western State Bank Card Assn.*,

2  731 F.2d 1423 (9th Cir. 1984); 28 U.S.C. §1441(a).

3     20.   In the event this Notice is deemed deficient in any respect, the right is

4  reserved, and leave is hereby respectfully requested, to make such amendments,

5  additions and/or corrections as may be required to overcome the same.

6

7     WHEREFORE, Defendants pray that the aforementioned action now pending

8  against them in the Superior Court of California, County of Los Angeles, be removed

9  therefrom to this Court.

10

11  DATED: July 13, 2011          QUINTANA LAW GROUP
                                  A Professional Law Corporation

12

13                               By: _____

14                                   Andres F. Quintana, Esq.
                                     John M. Houkom, Esq.
15                                   Attorneys Defendants Code Rebel, LLC
                                     and Arben Kryeziu
16

17

18

19

20

21

22

23

24

25

26

27

28

Quintana Law
Group, APC

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 25 2011

John A. Clarke, Executive Officer/Clerk
By _____(seal)_____, Deputy
SHAUNYA WESLEY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CODE REBEL LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV; and DOES 1 through 300 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AQUA CONNECT, INC., a Nevada Corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse on Hill St. 111 North Hill St. Los Angeles, CA 90012 | **BC 462 337** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael K. Hagemann, 1801 Century Park East, Suite 2400, Century City, CA 90067, (310) 499-4695

| DATE: *(Fecha)* | MAY 25 2011 | Clerk, by | **Shaunya Wesley** | , Deputy |
|---|---|---|---|---|
| | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

1 | Michael K. Hagemann (State Bar No. 264570)
2 | 1801 Century Park East
Suite 2400
3 | Century City, CA 90067
Tel: (310) 499-4695
4 | Fax: (310) 499-4796
mhagemann@mkhagemann.com
5 |
Attorney for Plaintiff
6 | AQUA CONNECT, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 25 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10

11 | AQUA CONNECT, INC., a Nevada Corporation,

12 |       Plaintiff,

13

14 | vs.

15

16 | CODE REBEL LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV; and DOES 1 through 300 inclusive,

17

18 |       Defendants.

19

| Case No.:
| Dept.                    B C 4 6 2 3 3 7
| Judge:
| **COMPLAINT**
| **JURY TRIAL DEMANDED**
| Filing Date:
| Trial Date:

20

21

22

23

24

25

26

27

28 |                    COMPLAINT

## THE PARTIES

Plaintiff Aqua Connect, Inc. ("Plaintiff") hereby complains and alleges as follows:

1.      Plaintiff is, and at all times mentioned in this Complaint was, a Nevada Corporation with its principal place of business in Los Angeles County, California.

2.      Upon information and belief, Defendant Code Rebel LLC ("Code Rebel") is a Hawaii limited liability company with its principal place of business in Hawaii. Upon information and belief, Code Rebel has systematic and continuous ties to California, and also purposely availed itself to the benefits and protections of the state of California. Further, its actions in the State of California give rise to this action.

3.      Upon information and belief, Defendant Arben Kryeziu is, and at all times mentioned in this Complaint was, a resident of Hawaii. Upon information and belief, Kryeziu has systematic and continuous ties to California, and also purposely availed himself to the benefits and protections of the state of California. Further, his actions in the State of California give rise to this action.

4.      Upon information and belief, Defendant Vladimir Bickov is, and at all times mentioned in this Complaint was, a resident of Russia. Upon information and belief, Kryeziu has systematic and continuous ties to California, and also purposely availed himself to the benefits and protections of the state of California. Further, his actions in the State of California give rise to this action.

5.      The true names and capacities, whether individual, corporate,

-1-
COMPLAINT

1    partnership, associate or otherwise, of defendants DOES 1 through 300 inclusive, and

2    each of them, are unknown to Plaintiff who therefore sues them by such fictitious names.

3    Plaintiff will seek leave to amend this Complaint to show the true names and capacities

4    of DOES 1 through 300 when it has discovered them.  Plaintiff alleges that, at all times

5    mentioned herein, all of the defendants acted or participated in some manner in the acts

6    alleged herein, and in some way caused and are responsible for Plaintiff's damages.  All

7    references to the named defendant shall include, without limitation, DOES 1 through 300

8    inclusive.

9

10    ## STATEMENT OF FACTS

11

12    6.      Plaintiff sells and markets software known as Aqua Connect

13    Terminal Server ("ACTS").

14

15    7.      On or around January 24, 2008, Vladimir Bickov, in his capacity as

16    an agent of Code Rebel and at the behest of Arben Kryeziu, downloaded a trial version of

17    ACTS.

18

19    8.      In order to install the ACTS software, Bickov was required to agree

20    to a written End User License Agreement ("EULA").  Bickov agreed to the EULA on

21    behalf of Code Rebel.  A true and correct copy of the EULA that was agreed to is

22    attached as Exhibit 1, and is hereby incorporated herein.

23

24    9.      Upon information and belief, Code Rebel and its agents also

25    requested trial versions of subsequent versions of ACTS, and agreed to the EULAs in

26    effect at the time which were materially the same as Exhibit 1.

27

28    10.      In each EULA, Code Rebel agreed not to reverse engineer the ACTS

-2-<br>COMPLAINT

1   software.

3          11.     All defendants colluded to reverse engineer ACTS.

5          12.     On or around June of 2009, Code Rebel began distributing a
6   competing software product, IRAPP TS, that was the result of the reverse engineering of
7   ACTS, and Code Rebel continues to do so currently.

9          13.     Defendants Kryeziu and Bickov have a long history of reverse
10  engineering and/or misappropriating others' software.

12                      **FIRST CAUSE OF ACTION**
13                   (Breach of Contract: As to All Defendants)

15         14.     Plaintiff incorporates herein by reference paragraphs 1 through 13 of
16  this Complaint.

18         15.     The EULA was a written agreement that bound Code Rebel.

20         16.     Code Rebel breached the EULA by reverse engineering ACTS.

22         17      Plaintiff performed all obligations under the agreement.

24         18.     Code Rebel's breach caused Plaintiff to lose profits because some
25  customers purchased the competing software program from Code Rebel.

27         19.     Upon information and belief, Plaintiff lost over $10,000,000.00 in
28  profit that it would have otherwise earned if Code Rebel did not breach its agreement.

20. With respect to future distribution, upon information and belief, damages would be insufficient because defendants do not have sufficient assets or income to compensate Plaintiff for the future harm likely to be borne by Plaintiff. Further, injunctive relief would avoid the necessity of a multiplicity of suits.

21. Code Rebel is an alter-ego for the other defendants. The defendants have failed to obey the LLC formalities, Code Rebel was insufficiently capitalized and insured, the other defendants have comingled funds with Code Rebel, and for the court to respect the limited liability status of Code Rebel would sanction a fraud.

## SECOND CAUSE OF ACTION

(False Promise: As to All Defendants)

22 Plaintiff incorporates herein by reference paragraphs 1 through 21 of this Complaint.

23. All of the defendants, as part of a conspiracy, made a promise to Plaintiff that they would not reverse engineer ACTS.

24. That promise was important to the transaction.

25 All of the defendants intended at the time of making the promise to reverse engineer ACTS.

26. All of the defendants intended that Plaintiff rely on their promise.

27. Plaintiff did in fact reasonably rely on their promise.

-4-
COMPLAINT

28. All of the defendants conspired to reverse engineer ACTS.

29. Plaintiff was harmed because it lost profits because some customers purchased the competing software program from Code Rebel.

30. Plaintiff's reliance on defendants' promise was a substantial factor in causing that harm. If the defendants had not agreed to the EULA, Plaintiff would not have given them a copy of ACTS, and Code Rebel would have been unable to create a competing product and or some of the features would have been missing from Code Rebel's product, making it less competitive.

31. Upon information and belief, Plaintiff lost over $10,000,000.00 in profit that it would have otherwise earned if the defendants did not break their promise

### THIRD CAUSE OF ACTION

(Inducing Breach of Contract: As to All Defendants)

32. Plaintiff incorporates herein by reference paragraphs 1 through 31 of this Complaint.

33. There was a EULA contract between Plaintiff and Code Rebel Argued in the alternative, there was a EULA contract with Plaintiff and whomever the defendants argue said contract was with.

34. All defendants knew of the contract between Plaintiff and Code Rebel. Argued in the alternative, all defendants knew of the contract between Plaintiff and whomever defendants argue the contract was with.

-5-
COMPLAINT

35    All defendants intended to cause the counter-party to the FUFA to breach the contract.

36    All of the defendants' conduct caused the counter-party to the FUFA to breach the contract.

37    Plaintiff was harmed when the counter-party breached because it lost profits because some customers purchased the competing software program from Code Rebel.

38.    All of the defendants' conduct was a substantial factor in causing that harm. If the counter-party had not breached, Code Rebel would have been unable to create a competing product and or some of the features would have been missing from Code Rebel's product, making it less competitive.

39.    Upon information and belief, Plaintiff lost over $10,000,000.00 in profit that it would have otherwise earned if the counter-party did not break the agreement.

## FORTH CAUSE OF ACTION

(Misappropriation of Trade Secrets: As to All Defendants)

40.    Plaintiff incorporates herein by reference paragraphs 1 through 39 of this Complaint.

41.    Plaintiff owned the following trade secrets: a detailed and specific method of implementing a terminal server in Mac OS X.

42.     At the time of misappropriation by defendants, this was a trade secret.

43.     All defendants improperly acquired the secret by reverse engineering, and then disclosed said trade secrets.

44.     Plaintiff was harmed because it lost profits because some customers purchased the competing software program from Code Rebel which utilized Plaintiff's trade secrets.

45.     All of the defendants were unjustly enriched by the misappropriation when they all profited from a product that utilized Plaintiff's trade secrets.

46.     All of the defendants' conduct was a substantial factor in causing that harm and unjust enrichment. Without the misappropriation of trade secrets, Code Rebel would have been unable to create a competing product and/or some of the features would have been missing from Code Rebel's product, making it less competitive and or there would have been a material delay in the release of their product. All defendants profited from the products of Code Rebel.

47.     Upon information and belief, Plaintiff lost over $10,000,000.00 in profit that it would have otherwise earned if the secrets were not misappropriated. Alternatively, upon information and belief, all defendants were enriched by at least $10,000,000.00 in profit that it would not have otherwise earned if the secrets were not misappropriated.

-7-
COMPLAINT

## FIFTH CAUSE OF ACTION

### (Business and Professions Code § 17200; As to All Defendants)

48.     Plaintiff incorporates herein by reference paragraphs 1 through 47 of this Complaint.

49.     The acts and practices alleged to have been committed by the defendants above constitute unlawful, unfair, and fraudulent business acts or practices within the meaning of section 17200 of the Business & Professions Code.

50.     As a result of the unlawful, unfair, and fraudulent business acts or practices of the defendants, Plaintiff suffered damages by losing substantial profits

51.     Argued in the alternative for each defendant, each defendant received a profit of at least $10,000,000.00, as a result of their unlawful, unfair, and fraudulent business acts or practices at the expense of Plaintiff.

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment; As to All Defendants)

52.     Plaintiff incorporates herein by reference paragraphs 1 through 51 of this Complaint.

53.     For all the reasons explained above, all defendants were unjustly enriched.

54.     Argued in the alternative for each defendant, each defendant received a profit of at least $10,000,000.00, as a result of their unlawful, unfair, and

-8-
COMPLAINT

1 | fraudulent business acts or practices at the expense of Plaintiff.

2

3 | ### SEVENTH CAUSE OF ACTION

4 | (Fraudulent Transfer: As to All Defendants)

5

6 | 55      Plaintiff incorporates herein by reference paragraphs 1 through 54 of

7 | this Complaint.

8

9 | 56.      Plaintiff has a right of payment from each defendant in this case.

10

11 | 57      Upon information and belief, an argued in the alternative for each

12 | defendant, each defendant transferred to all the other defendants in this case property,

13 | real property ownership interests, business ownership interests, and other things of value.

14

15 | 58.      Upon information and belief, all defendants conspired to make these

16 | transfers with the intent to hinder, delay, or defraud one or more of their creditors.

17

18 | 59      Alternatively, Plaintiff's right to payment arose before the transfers

19 | and upon information and belief, and argued in the alternative for each defendant, each

20 | defendant did not receive a reasonably equivalent value in exchange for the transfer, and

21 | they became insolvent as a result of the transfer.

22

23 | 60      Upon information and belief, Plaintiff is harmed because the assets

24 | of each defendant are insufficient to pay for their obligations as alleged above to Plaintiff.

25

26 | 61.      Each defendants' conduct were substantial factors in causing

27 | Plaintiff's harm.

28

-9-
COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the named defendants as follows:

## FIRST CAUSE OF ACTION

1. For contract damages of at least $10,000,000.00 according to proof.

2. For specific performance in the form of an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a derivative of IRAPP TS or ACTS

3. For attorney's fees.

## SECOND AND THIRD CAUSE OF ACTION

4. For damages of at least $10,000,000.00 according to proof

5. For an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a derivative of IRAPP TS or ACTS.

6. For punitive damages.

-10-
COMPLAINT

## FOURTH CAUSE OF ACTION

7. For damages of at least $10,000,000.00 according to proof.

8. In the alternative, for restitution of illicit profits in the amount of at least $10,000,000.00 according to proof.

9. For an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a derivative of IRAPP TS or ACTS.

10. For punitive damages

## FIFTH CAUSE OF ACTION

11. For disgorgement of profits of at least $10,000,000.00 according to proof.

12. For an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a derivative of IRAPP TS or ACTS.

-11-
COMPLAINT

1   **SIXTH CAUSE OF ACTION**

2

3          13.     For restitution of illicit profits in the amount of at least

4   $10,000,000.00 according to proof.

5

6          14     For an injunction restraining all defendants from distributing the

7   fruits of their reverse engineering, which includes but is not limited to: the source code of

8   ACTS, the source code compiled version of Code Rebel's Terminal server product,

9   IRAPP TS, and any and all software products that are a derivative of IRAPP TS or

10  ACTS.

11

12  **SEVENTH CAUSE OF ACTION**

13

14         15     For damages which mirror the obligations owed by the transferring

15  defendants, specifically, $10,000,000.00 plus prejudgment interest, the reasonable

16  attorney's fees, punitive damages, and costs of suit incurred in pursuing the first six

17  causes of action.

18

19         16.     For an order avoiding or subordinating, as to Plaintiff, any

20  fraudulent transfers.

21

22         17     For an injunction against all defendants prohibiting further

23  dispositions of their property.

24

25  **ALL CAUSES OF ACTION**

26

27         18.     For prejudgment interest.

28

1    19    For costs of suit incurred in this action.

2

3    20.    For such other and further relief as the court deems proper.

4

5    DATED   May 25, 2011

6

7    By: _____
     Michael K. Hagemann
8    Attorney for Plaintiff, AQUA CONNECT, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-
COMPLAINT

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial.

DATED: May 25, 2011

By: _____
Michael K. Hagemann
Attorney for Plaintiff, AQUA CONNECT, INC.

-14-
COMPLAINT

# Exhibit 1

# AQUA CONNECT, INC.

## Software License Agreement

AQUA CONNECT, INC ("Licensor") IS WILLING TO LICENSE THE ENCLOSED SOFTWARE AND DOCUMENTATION (the "Software") TO YOU ("You OR Licensee") ONLY ON THE CONDITION THAT YOU ACCEPT ALL OF THE TERMS IN THIS LICENSE AGREEMENT (the "Agreement"). IF YOU ARE AN EMPLOYEE OR AGENT OF A COMPANY (the "Company") AND ARE ENTERING INTO THIS AGREEMENT TO OBTAIN THE SOFTWARE FOR USE BY THE COMPANY FOR ITS OWN BUSINESS PURPOSES, YOU HEREBY AGREE THAT YOU ENTER INTO THIS AGREEMENT ON BEHALF OF THE COMPANY AND THAT YOU HAVE THE AUTHORITY TO BIND THE COMPANY TO THE TERMS AND CONDITIONS OF THIS AGREEMENT.

BY CLICKING ON THE "ACCEPT" BUTTON BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND AGREE TO BE BOUND BY IT. IF YOU DO NOT AGREE TO ANY OF THE TERMS BELOW, LICENSOR IS UNWILLING TO LICENSE THE SOFTWARE TO YOU, AND YOU SHOULD CLICK ON THE "DO NOT ACCEPT" BUTTON BELOW TO DISCONTINUE THE INSTALLATION PROCESS. IN SUCH CASE, ANY AMOUNTS ALREADY PAID BY YOU, IF ANY SHALL BE REFUNDED BY LICENSOR.

NOW THEREFORE, in consideration of the foregoing recitals and the terms and provisions set forth below, the receipt and sufficiency of which consideration is hereby acknowledged, the parties agree that Licensor agrees to license the Software to Licensee upon the terms and subject to the conditions set forth below:

1) LICENSE TERM.

(a) The Term of the License Agreement (the "License Period") is perpetual. However, Support & Maintenance, if purchased, will only be provided up to one (1) year from the date of purchase.

2) DELIVERY AND INSTALLATION OF THE SOFTWARE.

(a) Licensor shall deliver the download link via email to Licensee on the date of purchase (the "Deliver Date").

3) SOFTWARE MAINTENANCE AND INSTALLATION SUPPORT.

(a) Licensee agrees that Standard Support & Maintenance Materials have been provided to Licensee prior to entering into this Agreement. Licensee further understands and agrees to all Support & Maintenance terms as per the Support & Maintenance Materials. Licensee should not enter into this Agreement if Licensee has not received the agreed upon Support & Maintenance Materials.

(b) Licensor agrees to offer installation tech support only related to the

installation and configuration of the Software to Licensee within the first Ten (10) days from Delivery Date of the Software ("Installation Tech Support"). Licensor will offer Installation Tech Support via phone or electronic delivery only and the Installation Tech Support will be offered only during normal business hours of 9:00AM - 5:00PM, Pacific Standard Time, Monday-Friday.

4) SOFTWARE LICENSE.

(a) Licensor grants to Licensee a limited, nonexclusive license to use the Software for the duration of the License Period. For purposes of this Agreement, the licensed Software shall include the Software as delivered to Licensee, including but not limited to, appropriate documentation and information provided by Licensor to Licensee under this Agreement.

(b) Licensee acknowledges that the Software is the property of Licensor and that the Software is being made available to Licensee in confidence and solely on the basis of its confidential relationship to Licensor. Licensee further agrees to use best efforts to prevent Licensee's employees or vendors from printing, copying, providing or otherwise making the Software available, in whole or in part, for any of the employees' or vendors' private use outside the scope of Licensee's business or to any third parties.

(c) Licensee shall not reverse engineer, reverse compile or disassemble the Software, or otherwise attempt to derive the source code to the Software. Licensee shall have no right to, and shall not, sublicense any of its rights under this Agreement. Furthermore, Licensee agrees not to "clean room design" the Software or publish any "benchmarking" results of the Software.

(d) Licensee's license to use the Software will expire and will automatically be revoked upon a breach of this Agreement by Licensee. Licensee also agrees and acknowledges that updates may become available to Licensee during the License Period. However, new upgrades and versions of the Software will require Licensee to sign a new License Agreement and pay an additional fee, if applicable.

(e) Licensee acknowledges and understands that in order for this Software License Agreement to be valid, Licensee is required to have the appropriate Apple Mac OS X Server license.

5) WARRANTIES.

(a) Licensor warrants that the Software that is delivered to Licensee will be free from defects for a period of Thirty (30) days (the "Warranty Period") from the date of delivery. Licensor further warrants that the Software will perform as outlined in the current documentation available on the Software, at the time of delivery, for the entire Warranty Period. Licensee's sole remedy in the event of a breach of warranty will be that Licensor will, at its option, after best efforts to resolve the breach, replace the defective item within the Warranty Period or refund the money paid by Licensee to

Licensor for the defective item only.

(b) The warranties contained in this Agreement will not apply to the Software which:
(i) has been altered, supplemented, upgraded or modified in any way by Licensee; or
(ii) has been repaired except by Licensor or its designee.

(c) Additionally, the warranties contained in this Agreement do not apply to repair or replacement caused or necessitated by: (i) events occurring after risk of loss passes to Licensee, such as loss or damage during shipment; (ii) acts of God, including without limitation natural acts such as fire, flood, wind, earthquake, lightning or similar disaster; (iii) improper use, environment, installation or electrical supply, improper maintenance, or any other misuse, abuse or mishandling; (iv) governmental actions or inactions; (v) strikes or work stoppages; (vi) Licensee's failure to follow applicable use or operations instructions or manuals; (vii) Licensee's failure to implement, or to allow Licensor or its designee to implement, any corrections or modifications to the Software; or (viii) such other events outside Licensor's reasonable control.

(d) EXCEPT AS SPECIFICALLY PROVIDED IN THIS AGREEMENT, THERE ARE NO EXPRESS WARRANTIES, WHICH EXTEND BEYOND THE DESCRIPTION SET FORTH IN THIS AGREEMENT.

(e) IN NO EVENT SHALL LICENSOR BE LIABLE TO LICENSEE FOR LOSS OF PROFITS ARISING OUT OF ANY CLAIMED BREACH BY LICENSOR OF ITS OBLIGATIONS HEREUNDER.

(f) The Licensor understands that Licensee may use certain third party software and/or equipment in conjunction with the Software. LICENSOR MAKES NO WARRANTIES OR REPRESENTATIONS FOR THE SOFTWARE, INCLUDING BUT NOT LIMITED TO THOSE IN THIS AGREEMENT, EXPRESS OR IMPLIED, AS TO THE QUALITY, CAPABILITIES, OPERATIONS, PERFORMANCE OR SUITABILITY OF THE THIRD PARTY SOFTWARE AND/OR EQUIPMENT, INCLUDING THE ABILITY TO INTEGRATE THE SAME WITH THE SOFTWARE. THE QUALITY, CAPABILITIES, OPERATIONS, PERFORMANCE AND SUITABILITY OF THE THIRD PARTY SOFTWARE AND/OR EQUIPMENT LIE SOLELY WITH THE LICENSEE AND THE VENDOR OR SUPPLIER OF SUCH THIRD PARTY SOFTWARE AND/OR EQUIPMENT, AS THIS CASE MAY BE.

(g) Licensor discloses that the Software is protected by United States copyright and patent pending laws and applicable international treaties and/or conventions.

6) REMOVAL OF SOFTWARE

(a) Licensee understands and agrees that the Software is solely owned by Licensor.

(i)    (b) Licensee must destroy any and all copies of the Software beyond recovery from Licensee's computer system(s) at the sole cost to Licensee immediately following any breach of this Agreement by Licensee.

7) COMPLIANCE WITH LAWS.

(a) Licensee shall, at its own expense, use the Software in a careful and proper manner and shall comply with and conform to all laws, ordinances and regulations in any way relating to the possession, use and/or maintenance of the Software.

(b) Licensees using the Software in North America must use the Software in North America only. Unless specifically authorized in writing by Licensor, North American Licensees shall not export, or in any way transfer the Software to any destination outside North America without the prior written consent of Licensor. Regardless of any disclosure made by Licensee to Licensor of an ultimate destination of the Software, Licensee shall not export either directly or indirectly, the Software without first obtaining a license to re-export from the United States Government, as required, and will comply with United States Government export regulations, as applicable.

8) DEFAULT.

(a) The following will result in a default by Licensee, including but not limited to:

(i) Licensee shall default in any payment due under this Agreement.
(ii) Licensee breaches Licensee's duty of confidentiality.
(iii) Licensee fails to use best efforts to prevent Licensee's employees or vendors from printing, copying, providing or otherwise making the Software available, in whole or in part, for any of the employees' or vendors' private use or to any third parties.
(iv) Licensee reverse engineers, reverse compiles or disassembles the Software, or otherwise attempts to derive the source code to the Software.
(v) Licensee sublicenses any of its rights under this Agreement.
(vi) Licensee fails to comply with any law while using the Software.

9) MISCELLANEOUS.

(a) Waiver of Rights. No waiver of any breach of any provision of this Agreement shall constitute a waiver of any prior or subsequent breach of the same provision or a waiver of any breach of any other provision. No waiver shall be effective unless made in writing and signed by an authorized representative of each party hereto.

(b) Governing Law. This Agreement shall be governed by and construed and enforced according to the laws of the State of California, U.S.A. This Agreement contains the entire, integrated Agreement between the parties, and shall be binding upon both parties and their respective heirs, successors and permitted assigns.

(c) Date of Effectiveness. This Agreement shall become binding and effective as

of the date as listed above.

(d) Headings. Section headings are inserted for convenience only and shall not be used in any way to construe the terms of this Agreement.

(e) Severability. If any immaterial provision of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not in any way be affected or impaired thereby.

(f) Notices. Except as otherwise provided, any notice, request, demand, consent or other communication provided or permitted hereunder will be deemed given on the date it is sent and will be in writing and delivered by personal delivery, by certified mail, or by ordinary mail, postage prepaid, addressed to the party for which it is intended at the party's address as indicated in the heading of this Agreement and until such time as either party has given the other notice of a change of address.

(g) Provisional Conflicts. In the event of any conflict or inconsistency between the provisions of this Agreement and the provisions of any exhibit or schedule annexed hereto or any document referred to herein including but not limited to the maintenance agreement for the Software, the provisions of this Agreement will prevail and govern the interpretation thereof.

(h) Attorneys' Fees. In the event that one party brings suit against the other party for any matter arising out of or in connection with this Agreement, and the party which is sued is ultimately adjudicated to not have liability, then the party bringing suit agrees to pay the other party's reasonable attorneys' fees and litigation costs.

(i) Force Majeure. No party shall be liable for delay in performance hereunder due to causes beyond its control including, but not limited to, acts of God, fires, strikes, delinquencies of manufacturers or suppliers or acts of war. However, each party undertakes to minimize any such delay to the extent possible.

(j) Amendments. This Agreement may only be amended or modified by written instrument executed by all parties.

(k) Plurality. The use of singular usage shall include the plural usage and the use of the plural usage shall include the singular usage, especially when referring to the Software. In the event Licensee has purchased more than one copy of Software this Agreement will refer to all Software purchased by Licensee in this Agreement.

(l) Third Party Rights. The parties do not intend the benefits of this Agreement to inure to any person or entity not a party or signatory to this Agreement.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party to its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g. slip and fall)
   Intentional Bodily Injury/PD/WD (e.g. assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g. discrimination false arrest) (*not civil harassment*) (08)
Defamation (e.g. slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
   Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g. money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g. quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (*non-domestic relations*)
   Sister State Judgment
   Administrative Agency Award (*not unpaid taxes*)
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-harassment*)
   Mechanics Lien
   Other Commercial Complaint Case (*non-tort/non-complex*)
   Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael K. Hagemann (SB #264570)<br>1801 Century Park East, Suite 2400<br>Century City, CA 90067<br>mhagemann@mkhagemann.com<br>TELEPHONE NO. (310) 499-4695    FAX NO. (310) 499-4796<br>ATTORNEY FOR (Name): Plaintiff Aqua Connect, Inc. | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 25 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:  Stanley Mosk Courthouse on Hill St.

CASE NAME:
Aqua Connect, Inc. v. Code Rebel, LLC, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 462337<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [✓] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary, declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify):  7
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 25, 2011

Michael K. Hagemann
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Aqua Connect, Inc. v. Code Rebel, LLC. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case

JURY TRIAL? [✓] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 5___ HOURS/ [✓] DAYS

**Item II** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg 4)

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1 Class Actions must be filed in the County Courthouse, Central District
> 2 May be filed in Central (Other county, or no Bodily Injury/Property Damage)
> 3 Location where cause of action arose
> 4 Location where bodily injury, death or damage occurred
> 5 Location where performance required or defendant resides
> 6 Location of property or permanently garaged vehicle
> 7 Location where petitioner resides
> 8 Location wherein defendant/respondent functions wholly
> 9 Location where one or more of the parties reside
> 10 Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III, complete Item IV   Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1  2  4 |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1  2  4 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2 |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2 |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1  2  3  4  8 |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1  2  4 |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1  2  4 |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e g , slip and fall) | 1  2  4 |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e g assault, vandalism  etc ) | 1  2  4 |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1  2  3 |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1  2  4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1  2  3 |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1  2  3 |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1  2  3 |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1  2  3 |

| | | |
|---|---|---|
| LACIV 109 (Rev 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC, rule 2 0<br>Page 1 of 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Aqua Connect, Inc. v. Code Rebel, LLC. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2  8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review<br>(39) | A6150   Other Writ /Judicial Review | 2  8 |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | A6003   Antitrust/Trade Regulation | 1  2  8 |
| | Construction Defect (10) | A6007   Construction defect | 1  2  3 |
| | Claims Involving Mass<br>Tort (40) | A6006   Claims Involving Mass Tort | 1  2  8 |
| | Securities Litigation (28) | A6035  Securities Litigation Case | 1  2  8 |
| | Toxic Tort<br>Environmental (30) | A6036  Toxic Tort/Environmental | 1  2  3  8 |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | A6014  Insurance Coverage/Subrogation (complex case only) | 1  2  5  8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | A6141  Sister State Judgment | 2  9 |
| | | A6160  Abstract of Judgment | 2  6 |
| | | A6107  Confession of Judgment (non-domestic relations) | 2  9 |
| | | A6140  Administrative Agency Award (not unpaid taxes) | 2  8 |
| | | A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2  8 |
| | | A6112  Other Enforcement of Judgment Case | 2 . 8 . 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033  Racketeering (RICO) Case | 1  2  8 |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | A6030  Declaratory Relief Only | 1  2  8 |
| | | A6040  Injunctive Relief Only (not domestic/harassment) | 2  8 |
| | | A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1  2  8 |
| | | A6000  Other Civil Complaint (non-tort/non-complex) | 1  2  8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | A6113  Partnership and Corporate Governance Case | 2  8 |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | A6121  Civil Harassment | 2  3  9 |
| | | A6123  Workplace Harassment | 2  3  9 |
| | | A6124  Elder/Dependent Adult Abuse Case | 2  3  9 |
| | | A6190  Election Contest | 2 |
| | | A6110  Petition for Change of Name | 2 . 7 |
| | | A6170  Petition for Relief from Late Claim Law | 2 . 3  4 . 8 |
| | | A6100  Other Civil Petition | 2 . 9 |

LACIV 109 (Rev  01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2 0
Page 3 of 4

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| Aqua Connect, Inc. v. Code Rebel, LLC. | | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Professional Negligence**<br>(25) | A6017  Legal Malpractice<br>A6050  Other Professional Malpractice (not medical or legal) | 1  2  3<br>1  2  3 |
| **Other (35)** | A6025 Other Non-Personal Injury/Property Damage tort | 2  3 |
| **Wrongful Termination**<br>(36) | A6037  Wrongful Termination | 1  2  3 |
| **Other Employment**<br>(15) | A6024  Other Employment Complaint Case<br>A6109   Labor Commissioner Appeals | 1  2  3<br>10 |
| **Breach of Contract/ Warranty**<br>(06)<br>(not insurance) | ✓ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>A6019   Negligent Breach of Contract/Warranty (no fraud)<br>A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2  5<br>2  5<br>1  2  5<br>1  2  5 |
| **Collections**<br>(09) | A6002   Collections Case-Seller Plaintiff<br>A6012   Other Promissory Note/Collections Case | 2  5  6<br>2  5 |
| **Insurance Coverage**<br>(18) | A6015  Insurance Coverage (not complex) | 1  2  5  8 |
| **Other Contract**<br>(37) | A6009  Contractual Fraud<br>A6031  Tortious Interference<br>A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1  2  3  5<br>1  2  3  5<br>1  2  3  8 |
| **Eminent Domain/Inverse Condemnation (14)** | A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2 |
| **Wrongful Eviction**<br>(33) | A6023   Wrongful Eviction Case | 2  6 |
| **Other Real Property**<br>(26) | A6018  Mortgage Foreclosure<br>A6032  Quiet Title<br>A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2  6<br>2  6<br>2  6 |
| **Unlawful Detainer-Commercial (31)** | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2  6 |
| **Unlawful Detainer-Residential (32)** | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2  6 |
| **Unlawful Detainer-Drugs (38)** | A6022  Unlawful Detainer-Drugs | 2  6 |
| **Asset Forfeiture (05)** | A6108  Asset Forfeiture Case | 2  6 |
| **Petition re Arbitration**<br>(11) | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2  5 |

Left margin (rotated, top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)  |  Employment  |  Contract  |  Real Property  |  Judicial Review  Unlawful Detainer

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Aqua Connect, Inc. v. Code Rebel, LLC | |

Item III  Statement of Location  Enter the address of the accident, party's residence or place of business, performance  or other circumstance indicated in Item II  Step 3 on Page 1, as the proper reason for filing in the court location you selected

| REASON  CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | | ADDRESS Los Angeles County |
|---|---|---|---|
| 1 ✓2  3  4  5  6  7  8  9  10 | | | |
| CITY Los Angeles | STATE CA | ZIP CODE 90012 | |

Item IV  Declaration of Assignment  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court  (Code Civ  Proc  § 392 et seq , and LASC Local Rule 2 0 subds  (b), (c) and (d))

Dated  May _____



SIGNATURE OF ATTORNEY FILING PARTY

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1  Original Complaint or Petition

2  If filing a Complaint, a completed Summons form for issuance by the Clerk

3  Civil Case Cover Sheet form CM-010

4  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev  01/07), LASC Approved 03-04

5  Payment in full of the filing fee  unless fees have been waived

6  Signed order appointing the Guardian ad Litem  JC form FL-935  if the plaintiff or petitioner is a minor under 18 years of age  or if required by Court

7  Additional copies of documents to be conformed by the Clerk  Copies of the cover sheet and this addendum must be served along with the summons and complaint  or other initiating pleading in the case

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## NOTICE TO CODE REBEL LLC, ARBEN KRYEZIU, AND VLADIMIR BICKOV:

Aqua Connect, Inc. reserves the right to seek $100,000,000.00 in punitive damages when Aqua Connect, Inc. seeks a judgment in the suit filed against you.

DATED:  May 25, 2011

By: _____
Michael K. Hagemann
Attorney for Plaintiff, AQUA CONNECT INC.

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

NOTICE OF CASE ASSIGNMENT
UNLIMITED CIVIL CASE

NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number

**BC 462337**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 15 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deidre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Pending Assignment | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15 California Rules of Court rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody)

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website

### COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8587 |
| Compton | 200 W. Compton Blvd | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR)

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**)

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May <u>Not</u> Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May <u>Not</u> Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
> **Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# EXHIBIT "B"

# Volodymyr Bykov



Apartment 53, 49/2 Filatova Street • Odessa 65074 • Ukraine
E-Mail: vbickov@gmail.com

Date: July 12, 2011

Andres F. Quintana, Esq.
Quintana Law Group, APC
26135 Mureau Road, Suite 101
Calabasas, CA 91302

Dear Mr. Quintana:

I am Volodymyr Bykov.  I am currently a citizen of Ukraine and have been since birth.  I have recently become a resident of Australia as of September of 2010.  I have not ever been to or domiciled in California or Nevada.  I intend to remain a citizen of Ukraine for the foreseeable future.

Although I have never been served with any lawsuit filed by Aqua Connect, Inc. (and you and your law firm have not been retained by me in that matter), if any such lawsuit was filed against me in the California state court, I consent to have that lawsuit removed to the appropriate United States District Court in Los Angeles, California.

Sincerely,

Volodymyr Bykov

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV11- 5764 RSWL (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Aqua Connect, Inc.

**DEFENDANTS**
Code Rebel, LLC; Arben Kryeziu; and Vladimir Bickov

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael K. Hagemann (SBN: 264570)
1801 Century Park East, Suite 2400
Century City, CA 90067  (310) 499-4695

**Attorneys** (If Known)
Andres F. Quintana (SBN: 190525)
26135 Mureau Road, Suite 101
Calabasas, CA 91302
(818) 914-2100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ 10,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

## LACV11-5764

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
      ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
      ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Code Rebel, LLC, Hawaii; Arben Kryeziu, Hawaii; Vladimir Bickov, Australia |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, | Hawaii |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.                                                      .

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  July 13, 2011

   **Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
   but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |