Michael K. Hagemann (State Bar No. 264570)
1801 Century Park East
Suite 2400
Century City, CA 90067
Tel: (310) 499-4695
Fax: (310) 499-4796
mhagemann@mkhagemann.com

Attorney for Plaintiff
AQUA CONNECT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AQUA CONNECT, INC., a Nevada Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CODE REBEL LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV; and DOES 1 through 300 inclusive, <br><br> Defendants. | Case No.: CV11-5764 RSWL (MANx) <br><br> **PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO REMAND [28 U.S.C. § 1447(c)]** <br><br> Courtroom: 21 <br> Judge: Hon. Ronald S. W. Lew <br> Date: September 21, 2011 <br> Time: 10:00 a.m. <br><br> Complaint Filed: May 25, 2011 |

PLAINTIFF'S REPLY TO MOTION TO REMAND

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Aqua Connect, Inc. hereby submits its reply to Defendants Arben Kryeziu and Code Rebel, LLC's Opposition to Motion to Remand.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants have failed to successfully rebut either of the two primary arguments advanced by Plaintiffs. First, the notice of removal wasn't timely filed. Second, argued in the alternative, the Defendants have failed to meet their burden of proof to establish federal jurisdiction. Either argument is sufficient to require remand.

With respect to Plaintiff's first argument, Defendants oppose by citing a case that they claim disapproves of the main case cited by Plaintiff. However, if anything, Defendants' case tacitly approves of the main case cited by Plaintiff. The difference in holdings between the cases cited by the parties is a result of the underlying facts, not any legal disagreement. Plaintiff's case is factually on point while Defendants' simply is not.

With respect to Plaintiff's second argument, Defendants fail to rebut the clear and unambiguous cases cited by Plaintiff. Defendants' arguments attack non-essential positions advanced by Plaintiff, but fail to rebut the core argument: that Defendants have to prove beyond a preponderance of the evidence that federal jurisdiction is proper and that they have failed to do so.

**II.   STATEMENT OF FACTS**

See section II of the motion to remand.

**III.   ARGUMENT**

Defendants have failed to address the core arguments advanced by Plaintiff. Their opposition attacks ancillary issues, but fails to address the elephant in the room.

**a.   The Notice Of Removal Was Not Timely Filed**

Defendants do not dispute that the notice of removal was filed thirty-seven days

after Kryeziu and Code Rebel, LLC were served. Therefore, if the complaint itself established federal jurisdiction, then Defendants' notice of removal is not timely. *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 693-95 (9th Cir. 2005).

### 1. The Complaint Establishes Federal Jurisdiction

Plaintiff does not dispute the holdings of any of the cases cited by Defendants. The differences in the outcome of the cases cited by the parties are driven by the facts, not differences in the interpretation of the law.

#### A. Defendants Misconstrue The Holding Of *Svoboda*

Defendants appear to be citing to *Svoboda v. Deutsche Bank Securities, Inc.* as implicitly rejecting the holding of *KDY, Inc. v. Hydroslotter Corp. Svoboda*, 2010 WL 30077101 (N.D. Cal. Aug. 6, 2010); *KDY, Inc.*, 2008 WL 4938281 (N.D. Cal. Nov. 17, 2008). This is simply not accurate. In *Svoboda* the Court rejected the "reliance" on those cases by the moving party because they weren't factually analogous. *Svoboda*, 2010 WL 30077101, *3. The *Svoboda* court did not attack the holding of *KDY, Inc. Id.* Defendants have taken quotations from that case out of context. (Opp. 5:17). After the statements quoted by Defendants in their opposition, the Court then stated, "[t]hese cases merely stand for the unremarkable proposition that a defendant may be presumed to know certain basic personal facts about itself, such as its own citizenship, without invoking the concerns at issue in *Harris*." *Svoboda*, 2010 WL 30077101, *3.

*Svoboda* is not factually on point, is not argued by Defendants to be on point, nor does it call into question *KDY, Inc.*; therefore, it's not relevant to the case at hand.

#### A. *KDY, Inc.* Is Squarely On Point

Defendants claim there are a few minor distinctions between *KDY, Inc.* and the case at hand. Some are actually not distinctions at all. Others are distinctions without a difference. In its motion, Plaintiff has already alleged a plethora of factual similarities between the case at hand and *KDY, Inc.* (Mot. § III(a)(1).)

Defendants contend that, unlike *KDY, Inc.*, there were "additional papers" in this case. (Opp. 9:17-19.) Defendants' statement ignores what was actually said by the *KDY,*

*Inc.* court.  The *KDY, Inc.* court said there were no additional papers supplied by **Plaintiff**.  Here, just like in *KDY, Inc.*, there were no additional papers supplied by **Plaintiff**.

Defendants contend that it is material that Bickov has not answered the complaint.  However, no party in this case has answered the complaint.  While that is a distinction between the case at hand and *KDY, Inc.*, that distinction is irrelevant.  There is no part of the removal statute or case law that makes an answer relevant.  Further, the distinction between "joined" and "consented" in the notice of removal is also a distinction without a difference.

### b.   Argued In The Alternative, Defendants Have Not Established Federal Jurisdiction

Defendants do not rebut that they have failed to establish the citizenship of Bickov by a preponderance of the evidence.  Defendants, not Plaintiff, have the burden, by a preponderance of the evidence, to establish federal jurisdiction.  (Mot. § III(b).)  Defendants cite no cases to rebut the ironclad propositions, founded upon U.S. Supreme Court case law, advanced by Plaintiff in its motion.  *See*, *e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) ("the [removing] defendant bears the burden of **actually proving** the facts to support jurisdiction …") (discussing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).) (emphasis added).

Defendants resort to a tenuous statutory argument and cite no cases in support of their spurious position.  Even if this Court holds that a Rule 11 standard is appropriate for the notice of removal, Defendants certainly had the obligation to prove federal jurisdiction in their opposition, and have failed to do so.  For the Court to hold otherwise would contradict *Gaus*.  *Id.*

### 1.   The Purported Letter From The Unserved Defendant Is Still Not Admissible And Should Be Disregarded By This Court

It is unrebutted that the Federal Rules of Evidence govern this motion.  (Mot. § III(b)(1).)  With the Defendants' additional declarations purporting to authenticate

1  Exhibit "B" of the notice of removal, Defendants have still not resolved the hearsay
2  objection.  Fed. R. Evid. 801(c), 802.  Defendants purport to offer Exhibit "B," an out-of-
3  court statement that is not a declaration, for the truth of the matter asserted therein.  At
4  best, the declarations establish that Bickov wrote the letter, not that its contents are true.
5  For that reason, Plaintiff still objects to Exhibit "B" of the notice of removal, as well as
6  the same letter attached to the declarations in opposition to this motion.  It is
7  inadmissible, and the Court should not consider it.  Further, any statements regarding or
8  reiterating Exhibit "B" in the notice of removal are argument, not evidence.
9      Therefore, if the complaint doesn't establish citizenship, there is no admissible
10 evidence of Bickov's citizenship.

    **c.    Plaintiff Is Entitled To Its Just Costs And Any Actual Expenses**

12     Plaintiff's counsel seeks costs and expenses of $3,767.50 as requested in the
13 motion.  There is no basis to award Defendants their costs and expenses, even if they
14 successfully oppose this motion.

**IV.   CONCLUSION**

16     For the foregoing reasons, the Court should remand this action to the state court
17 from which it was removed.  Further, the Court should award Plaintiff its just costs and
18 any actual expenses, including attorney fees, incurred as a result of the removal.

DATED:  September 7, 2011

                    By: /s/ Michael K. Hagemann
                    Michael K. Hagemann
                    Attorney for Plaintiff, AQUA CONNECT, INC.