1

2                                                          O

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  AQUA CONNECT, INC., a          )   CV 11-5764-RSWL (MANx)
    Nevada Corporation,            )
12                                 )   **ORDER re: Defendants'**
                  Plaintiff,       )   **Arben Kryeziu and Code**
13                                 )   **Rebel, LLC's Motion to**
             v.                    )   **Dismiss Complaint for**
14                                 )   **Lack of Personal**
    CODE REBEL, LLC, a Hawaii      )   **Jurisdiction [FRCP**
15  Limited Liability Company;     )   **12(b)(2)], for Failure**
    ARBEN KRYEZIU, an              )   **to State a Claim [FRCP**
16  individual; VLADIMIR           )   **12(b)(6)], or in the**
    BICKOV, an individual; and     )   **alternative, for a More**
17  DOES 1 through 300,            )   **Definite Statement [FRCP**
    inclusive,                     )   **12(e)] [5]**
18                                 )
                  Defendants.      )
19  _____)

20       On August 24, 2011, Defendants Arben Kryeziu

21  ("Kryeziu") and Code Rebel, LLC's ("Code Rebel") Motion

22  to Dismiss Complaint for Lack of Personal Jurisdiction

23  [FRCP 12(b)(2)], for Failure to State a Claim [FRCP

24  12(b)(6)], or in the alternative, for a More Definite

25  Statement [FRCP 12(e)] [5] came on for regular calendar

26  before the Court.

27       The Court having reviewed all papers submitted

28  pertaining to this Motion and having considered all

                          1

arguments presented to the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES IN PART AND GRANTS IN PART** Defendants Kreyziu and Code Rebel's (hereinafter collectively referred to as "Movants") Motion.

**I.   Background**

Defendant Code Rebel is a Hawaii limited liability company maintained and located in the State of Hawaii. Defendant Code Rebel lists various customers on its website that have California businesses and headquarters.  Defendant Kryeziu is a resident of Hawaii and a managing member of Defendant Code Rebel. Defendant Vladimir Bickov ("Bickov"), who is not a party to this Motion, is a resident of Australia and a Citizen of Ukraine.  Defendant Bickov has not been served with a Complaint, but he consented to the removal of this present action to Federal court.

Plaintiff/Non-Movant Aqua Connect, Inc. ("Plaintiff") is a software company.  Plaintiff sells and markets software known as Aqua Connect Terminal Server ("ACTS").  Plaintiff is a Nevada corporation with its principal place of business in Los Angeles County, California.

Plaintiff's claims arise out of the alleged reverse engineering of ACTS and the subsequent sale of infringing software by the three Defendants.  On July 20, 2011, Movants, Defendants Code Rebel and Kryeziu, filed the present Motion [5].

## II. __Legal Standard__

    A.   **Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2)**

Although the plaintiff has the burden of proving personal jurisdiction, to defeat a motion to dismiss, the plaintiff need only make a prima facie showing of jurisdictional facts. In re Pintlar Corp., 133 F.3d 1141, 1144 (9th Cir. 1998)(citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990)). The plaintiff need only allege facts which, if true, would support a finding of jurisdiction. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)(citing Data Disc v. Sys. Tech. Assoc., 557 F.2d 1280, 1285 (9th Cir. 1977).

The exercise of personal jurisdiction over a nonresident defendant requires the presence of two factors. The forum state's laws must provide a basis for exercising personal jurisdiction, and the assertion of personal jurisdiction must comport with due process. Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474, 1477 (9th Cir. 1986). The California long-arm statute permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution . . . of the United States." Cal. Civ. Proc. Code § 410.10. This statute renders the state and federal limits of jurisdiction coextensive. Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). Thus, only a due process analysis is

1  required.

2      Due process requires that a defendant have "certain

3  minimum contacts with [the forum] such that the

4  maintenance of the suit does not offend traditional

5  notions of fair play and substantial justice."  Int'l

6  Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The

7  defendant's contacts must be "such that the [defendant]

8  should reasonably anticipate being haled into court

9  there."  World-Wide Volkswagen Corp. v. Woodson, 444

10 U.S. 286, 297 (1980).  Depending upon the nature and

11 scope of the defendant's contacts with the forum,

12 jurisdiction may be general or specific to the cause of

13 action.  Roth, 942 F.2d at 620 (citing Data Disc, 557

14 F.2d at 1287).

15     In the area of personal jurisdiction and the

16 Internet, the Ninth Circuit has adopted the test set

17 forth in Zippo Manufacturing Co. v. Zippo Dot Com,

18 Inc., 952 F. Supp. 1119 (W.D. Pa. 1997).  See Gator.Com

19 Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1079-80 (9th

20 Cir. 2003)(citing the "sliding scale" test set forth in

21 Zippo as a test "that both our own and other circuits

22 have applied to Internet-based companies.").  In Zippo,

23 the court categorized Internet use and the exercise of

24 personal jurisdiction along the following spectrum:

25         At one end of the spectrum are situations where a
           defendant clearly does business over the Internet.
26         If the defendant enters into contracts with
           residents of a foreign jurisdiction that involve
27         the knowing and repeated transmission of computer
28

                                   4

files over the Internet, personal jurisdiction is
proper.  At the opposite end are situations where a
defendant has simply posted information on an
Internet [website] which is accessible to users in
foreign jurisdictions.  A passive [website] that
does little more than make information available to
those who are interested in it is not grounds for
the exercise personal jurisdiction.  The middle
ground is occupied by interactive [website] where a
user can exchange information with the host
computer.  In these cases, the exercise of
jurisdiction is determined by examining the level
of interactivity and commercial nature of the
exchange of information that occurs on the
[website].

Zippo, 952 F. Supp. at 1124 (citations omitted).

**B.   Motion to Dismiss Pursuant to Federal Rule of
      Civil Procedure 12(b)(6)**

In a motion to dismiss brought under Federal Rule
of Civil Procedure 12(b)(6), the Court must presume all
non-conclusory, factual allegations of the complaint to
be true and draw all reasonable inferences in favor of
the non-moving party.  Klarfeld v. United States, 944
F.2d 583, 585 (9th Cir. 1991).  After accepting as true
all non-conclusory statements and drawing all
reasonable inferences in favor of the non-moving party,
the Court must determine whether the complaint alleges
a plausible claim for relief.  See Ashcroft v. Iqbal,
129 S. Ct. 1937, 1940-41 (2009).

A dismissal can be based on the lack of cognizable
legal theory or the lack of sufficient facts alleged

under a cognizable legal theory.  <u>See</u> <u>Balistreri v.</u>
<u>Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.
1990).  However, a party is not required to state the
legal basis for his claim, only the facts underlying
it.  See <u>McCalden v. Cal. Library Ass'n</u>, 955 F.2d 1214,
1223 (9th Cir. 1990).

Additionally, claims of fraud must satisfy not only
Rule 12(b)(6), but also the heightened pleading
standard of Rule 9(b).  In alleging fraud or mistake, a
party must state with particularity the circumstances
constituting fraud or mistake.  Fed. R. Civ. P. 9(b).

The heightened pleading standard of Rule 9(b) is
designed "to give defendants notice of the particular
misconduct which is alleged to constitute the fraud
charged so that they can defend against the charge and
not just deny that they have done anything wrong."
<u>Neubronner v. Milken</u>, 6 F.3d 666, 671 (9th Cir. 1993).
In order to meet this standard, the plaintiff must
allege the "who, what, where, when, and how" of the
fraudulent conduct.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317
F.3d 1097, 1106 (9th Cir. 2003).  The complaint must
"state the time, place, and specific content of the
false representations as well as the identities of the
parties to the misrepresentation."  <u>Edwards v. Marin</u>
<u>Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004).  "The
plaintiff must set forth what is false or misleading
about a statement, and why it is false."  <u>Vess</u>, 317
F.3d at 1106 (quoting <u>Decker v. Glenfed, Inc.</u>, 42 F.3d

1541, 1548 (9th Cir. 1994)).

However, "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); <u>Walling v. Beverly Enters.</u>, 476 F.2d 393, 397 (9th Cir. 1973).  Nevertheless, states of mind must still be alleged.  <u>Bender v. Southland Corp.</u>, 749 F.2d 1205, 1216 (6th Cir. 1984).

## C.  Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  Fed. R. Civ. P. 12(e).  A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.  See <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

Rule 12(e) motions are disfavored and rarely granted.  <u>Cellars v. Pac. Coast Packaging, Inc.</u>, 189 F.R.D. 575, 578 (N.D. Cal. 1998).  A motion for a more definite statement fails where the complaint is specific enough to apprise the moving party of the substance of the claim being asserted.  See <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

///

III.    **Analysis**

   A.   **Plaintiff's Request for Judicial Notice**

   As a preliminary matter, Plaintiff requests the
Court take Judicial Notice that a "213" area code is a
Los Angeles, California area code.  This request,
however, is **DENIED AS MOOT** because such information is
not necessary to the Court's analysis.

   B.   **Plaintiff's Motion to Dismiss Defendant Kryeziu**
        **for Lack of Personal Jurisdiction**

   The Court finds that Plaintiff has met its burden
to defeat Movants' Motion to Dismiss by making out a
prima facie showing of the Court's personal
jurisdiction over Defendant Kryeziu.  Plaintiff
premises personal jurisdiction primarily on an
allegation that Defendant Kryeziu sold infringing
products to this state and participated in injuring
Plaintiff, a California resident, by conspiring to
reverse engineer Plaintiff's software.  The Court finds
that these contacts with California are sufficient for
the Court to exert specific jurisdiction over Defendant
Kryeziu.

   Specific jurisdiction exists if the cause of action
arises out of or is related to the defendant's forum
activities.  Hirsch v. Blue Cross, Blue Shield, 800
F.2d 1474, 1477 (9th Cir. 1986).  The Ninth Circuit has
formulated a three-prong test here in order to
determine whether the exercise of specific jurisdiction
comports with due process and therefore exists over the

defendant: 1) the defendant must purposefully avail himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) the plaintiff's claim must arise out of, or result from, the defendant's forum-related contacts; and 3) the extension of jurisdiction must be "reasonable." Roth, 942 F.2d at 620-21; see Haisten v. Grass Valley Med. Reimbursement Fund, 784 F.2d 1392, 1397 (9th Cir. 1986).

The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, then personal jurisdiction is not established in the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id.

Here, the Court finds that Plaintiff has satisfied all three prongs, and therefore the Court has specific jurisdiction over Defendant Kryeziu.

### 1. **Purposeful Availment**

The Court finds that Defendant Kryeziu has purposefully availed himself of the privilege of conducting activities in California.

Purposeful availment "examines whether the

1  defendant's contact with the forum are attributable to

2  his own actions or are solely the actions of the

3  plaintiff."  Sinatra v. National Enquirer, 854 F.2d

4  1191, 1195 (9th Cir. 1998).  To show purposeful

5  availment, a plaintiff must show that the defendant

6  "engage[d] in some form of affirmative conduct allowing

7  or promoting the transaction of business within the

8  forum state."  Gray & Co. v. Firstenberg Machinery Co.,

9  915 v. F.2d 758, 760 (9th Cir. 1990).

10     Here, the Complaint alleges that Defendant Kryeziu

11  personally participated in and encouraged both the

12  alleged reverse engineering and infringing sales on

13  which Plaintiff relies to establish personal

14  jurisdiction.  Compl. ¶¶ 7, 9, 11.  Furthermore,

15  Defendant Kryeziu states in his declaration that he is

16  "the Managing Member" of Defendant Code Rebel.

17  Declaration of Arben Kreyziu ("Kreyeziu Decl."), ¶2.

18  Moreover, Movants do not offer any evidence rebutting

19  Plaintiff's allegations that Defendant Kryeziu

20  participated in and encouraged the reverse engineering

21  and the infringing sales.  As such, the Court accepts

22  Plaintiff's allegations as true for the purposes of

23  this motion.  See Doe v. Unocal Corp., 248 F.3d 915,

24  922 (9th Cir. 2001) ("Where not directly controverted,

25  plaintiff's version of the facts is taken as true for

26  the purposes of a 12(b)(2) motion to dismiss").

27  ///

28  ///

10

### a.   The Fiduciary Shield Doctrine

Movants do argue, however, that Defendant Kryeziu's activities on behalf of Defendant Code Rebel should not be considered Defendant Kryeziu's own personal contacts with California.   Although Movants do not use the term, they appear to rely of the fiduciary shield doctrine. Colt Studio, Inc. v. Badpuppy Enter., 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999).   Under the fiduciary shield doctrine, "officers, directors, agents and employees" of a corporation are not necessarily subject to a given jurisdiction based on the corporation's contacts with that jurisdiction.   Id.

The Court finds that the fiduciary shield doctrine does not apply to Defendant Kryeziu given that a corporate officer's contacts on behalf of a corporation are sufficient to subject the officer to personal jurisdiction where the officer is a "primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities." Allstar Marketing Group, LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009).

As noted, the Court accepts, for the purposes of analyzing jurisdiction, the uncontroverted allegation that Defendant Kryeziu personally participated and encouraged the reverse engineering and the sale of infringing products to California.   This is "sufficient to establish that [he was] the moving force behind the

infringing activity." <u>Id.</u> (holding that a corporate officer was the moving force behind an infringing activity when the officer personally participated and encouraged the sale of infringing products to the forum state).  Accordingly, the Court consider the reverse engineering and the infringing sales for the purposes of analyzing Defendant Kryeziu's contacts with the fourm.  Because these activities occurred via Defendant Code Rebel's website, the Court examines them in the context of law governing personal jurisdiction based on Internet activity.

### b.   Defendant Kryeziu's Activities via Defendant Code Rebel's Website

In the Internet context, "the Ninth Circuit utilizes a sliding scale analysis under which 'passive' websites do not create sufficient contacts to establish purposeful availment, whereas interactive websites may create sufficient contacts, depending on how interactive the website is.  <u>See</u> <u>Gator.Com Corp. v. L.L. Bean, Inc.</u>, 341 F.3d 1072, 1079-80 (9th Cir. 2003) (citing the "sliding scale" test as a test "that both our own and other circuits have applied to Internet-based companies.").  Here, Plaintiff alleges that, through their website, Movants solicited business from California customers and regularly sold infringing products to California in the State.  Declaration of Michael K. Hagemann ("Hagemann Decl."), ¶¶2-10.

As the Court finds that Movants once again offer no

conflicting evidence, the Court accepts this allegation
as true for the purposes of analyzing personal
jurisdiction on a Motion to Dismiss.  Based on the
allegation, the Court finds that by operating a highly
commercial website through which regular sales of
allegedly infringing software are made to customers in
this state, Defendant Kryeziu, through Defendant Code
Rebel, purposefully availed himself of the benefits of
doing business in California, such that he should
reasonably anticipate being haled into court here.
Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074, 1978
(finding purposeful availment where NeatO's website
allowed California consumers to purchase NeatO's
products over the Internet).

## 2.   Whether Plaintiff's Claims Arise Out of Defendant Kryeziu's Contacts

The Court finds that Plaintiff's claims arise out
of Defendant Kreyziu's forum related activities.

A lawsuit arises out of a defendant's contacts with
a forum state if there is a direct nexus between the
cause of action being asserted and the defendant's
activities in the forum.  See Shute v. Carnival Cruise
Lines, 897 F.2d 377, 385 (9th Cir. 1990), rev'd on
other grounds, 499 U.S. 585 (1991).  The Ninth Circuit
follows a "but for test" in determining whether an
action arises out of the defendant's contacts with the
forum state.  Ballard v. Savage, 65 F.3d 1495, 1500
(9th Cir. 1995).

Here, Defendant Kryeziu's contacts with the forum are (1) the sale of allegedly infringing products to customers in this state and (2) conspiracy to fraudulently induce Plaintiff, a California citizen, into granting Defendant Kryeziu access to Plaintiff's software for reverse engineering.  These contacts are sufficient to satisfy the arising out of requirement given that "but for" the sale of products to California citizens and reverse engineering of Plaintiff's software, Plaintiff would not have been allegedly injured. Allstar, 666 F. Supp. 2d at 1123 (finding that lawsuit would not have occurred "but for" defendant's interactive website and direct sales to California customers).

### 3.  Exercising Jurisdiction over Defendant Kryeziu is Reasonable

The Court finds that the final prong of the Ninth Circuit three-part test for specific jurisdiction is satisfied as exercising jurisdiction over Defendant Kryeziu is reasonable.

Reasonableness is assessed by the following factors: (1) the extent of the defendants' purposeful interjection into the forum; (2) the burden on the defendant in litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the

plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993). The burden to establish unreasonableness, however, once the other prongs of the personal jurisdiction test are established, is on the defendant. Id. at 1487.

Addressing the first factor, the Ninth Circuit has held that this factor "parallels the question of minimum contacts" in determining the reasonableness of exercising specific jurisdiction. Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc., 1 F.3d 848, 852 (9th Cir. 1993); Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991) ("In light of the first prong of purposeful availment, analysis of this first factor in the third prong would be redundant"). As such, because Defendant Kryeziu purposefully availed himself on California by serving as the driving force behind the activities of Defendant Code Rebel in California, the Court finds that Defendant Kryeziu purposefully interjected himself on California, supporting a finding of reasonableness.

The second factor, the burden on a defendant in litigating in the forum, must be examined in light of the corresponding burden on a plaintiff. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir. 1988). The Court finds that there is little burden on Defendant Kryeziu to defend the action in this forum. As the alleged sole manager and member of Defendant

1  Code Rebel, whose jurisdiction has not been challenged
2  by Movants, Defendant Kryeziu will be litigating in
3  California regardless of the Court's jurisdiction on
4  him.

5      The third factor involves evaluating the extent of
6  any conflict with the sovereignty of Defendant
7  Kryeziu's home state.  Here, Defendant Kryeziu is a
8  citizen of Hawaii rather than a foreign nation.  As
9  such, "[a]ny conflicting sovereignty interests [can be]
10 accommodated through choice-of-law rules."  Nissan
11 Motor Co. Ltd. v. Nissan Computer Corp., 89 F. Supp. 2d
12 1154, 1161 (C.D. Cal. 2000) (citing Gray & Co. v.
13 Firstenberg Machinery Co., 913 F.2d 758, 761 (9th Cir.
14 1990)).  As a consequence, the Court finds this factor
15 of little importance in its determination of
16 reasonableness.

17     The fourth factor considers California's interest
18 in adjudicating the controversy.  Here, when the
19 alleged false promise/fraud and reverse engineering
20 occurred and when the lawsuit was brought, Plaintiff
21 had its principal place of business in California and
22 was a citizen of California.  28 U.S.C. § 1332(c)(1)
23 (deeming a corporation to be a citizen where it has its
24 principal place of business).  As such, because
25 California maintains a strong interest in redressing
26 the injury of its resident/citizen, the Court finds
27 this factor weighs in favor of Plaintiff.  See
28 Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316,

16

1    1323 (9th Cir. 1998).

2        The fifth factor - the most efficient judicial
3    resolution of the controversy - primarily focuses on
4    the location of the evidence and the witnesses.  <u>Core-</u>
5    <u>Vent Corp.</u>, 11 F.3d at 1489.  Here, while Movants
6    contend that their documents and evidence are located
7    in Hawaii, Plaintiff contends that its documents and
8    evidence are located primarily in California.
9    Consequently, in terms of the evidence and witnesses,
10   this factor is neutral in assessing the reasonableness.
11   However, as stated above, the personal jurisdiction of
12   Defendant Code Rebel has not been challenged in this
13   case.  As such, litigation will proceed against
14   Defendant Code Rebel in California regardless of the
15   outcome of this Motion.  It would be contrary to
16   principals of judicial economy to have a separate
17   proceeding in Defendant Kryeziu's home state of Hawaii.
18   Accordingly, the Court finds this factor weighs in
19   favor of Plaintiff.

20       The sixth factor is the importance of the forum to
21   a plaintiff's interest in convenient and effective
22   relief.  Nothing in the papers establishes that
23   effective relief it not available to Plaintiff in
24   Hawaii, Defendant Kryeziu's preferred choice of forum.
25   While litigating in Hawaii would no doubt inconvenience
26   Plaintiff, "neither the Supreme Court nor [the Ninth
27   Circuit] has given much weight to inconvenience to the
28   Plaintiff."  <u>Ziegler v. Indian River County</u>, 64 F.3d

470, 476 (9th Cir. 1995).  The Court finds this factor therefore tips only slightly in favor of Plaintiff.

The final factor - the availability of an alternative forum - is the only factor that tips toward Movants.  Plaintiff "must carry the burden of proving the unavailability of an alternative forum."  <u>Pacific Alt. Trading Co. v. M/V Main Exp.</u>, 758 F.2d 1325, 1331 (9th Cir. 1985).  Here, the Court finds that this factor favors Movants as Plaintiff has not demonstrated or even argued that Hawaii is not a viable and available venue for litigating this suit.

As such, five out of the seven factors favor Plaintiff, one is neutral, and only one favors Movants. Although Movants argue that litigating in California will inconvenience Defendant Kryeziu, the Court finds that this is not sufficient, given the balance of the remaining factors to establish that exercising personal jurisdiction over Defendant Kryeziu would be reasonable.

In sum, because all three requirements - purposeful availment, arising out of, and reasonableness - weigh in favor of a finding of specific jurisdiction, the Court finds that it is appropriate to exercise personal jurisdiction over Defendant Kryeziu.  As such, the Court **DENIES** Movants' Motion to Dismiss Defendant Kryeziu for Lack of Personal Jurisdiction.

///

///

**C.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

**1.   <u>Plaintiff's Second Cause of Action - False Promise</u>**

The Court **DENIES** Movants' Motion to Dismiss Plaintiff's Second Cause of Action for False Promise.

Movants argue that Plaintiff's Second Cause of Action for False Promise, which is a type of fraud, should be dismissed because the claim fails to satisfy the heightened pleading requirements for fraud pursuant to Federal Rule of Civil Procedure 9(b).

Under California law, "[t]he elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>Lazar v. Super. Ct.</u>, 12 Cal. 4th 631, 638 (1996). According to rule 9(b), the allegations of false promise must be accompanied by the who, what, where, when, and how of the fraud charged. <u>See</u> <u>Vess</u>, 317 F.3d at 1106.

The Court finds that Plaintiff has sufficiently pled with particularity the elements of fraud under California law. Plaintiff's Complaint pleads with particularity facts indicating Movants made material misrepresentations as to its intent to contract with Plaintiff, and that Plaintiff reasonably relied on the

misrepresentations to its detriment.

The Court finds that Plaintiff has also sufficiently pled the scienter requirement of fraud by averring generally facts which indicate Movants knew their misrepresentations were false at the time of contracting[1].  See Locke v. Warner Bros., Inc., 57 Cal. App. 4th 354, 368 (Ct. App. 1997)(holding "[f]raudulent intent must often be established by circumstantial evidence, and may be inferred from such circumstances as defendant's . . . failure even to attempt performance . . .").

Therefore, the Court finds Plaintiff has pled with particularity the elements of a fraud claim under Rule 9(b), and Movants' Motion to Dismiss for failure to state a claim for fraud is hereby **DENIED**.

## 2. Plaintiff's Third Cause of Action - Inducing Breach of Contract

The Court **GRANTS** Movants' Motion to Dismiss Plaintiff's Third Cause of Action for Inducing Breach of Contract (also known as interfering with the performance of a contract).

Only a "stranger to a contract may be liable in tort for intentionally interfering with the performance of the contract." Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1296 (1990); Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th

_____

[1]Compl. ¶¶ 4, 12, 23.

503, 514 (1994) (holding that "interference with a contract does not lie against a party to the contract" and that liability "falls only on strangers-interlopers who have no legitimate interest in the scope of course of the contract's performance."). Here, the Complaint specifically alleges that Movants were interested parties to an End User License Agreement contract[2]. As such, the Court finds that the Complaint fails to set forth facts averring that Movants were strangers to the contract.

Accordingly, the Court **GRANTS** Movants' Motion to Dismiss Plaintiff's Third Cause of Action of Inducing Breach of Contract. However, because the Plaintiff may be able to allege additional facts to support this Claim, the Court **DISMISSES with 20 days leave to amend** Plaintiff's Third Cause of Action of Inducing Breach of Contract.

### 3. <u>Plaintiff's Fourth Cause of Action - Misappropriation of Trade Secrets</u>

The Court **GRANTS** Movants' Motion to Dismiss Plaintiff's Fourth Cause of Action for Misappropriation of Trade Secrets.

To prove an action for misappropriation of trade secrets, "a plaintiff must establish (among other things) that the defendant improperly 'used' the plaintiff's trade secret." <u>Sargent Fletcher, Inc. v.</u>

---

[2]Compl. ¶¶ 15, 21.

1  <u>Able Corp.</u>, 110 Cal. App. 4th 1658, 1668.

2      The Court finds that the Complaint fails to set
3  forth sufficient facts to establish that Movants
4  "improperly used" Plaintiff's trade secret.  The only
5  allegation that Plaintiff asserts in its Complaint the
6  alleged improper use is "acquir[ing] the secret by
7  reverse engineering."  Compl. ¶43.  Under the
8  California Civil Code, however, reverse engineering
9  cannot be the only allegation of "improper" use in an
10  action for misappropriation of trade secrets.  Cal.
11  Civ. Code §3246.1(a) ("Reverse engineering . . . alone
12  shall not be considered improper means"); <u>see also</u> <u>ABBA</u>
13  <u>Rubber Co. v. Seaquist</u>, 235 Cal. App. 3d 1, 21-22, fn.
14  9 (Ct. App. 1991).

15      Accordingly, the Court **GRANTS** Movants' Motion to
16  Dismiss Plaintiff's Fourth Cause of Action for
17  Misappropriation of Trade Secrets.  However, because
18  the Plaintiff may be able to allege additional facts to
19  support this Claim, the Court **DISMISSES with 20 days**
20  **leave to amend** Plaintiff's Fourth Cause of Action for
21  Misappropriation of Trade Secrets.

22      **4.   <u>Plaintiff's Seventh Cause of Action -</u>**
23          **<u>Fraudulent Transfer</u>**

24      The Court **GRANTS** Movants' Motion to Dismiss
25  Plaintiff's Seventh Cause of Action for Fraudulent
26  Transfer.

27      To support a cognizable fraudulent transfer claim,
28  California Civil Code §3439.04 provides that a

plaintiff must allege that it has a "claim" against a defendant.   A "claim" is defined as a "right to payment."   Cal. Civ. Code §3439.01(b).   Plaintiff, however, only asserts that it "has a right to payment" from the Movants.   The Court finds that this is just a "formulaic recitation of the elements" of the cause of action for fraudulent transfer.   See <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007).   The Court finds that Plaintiff's Complaint is deficient because it does not provide any additional facts for how Plaintiff currently has a right to payment from Movants.

Accordingly, the Court **GRANTS** Movants' Motion to Dismiss Plaintiff's Seventh Cause of Action for Fraudulent Transfer.   However, because Plaintiff may be able to allege additional facts to support this Claim, the Court **DISMISSES with 20 days leave to amend** Plaintiff's Seventh Cause of Action for Fraudulent Transfer.

**D.   Movants' Motion For A More Definite Statement**

Finally, the Court **DENIES** Movants' Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e).   As noted above, Plaintiff has set forth sufficient facts with regard to its Second Cause of Action for False Promise.   The Motion for a More Definite Statement is moot as to Plaintiff's Third, Fourth, and Seventh Causes of Action as the Court **GRANTS** Movants' Motion to Dismiss for those

1  claims.

2  **III.  Conclusion**

3       For the reasons stated above, the Court **DENIES IN**

4  **PART AND GRANTS IN PART** Movants' Motion to Dismiss

5  Complaint for Lack of Personal Jurisdiction [FRCP

6  12(b)(2)], for Failure to State a Claim [FRCP

7  12(b)(6)], or in the alternative, for a More Definite

8  Statement [FRCP 12(e)].

9

10 DATED: September 26, 2011

11 **IT IS SO ORDERED.**

12

13                    RONALD S.W. LEW

                    _____

14                    **HONORABLE RONALD S.W. LEW**

15                    Senior, U.S. District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28