Michael K. Hagemann (State Bar No. 264570)
1801 Century Park East
Suite 2400
Century City, CA 90067
Tel: (310) 499-4695
Fax: (310) 499-4796
mhagemann@mkhagemann.com

Attorney for Plaintiff
AQUA CONNECT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AQUA CONNECT, INC., a Nevada Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>CODE REBEL LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV; and DOES 1 through 300 inclusive,<br><br>    Defendants. | Case No.: CV11-5764 RSWL (MANx)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Courtroom: 21<br><br>Judge: Hon. Ronald S. W. Lew<br><br>Complaint Filed: May 25, 2011 |

FIRST AMENDED COMPLAINT

# THE PARTIES

Plaintiff Aqua Connect, Inc. ("Plaintiff") hereby complains and alleges as follows:

1. Plaintiff is, and at all times mentioned in this Complaint was, a Nevada Corporation with its principal place of business in Los Angeles County, California.

2. Upon information and belief, Defendant Code Rebel LLC ("Code Rebel") is a Hawaii limited liability company with its principal place of business in Hawaii. Upon information and belief, Code Rebel has systematic and continuous ties to California, and also purposely availed itself to the benefits and protections of the state of California. Further, its actions in the State of California give rise to this action.

3. Upon information and belief, Defendant Arben Kryeziu is, and at all times mentioned in this Complaint was, a resident of Hawaii. Upon information and belief, Kryeziu has systematic and continuous ties to California, and also purposely availed himself to the benefits and protections of the state of California. Further, his actions in the State of California give rise to this action.

4. Upon information and belief, Defendant Vladimir Bickov is, and at all times mentioned in this Complaint was, a resident of Russia. Upon information and belief, Kryeziu has systematic and continuous ties to California, and also purposely availed himself to the benefits and protections of the state of California. Further, his actions in the State of California give rise to this action.

5. The true names and capacities, whether individual, corporate,

1  partnership, associate or otherwise, of defendants DOES 1 through 300 inclusive, and
2  each of them, are unknown to Plaintiff who therefore sues them by such fictitious names.
3  Plaintiff will seek leave to amend this Complaint to show the true names and capacities
4  of DOES 1 through 300 when it has discovered them.  Plaintiff alleges that, at all times
5  mentioned herein, all of the defendants acted or participated in some manner in the acts
6  alleged herein, and in some way caused and are responsible for Plaintiff's damages.  All
7  references to the named defendant shall include, without limitation, DOES 1 through 300
8  inclusive.

## JURISDICTION AND VENUE

6.  Plaintiff contends this action was improperly removed to federal court, this court lacks subject matter jurisdiction over this action, and that this action should have been remanded to the California state court in which it originated on October 12, 2011.

## STATEMENT OF FACTS

7.  Plaintiff sells and markets software known as Aqua Connect Terminal Server ("ACTS").

8.  On or around January 24, 2008, Vladimir Bickov, in his capacity as an agent of Code Rebel and at the behest of Arben Kryeziu, downloaded a trial version of ACTS.

9.  In order to install the ACTS software, Bickov was required to agree to a written End User License Agreement ("EULA").  Bickov agreed to the EULA on behalf of Code Rebel.  A true and correct copy of the EULA that was agreed to is

1  attached as Exhibit 1, and is hereby incorporated herein.

3      10.    Upon information and belief, Code Rebel and its agents also requested trial versions of subsequent versions of ACTS, and agreed to the EULAs in effect at the time which were materially the same as Exhibit 1.

7      11.    In each EULA, Code Rebel agreed not to reverse engineer the ACTS software.

10      12.    All defendants colluded to reverse engineer ACTS.

12      13.    On or around June of 2009, Code Rebel began distributing a competing software product, IRAPP TS, that was the result of the reverse engineering of ACTS, and Code Rebel continues to do so currently.  A substantial number of Code Rebel's IRAPP TS customers are California citizens, and upon information and belief Code Rebel's website wherein the IRAPP TS software resides is physically located in California.

19      14.    Defendants Kryeziu and Bickov have a long history of reverse engineering and/or misappropriating others' software.

## FIRST CLAIM
(Breach of Contract: As to All Defendants)

25      15.    Plaintiff incorporates herein by reference paragraphs 1 through 14 of this Complaint.

28      16.    The EULA was a written agreement that bound Code Rebel.

17. Code Rebel breached the EULA by reverse engineering ACTS.

18. Plaintiff performed all obligations under the agreement.

19. Code Rebel's breach caused Plaintiff to lose profits because some customers purchased the competing software program from Code Rebel.

20. Upon information and belief, Plaintiff lost over $10,000,000.00 in profit that it would have otherwise earned if Code Rebel did not breach its agreement.

21. With respect to future distribution, upon information and belief, damages would be insufficient because defendants do not have sufficient assets or income to compensate Plaintiff for the future harm likely to be borne by Plaintiff. Further, injunctive relief would avoid the necessity of a multiplicity of suits.

22. Code Rebel is an alter-ego for the other defendants. The defendants have failed to obey the LLC formalities, Code Rebel was insufficiently capitalized and insured, the other defendants have comingled funds with Code Rebel, and for the court to respect the limited liability status of Code Rebel would sanction a fraud.

## SECOND CLAIM
(False Promise: As to All Defendants)

23. Plaintiff incorporates herein by reference paragraphs 1 through 22 of this Complaint.

24. All of the defendants, as part of a conspiracy, made a promise to

Plaintiff that they would not reverse engineer ACTS.

25. That promise was important to the transaction.

26. All of the defendants intended at the time of making the promise to reverse engineer ACTS.

27. All of the defendants intended that Plaintiff rely on their promise.

28. Plaintiff did in fact reasonably rely on their promise.

29. All of the defendants conspired to reverse engineer ACTS.

30. Plaintiff was harmed because it lost profits because some customers purchased the competing software program from Code Rebel.

31. Plaintiff's reliance on defendants' promise was a substantial factor in causing that harm.  If the defendants had not agreed to the EULA, Plaintiff would not have given them a copy of ACTS, and Code Rebel would have been unable to create a competing product and/or some of the features would have been missing from Code Rebel's product, making it less competitive.

32. Upon information and belief, Plaintiff lost over $10,000,000.00 in profit that it would have otherwise earned if the defendants did not break their promise.

# THIRD CLAIM

(Misappropriation of Trade Secrets: As to All Defendants)

33. Plaintiff incorporates herein by reference paragraphs 1 through 32 of this Complaint.

34. Plaintiff owned the following trade secrets: a detailed and specific method of implementing a terminal server in Mac OS X.

35. At the time of misappropriation by defendants, this was a trade secret.

36. All defendants knew at all relevant times that the contract with Plaintiff prohibited reverse engineering.

37. All defendants actively participated in improperly acquiring the Plaintiff's trade secret by reverse engineering in violation of said contract.

38. Each and every defendant actively participated in the disclosure of said trade secrets for personal monetary gain by selling the trade secrets to third parties.

39. Plaintiff was harmed because it lost profits because some customers purchased the competing software program from Code Rebel which utilized Plaintiff's trade secrets.

40. All of the defendants were unjustly enriched by the misappropriation when they all profited from a product that utilized Plaintiff's trade secrets.

-6-
FIRST AMENDED COMPLAINT

41. All of the defendants' conduct was a substantial factor in causing that harm and unjust enrichment. Without the misappropriation of trade secrets, Code Rebel would have been unable to create a competing product and/or some of the features would have been missing from Code Rebel's product, making it less competitive and/or there would have been a material delay in the release of their product. All defendants profited from the products of Code Rebel.

42. Upon information and belief, Plaintiff lost over $10,000,000.00 in profit that it would have otherwise earned if the secrets were not misappropriated. Alternatively, upon information and belief, all defendants were enriched by at least $10,000,000.00 in profit that it would not have otherwise earned if the secrets were not misappropriated.

## FOURTH CLAIM

(California Business and Professions Code § 17200: As to All Defendants)

43. Plaintiff incorporates herein by reference paragraphs 1 through 42 of this Complaint.

44. The acts and practices alleged to have been committed by the defendants above constitute unlawful, unfair, and fraudulent business acts or practices within the meaning of section 17200 of the Business & Professions Code.

45. As a result of the unlawful, unfair, and fraudulent business acts or practices of the defendants, Plaintiff suffered damages by losing substantial profits.

46. Argued in the alternative for each defendant, each defendant received a profit of at least $10,000,000.00, as a result of their unlawful, unfair, and

fraudulent business acts or practices at the expense of Plaintiff.

## FIFTH CLAIM

(Unjust Enrichment: As to All Defendants)

47.　Plaintiff incorporates herein by reference paragraphs 1 through 46 of this Complaint.

48.　For all the reasons explained above, all defendants were unjustly enriched.

49.　Argued in the alternative for each defendant, each defendant received a profit of at least $10,000,000.00, as a result of their unlawful, unfair, and fraudulent business acts or practices at the expense of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the named defendants as follows:

**FIRST CLAIM**

1.　For contract damages of at least $10,000,000.00 according to proof.

2.　For specific performance in the form of an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code/compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a

derivative of IRAPP TS or ACTS.

3. For attorney's fees.

**SECOND CLAIM**

4. For damages of at least $10,000,000.00 according to proof.

5. For an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code/compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a derivative of IRAPP TS or ACTS.

6. For punitive damages.

**THIRD CLAIM**

7. For damages of at least $10,000,000.00 according to proof.

8. In the alternative, for restitution of illicit profits in the amount of at least $10,000,000.00 according to proof.

9. For an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code/compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a derivative of IRAPP TS or ACTS.

10. For punitive damages.

**FOURTH CLAIM**

11. For disgorgement of profits of at least $10,000,000.00 according to proof.

12. For an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code/compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a derivative of IRAPP TS or ACTS.

**FIFTH CLAIM**

13. For restitution of illicit profits in the amount of at least $10,000,000.00 according to proof.

14. For an injunction restraining all defendants from distributing the fruits of their reverse engineering, which includes but is not limited to: the source code of ACTS, the source code/compiled version of Code Rebel's terminal server product, IRAPP TS, and any and all software products that are a derivative of IRAPP TS or ACTS.

**ALL CLAIMS**

15. For prejudgment interest.

16. For costs of suit incurred in this action.

17. For such other and further relief as the court deems proper.

DATED: October 15, 2011

                            By: /s/ Michael K. Hagemann
                            Michael K. Hagemann
                            Attorney for Plaintiff, AQUA CONNECT, INC.

# JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: October 15, 2011

By: /s/ Michael K. Hagemann
Michael K. Hagemann
Attorney for Plaintiff, AQUA CONNECT, INC.