O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Aqua Connect, Inc.,<br><br>            Plaintiff,<br><br>      v.<br><br>Code Rebel LLC, Arben Kryeziu, and Vladimir Bickov,<br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 11-5764 RSWL (MANx)<br><br>**ORDER Re: Plaintiff Aqua Connect, Inc.'s Motion to Remand [11]** |

On October 12, 2011, Plaintiff Aqua Connect, Inc.'s Motion for Remand came on for regular calendar before this Court [11]. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

The Court hereby **DENIES** Plaintiff's Motion to Remand.

///

///

1

**I. BACKGROUND**

**A.  Factual Background**

Plaintiff brings this current Action against Defendants for claims arising from Defendants' alleged reverse engineering of Plaintiff's software and subsequent distribution of an allegedly infringing software product.  Plaintiff is a Nevada corporation that sells software and has its principal place of business in California.

Defendant Code Rebel LLC ("Code Rebel") also sells software and is a limited liability corporation organized under the laws of Hawaii, with its principal place of business in Hawaii.  Defendant Arben Kryeziu ("Kryeziu"), a citizen of Hawaii, is the managing partner and only member of Defendant Code Rebel. According to the Complaint, Defendant Bickov is a resident of Russia, who worked as an agent of Defendant Code Rebel, at the behest of Defendant Kryeziu. Defendant Bickov has not been served.

**B.  Procedural Background**

On May 25, 2011, Plaintiff filed this Action against Defendants in the Superior Court of California, County of Los Angeles [1].  Defendants Code Rebel and Kryeziu were served with a Summons and Complaint on June 6, 2011.  On July 12, 2011, Defendants Code Rebel and Kryeziu allege they received a letter from unserved Defendant Bickov, in which Defendant Bickov claimed to be a citizen of Ukraine and consented to removal.

Consequently, on July 13, 2011, Defendants Code Rebel and Kryeziu jointly filed a Notice of Removal on diversity grounds. Thereafter, on August 12, 2011, Plaintiff filed this present Motion to Remand [11].

## II. LEGAL STANDARD FOR REMAND

In deciding whether to remand a case, this Court must determine whether the case was properly removed to this Court. The right to remove a case to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants. . . ." 28 U.S.C. § 1441(a). District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Section 1446(b) governs the timing of removal. If the initial pleading shows that the case is "removable on its face," then a defendant has thirty days from receipt of the pleading to remove the case. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005)). If, however, no basis for removal is apparent in that pleading, the requisite thirty-day removal period does not begin until the

defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b).

The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). The defendant has the burden of proving that removal is proper and that all of the prerequisites are satisfied. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). The Ninth Circuit strictly construes the removal statute against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (stating that removal statutes should be construed narrowly in favor of remand to protect jurisdiction of state courts).

### III. ANALYSIS

**A.  Evidentiary Objection**

Plaintiff moves to strike a letter from unserved Defendant Bickov as inadmissible hearsay. See Removal, ¶ 9, Ex. B. Hearsay does not encompass all extrajudicial statements but only those offered for the purpose of proving the truth of matter asserted in the statement. Fed. R. Evid. 801(c). Here, Defendants

Code Rebel and Kryeziu offer the letter for two purposes: (1) to prove Defendant Bickov's citizenship and his consent to removal; and (2) to prove that they received notice of removability on July 12, 2011.

As for the first purpose, the Court finds that Defendants Code Rebel and Kryeziu may not use the contents of the letter to prove Defendant Bickov's citizenship and his consent to removal. Such use is hearsay, and thus, Plaintiff's evidentiary objection as to Bickov's letter is **SUSTAINED in part**.

As for the second purpose, the Court finds that Defendants Code Rebel and Kryeziu may offer the letter to prove that they received notice of removability on July 12, 2011. Such use is a non-hearsay use of the letter, as it is only being offered for the effect on the listener. <u>United States v. Dorsey</u>, 418 F.3d 1038, 1044 (9th Cir. 2005)("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." (quoting Fed. R. Evid. 801(c) advisory committee's note)). Thus, Plaintiff's evidentiary objection as to Bickov's letter is **OVERRULED in Part.**

**B.   Motion to Remand**

In its Motion, Plaintiff argues that this Action should be remanded to state court for the following reasons: (1) Defendants Code Rebel and Kryeziu's removal was untimely; (2) Defendants Code Rebel and

Kryeziu have failed to make the required showing for diversity jurisdiction; and (3) Defendants Code Rebel and Kryeziu failed to join Defendant Bickov in their Notice of Removal.  This Court **DENIES** Plaintiff's Motion to Remand because Defendants Code Rebel and Kryeziu's removal was proper.

 1. <u>Timing of removal</u>

This Court finds that Defendants Code Rebel and Kryeziu's removal was timely under 28 U.S.C. § 1446(b).  Specifically, the Court finds that service of the Complaint did not trigger the thirty-day removal period because Defendants Code Rebel and Kryeziu could not have ascertained the removability of the Action without knowing the citizenship of unserved Defendant Bickov.  The Complaint, served upon Defendants Code Rebel and Kryeziu, only alleged Defendant Bickov's residence; however, for the purpose of giving notice of removability, the Ninth Circuit has held that a person "residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  <u>Kantor v. Wellesley Galleries. Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983).  As such, the Court finds that the face of the Complaint did not give notice of removability to Defendants Code Rebel and Kryeziu, and thus, the thirty-day removal period could not have started when they were served with the Complaint.  <u>See Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 695 (9th Cir. 2005)(holding service of the complaint did

not trigger the thirty-day removal period because the complaint only alleged an unserved defendant's residence).

Rather, the Court finds that the Notice of Removal was timely because the thirty-day removal period did not start until Defendants Code Rebel and Kryeziu received unserved Defendant Bickov's letter on July 12, 2011. See § 1446(b) (If no basis for removal is apparent in the initial pleading, the thirty-day removal period does not begin until a defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained.); see, e.g., Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 691-92 (9th Cir. 2005)(the defendant timely removed the case within thirty days of discovering additional information about an unserved defendant). The Court finds that Defendant Bickov's letter alerted Defendants Code Rebel and Kryeziu that complete diversity existed and that this case was removable. Therefore, Defendants Code Rebel and Kryeziu timely filed their Notice of Removal on July 13, 2011.

    2.   <u>Diversity Jurisdiction</u>

The parties do not dispute whether diversity jurisdiction exists; rather, Plaintiff argues that Defendants Code Rebel and Kryeziu failed to prove

diversity jurisdiction by a preponderance of evidence.[1]

Generally, on a motion to remand, the defendant has the burden of proving by a preponderance of evidence that diversity jurisdiction exists. <u>Gaus</u>, 980 F.2d at 565 (holding that the defendant must prove by a preponderance of evidence that the amount in controversy exceeded $50,000); <u>Guryev v. Life Investors Ins. Co. of Am.</u>, No. 00-2679, 2000 U.S. Dist. LEXIS 18079, at *2 (N.D. Cal. Dec. 4, 2000). However, on a motion to remand, alleging a party's residence in the complaint creates a presumption that the party continues to reside in that state and puts "the burden of coming forward with contrary evidence on the party seeking to prove otherwise," which is Plaintiff in this case. <u>Baumann v. American Family Mut. Ins. Co.</u>, 2011 WL 2709121, *2 (D. Colo. July 12, 2011) (quoting <u>State Farm Mut. Auto. Ins. Co. v. Dyer</u>, 19 F.3d 514, 519 (10th Cir. 1994)); <u>Harrell v. Kepreos</u>, 2005 WL 730639, *2 (D. Or. March 30, 2005)(holding that a person's residence is presumed to be the person's domicile or place of citizenship).[2]

---

[1] As discussed previously, Defendant Bickov's letter is hearsay; thus, Defendants Code Rebel and Kryeziu may not use its contents to prove Defendant Bickov's citizenship.

[2] If a complaint states that a person is a resident of a state, there is a presumption that the person is also a citizen of that state. <u>State Farm Mut. Auto. Ins. Co. v. Dyer</u>, 19 F.3d 514, 520 (10th Cir. 1994);

8

1    Here, Plaintiff alleges in the Complaint that
2 Defendant Bickov is a resident of Russia.  As such,
3 Plaintiff's allegation created a presumption that
4 Russia is Defendant Bickov's domicile and consequently
5 created a presumption of complete diversity.
6 Therefore, Plaintiff, as the party challenging
7 diversity jurisdiction here, has the burden of
8 disproving this presumption of complete diversity.  See
9 Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986) (holding
10 that the proponent of jurisdiction bears the burden of
11 proof, but the presumption of continued residence
12 shifts the burden of production onto the party seeking
13 to prove otherwise).
14    The Court finds that Plaintiff has failed to
15 produce any evidence to challenge the presumption of
16 complete diversity, and thus, Plaintiff failed to meet
17 its burden.
18    3.   Joining in Notice of Removal
19    The Court finds removal was proper because
20 Defendants Code Rebel and Kryeziu did not need consent
21 of unserved Defendant Bickov to remove.  Case law
22 generally requires all defendants to join or consent to
23 the notice of removal, but an exception exists when a

---

Gonzalez v. First NLC Financial Servs., 2009 WL 2513670, *2 (C.D. Cal. June 12, 2009).  However, as discussed in the previous section, residence in a complaint is not enough to give a defendant sufficient notice of removability.

non-joining defendant has not been served in state court.  See Community Bldg. Co. v. Maryland Casualty Co., 8 F.2d 678 (9th Cir. 1925); Lopez v. BNSF Ry. Co., 614 F. Supp. 2d 1084, 1087 (E.D. Cal. 2007).  Because Defendant Bickov has not been served, the Court finds that this exception to joining or consenting to removal applies here.  Thus, the Court finds removal was proper.

    4.   Attorney's Fees

    Plaintiff requests attorney's fees in connection with bringing this Motion. Defendants Code Rebel and Kryeziu argue that the Court should instead award them attorney's fees to punish Plaintiff for making misleading arguments and misstatements of fact and law.

    The Court finds that neither party should be awarded attorney's fees.  Fee awards are left to the district court's discretion, but section 1447(c) provides for attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Defendants Code Rebel and Kryeziu had an objectively reasonable basis for seeking removal, and there is no evidence that Plaintiff filed this Motion to Remand in bad faith.

    Accordingly, the Court **DENIES** Plaintiff and Defendants Code Rebel and Kryeziu's requests for attorney's fees.

**IV. CONCLUSION**

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand. Furthermore, the Court **DENIES** Plaintiff and Defendants Code Rebel and Kryeziu's requests for attorney's fees.

DATED: October 25, 2011

**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge