Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
E-mail: andres@qlglaw.com
    john@qlglaw.com

Attorneys for Defendants Code Rebel, LLC and Arben Kryeziu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA CONNECT, a Nevada Corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>CODE REBEL, LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV, an individual; and DOES 1 through 10, inclusive,<br><br>   Defendants Kryeziu and Code Rebel. | CASE NO. CV11-5764 RSWL (MANx)<br><br>**DEFENDANTS ARBEN KRYEZIU AND CODE REBEL, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(b)(6)]**<br><br>Date: December 20, 2011<br>Time: 10:00 a.m.<br>Courtroom: 21<br>Judge: Hon. Ronald S. W. Lew<br><br>[Declaration of John M. filed concurrently herewith; [Proposed] Order Lodged concurrently herewith]<br><br>Complaint filed: May 25, 2011 |

Quintana Law Group, APC

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 20, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard by this Court, in Courtroom 21 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012, before the Honorable Ronald S. W. Lew, Defendants Code Rebel, LLC ("Code Rebel") and Arben Kryeziu ("Kryeziu"), will and hereby do move the Court for an order dismissing the Third Cause of Action in Plaintiff Aqua Connect, Inc.'s First Amended Complaint ("FAC"), without leave to amend pursuant to *Federal Rule of Civil Procedure* 12(b)(6), for failure to state a claim for misappropriation of trade secrets against Defendant Code Rebel and Kryeziu, or either of them.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration John M. Houkom, filed concurrently herewith, all pleadings on file with the Court, and such other matters as may come before the Court.

This motion is made following the conferences of counsel pursuant to L.R. 7-3 which took place on November 1, 2011 and November 2, 2011. Declaration of John M. Houkom, filed concurrently herewith, ¶¶3-5; Exhibits A, B, C.

DATED: November 14, 2011         QUINTANA LAW GROUP, APC

                                 By: _____
                                     Andres F. Quintana, Esq.
                                     John M. Houkom, Esq.
                                     Attorneys for Defendants Code Rebel, LLC and Arben Kryeziu

## MEMORANDUM OF POINTS AND AUTHORITIES

This matter comes before this Court on a Motion to Dismiss for failure to state a claim, because the plaintiff herein has for the second time attempted to plead a cause of action for trade secret misappropriation based on reverse engineering. The first time it was pled, this Court dismissed the claim with leave to amend, because acquiring an alleged secret by reverse engineering does not constitute an "improper use," as required under California's Uniform Trade Secret Act.

While the current pleading attempts to dress up the same trade secret claim in the vestments of a breach of contract, the fact remains that the operative pleading merely repackages the claim without any substantive change, and the cause of action must be dismissed again, this time without leave to amend.

In this suit, Plaintiff Aqua Connect, Inc. ("Plaintiff") alleges five causes of action against "All Defendants," including Code Rebel, LLC ("Code Rebel") and Arben Kryeziu ("Kryeziu," or collectively with Code Rebel, the "Moving Defendants").

The crux of the dispute is an alleged contract entered into between Plaintiff and a different defendant that resides outside of the United States, and has apparently not yet been served with the Complaint, Vladimir Bickov ("Bickov"). According to the First Amended Complaint ("FAC"), Bickov allegedly entered into a contract as an agent for Code Rebel, which included an agreement not to reverse engineer Plaintiff's software. FAC, ¶¶7-8, 11. Further, "Code Rebel breached [that agreement] by reverse engineering" Plaintiff's software program. FAC, ¶17. Plaintiff then asserted five distinct causes of action based on that same purported breach of contract.

Among those claims is the Third Cause of Action for Trade Secret Misappropriation, asserted against all defendants, which claims that the Moving Defendants (and others) "inappropriately acquired" Plaintiff's purported trade secrets by breaching the contract at issue (FAC, ¶37) – a contract whose only breach

is alleged by Plaintiff to be reverse engineering. FAC, ¶17.

This Court has already ruled in this case, and the case law clearly supports the finding that, reverse engineering does not qualify as an improper use sufficient to support a claim of trade secret misappropriation. Plaintiff's attempt to repackage the same facts in its FAC does not alter the underlying legal theory, and this Court should again dismiss the Plaintiff's trade secret claim for failure to state a cause of action.

## RELEVANT FACTS

All of Plaintiff's claims in the instant case against Defendants Kryeziu and Code Rebel derive from Plaintiff's "End User License Agreement" ("EULA") related to software that Plaintiff sells to the public ("ACTS"), which Plaintiff alleges was entered into between Plaintiff and Defendant Bickov, "in his capacity as an agent of Code Rebel." FAC, ¶8. Plaintiff further contends that the EULA contains a prohibition on reverse engineering, and that "Code Rebel breached the EULA by reverse engineering ACTS." FAC, ¶¶16-17.

Plaintiff currently asserts five claims against each of the named defendants, including Defendants Kryeziu and Code Rebel, all arising from that same alleged reverse engineering of ACTS, including breach of contract by conducting reverse engineering, false promise by agreeing not to reverse engineer, misappropriation of trade secrets through reverse engineering, unfair business practices by reverse engineering, and unjust enrichment due to reverse engineering. Under the original Complaint, the Plaintiff had also pled claims for intentional interference with contract and for fraudulent transfer, but they do not appear in the FAC.

In response to the original Complaint, on August 24, 2011, Defendants Code Rebel and Kryeziu brought a motion to dismiss this case based on the arguments: (1) That the Court lacks personal jurisdiction over Defendant Kryeziu and Plaintiff's Complaint against him should be dismissed in its entirety; (2) that the Plaintiff, in its Complaint, has failed to state any claim against Defendants Kryeziu and Code Rebel

Quintana Law
Group, APC

for false promise, inducing breach of contract, misappropriation of trade secrets or fraudulent transfer; and, (3) for a more definite statement of the allegedly fraudulent activity.

On September 26, 2011, this Court issued its September 26, 2011 ORDER re: Defendants' Arben Kryeziu and Code Rebel, LLC's Motion to Dismiss Complaint for Lack of Personal Jurisdiction [FRCP 12(b)(2)], for Failure to State a Claim [FRCP 12(b)(6)], or in the alternative, for a More Definite Statement [FRCP 12(e)] (the "September 26, 2011 Order"), which denied in part and granted in part the Moving Defendants' motion.

Among the portions of that motion that were granted by this Court was the Moving Defendants' request that the Plaintiff's Trade Secret Misappropriation claim be dismissed for failure to state a claim. This Court stated that:

> To prove an action for misappropriation of trade secrets, "a plaintiff must establish (among other things) that the defendant improperly 'used' the plaintiff's trade secret." *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1668.
>
> The Court finds that the Complaint fails to set forth sufficient facts to establish that Movants "improperly used" Plaintiff's trade secret. The only allegation that Plaintiff asserts in its Complaint the alleged improper use is "acquir[ing] the secret by reverse engineering." Compl. ¶43. Under the California *Civil Code*, however, reverse engineering cannot be the only allegation of "improper" use in an action for misappropriation of trade secrets. Cal. Civ. Code §3246.1(a) ("Reverse engineering . . . alone shall not be considered improper means"); *see also ABBA Rubber Co. v. Seaquist*, 235 Cal. App. 3d 1, 21-22, fn. 9 (Ct. App. 1991).
>
> Accordingly, the Court **GRANTS** Movants' Motion to Dismiss Plaintiff's Fourth Cause of Action for Misappropriation of Trade Secrets. However, because the Plaintiff may be able to allege additional facts to support this Claim, the Court **DISMISSES with 20 days leave to amend** Plaintiff's Fourth Cause of Action for Misappropriation of Trade Secrets.

September 26, 2011 Order, p. 21, l. 23 – p. 22, l. 21 (emphasis in original).

On October 24, 2011, Plaintiff filed its FAC with the Court. The changes made between the Complaint and the FAC were slight. In regard to the claim for trade secret misappropriation, Plaintiff merely removed the direct reference to reverse engineering (Complaint, ¶43), and instead asserted that the improper acquisition was a breach of contract (FAC, ¶37), though the only breach of contract alleged in the FAC is reverse engineering. FAC, ¶17.

In other words, Plaintiff moved the words around, but left the basis for this claim intact – a basis this Court already found to be insufficient as a matter of law. Defendants Code Rebel and Kryeziu respectfully submit that the ruling on this issue has already been made, and it is the law of the case.[1]

## ARGUMENT

### I. THE PLAINTIFF FAILED TO STATE A CLAIM AGAINST DEFENDANTS KRYEZIU AND CODE REBEL FOR MISAPPROPRIATION OF TRADE SECRETS.

Defendants Kryeziu and Code Rebel request that this Court dismiss them from the Third Cause of Action for Misappropriation of Trade Secrets pursuant to *Fed.R.Civ.P.* 12(b)(6) for failure to state a claim against either of them. The sole basis for the claim pled in the FAC is reverse engineering, which does not support a cause of action for trade secret misappropriation.

Under *Fed.R.Civ.P.* 12(b)(6), a complaint is subject to dismissal if it fails to state a claim upon which relief may be granted. A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

---

[1] Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.) (*cert. denied* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993).

theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While courts do not generally require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions," and must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Plaintiff's Third Cause of Action for Misappropriation of Trade Secrets against Defendants Kryeziu and Code Rebel should be dismissed. This claim is premised solely on alleged "reverse engineering." FAC, ¶¶17, 37.

According to the Ninth Circuit Court of Appeal (citing US Supreme Court authority): "'reverse-engineering' is perfectly legal in a product not protected by a patent." *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997), *cert. denied*, 523 U.S. 1021, 118 S.Ct. 1302, 140 L.Ed.2d 468 (1998), *citing Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156-58, 109 S.Ct. 971, 980-81, 103 L.Ed.2d 118 (1989); *see also Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 232-233, 84 S.Ct. 784, 789, 11 L.Ed.2d 661 (1964)(finding that state law cannot create civil liability for copying products that are not protected by either copyright or patent).

The California Uniform Trade Secrets Act, California *Civil Code* §3426 *et seq.*, defines "misappropriation" of a trade secret as the acquisition or use of trade secrets through "improper means," and

> "Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means. Reverse engineering or independent derivation alone shall not be considered improper means.

Cal. *Civ. Code* §3426.1(a). A breach of contract is not one of the enumerated methods of misappropriation, and no improper means exists here, as Plaintiff merely alleges that the defendants participated in reverse engineering as a breach of contract. FAC, ¶17.

Not only is reverse engineering expressly excluded by the plain language of the California statute, there is no other duty cited or described by Plaintiff in the FAC that would provide an alternative basis for relief. Instead of a trade secret misappropriation, Plaintiff should allege, and has actually alleged (FAC, ¶¶16-20), a breach of contract claim for the purported reverse engineering in violation of contractual terms. *See Docmagic, Inc., v. Ellie Mae, Inc.*, 745 F.Supp.2d 1119, 1148 (N.D.Cal. 2010) [asserting use of purported trade secrets in violation of contract as breach of contract claim but not as trade secret misappropriation]; *Meridian Project Systems, Inc. v. Hardin Construction Co., LLC*, 426 F.Supp.2d 1101, 1109 (E.D.Cal. 2006) [same].

Since the sole basis for the claim is alleged reverse engineering, this claim fails as a matter of law and should be dismissed without leave to amend. This is simply an attempt by the Plaintiff to repackage its simple breach of contract claim into a tort, which should not be countenanced by this Court, and having been given leave to amend once, Plaintiff has demonstrated an inability to plead a proper cause of action.

## CONCLUSION

For the reasons stated above, Defendants Arben Kryeziu and Code Rebel, LLC respectfully request that this Court grant their motion to dismiss the Third Cause of

1  Action for failure to state a claim against them pursuant to *Federal Rule of Civil*
2  *Procedure* 12(b)(6) without leave to amend.

3  DATED: November 14, 2011          QUINTANA LAW GROUP
4                                    A Professional Law Corporation

6                             By: _____
7                                    Andres F. Quintana, Esq.
                                      John M. Houkom, Esq.
8                                    Attorneys for Defendants Code Rebel,
9                                    LLC and Arben Kryeziu