Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone:  (818) 914-2100
Facsimile:   (818) 914-2101
E-mail:  andres@qlglaw.com
             john@qlglaw.com

Attorneys for Defendants Code Rebel,
LLC and Arben Kryeziu

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA CONNECT, a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CODE REBEL, LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  CV11-5764 RSWL (MANx)<br><br>**DECLARATION OF JOHN M. HOUKOM IN SUPPORT OF DEFENDANTS ARBEN KRYEZIU AND CODE REBEL, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Motion filed concurrently herewith; [Proposed] Order lodged concurrently herewith] |

## DECLARATION OF JOHN M. HOUKOM

I, JOHN M. HOUKOM, declare and state as follows:

1. I am an attorney licensed to practice law in California and attorney at the Quintana Law Group, APC, attorneys of record for Defendants Code Rebel, LLC and Arben Kryeziu in the above-entitled case. I have first-hand, personal knowledge of the facts stated herein, and if called upon as a witness, could and would competently testify thereto. This declaration is made in support of Defendants Arben Kryeziu and Code Rebel, LLC's Motion to Dismiss First Amended Complaint (the "Motion").

2. This declaration is made to evidence compliance with the meet and confer requirements of the Local Rules for of the United States District Court for the Central District of California, L.R. 7-3.

3. On November 1, 2011, my office transmitted, by mail and email, a substantive meet and confer letter to counsel for Plaintiff Aqua Connect, Inc., Mr. Michael K. Hagemann, Esq. ("Hagemann"), which laid out the legal and factual basis for the Motion, and invited Mr. Hagemann to further meet and confer with counsel for the moving parties regarding the issues laid out therein. A true and correct copy of the November 1, 2011 meet and confer correspondence to Mr. Hagemann is attached hereto as Exhibit B, and a true and correct copy of the email transmitting that correspondence to Mr. Hagemann is attached hereto as Exhibit A.

4. Later on November 1, 2011 and into November 2, 2011, Mr. Hagemann and my office exchanged several emails regarding the legal basis for the Motion, the end-result being that Mr. Hagemann indicated he would oppose the Motion. A true and correct copy of the emails exchanged is attached hereto as Exhibit C.

///
///
///

Quintana Law Group, APC

1  I declare under penalty of perjury under the laws of the State of California and
2  the United States of America, that the foregoing is true and correct.
3  Executed this 14th day of November, 2011, in Calabasas, California.

*[signature]*

JOHN M. HOUKOM

# EXHIBIT "A"

## John Houkom

| | |
|---|---|
| **From:** | Andres Quintana |
| **Sent:** | Tuesday, November 01, 2011 4:02 PM |
| **To:** | mhagemann@mkhagemann.com |
| **Cc:** | John Houkom |
| **Subject:** | Aqua Connect v. Code Rebel, et al. |
| **Attachments:** | 2011-11-01 ltr to Hagemann.pdf |

Please see the attached letter.

Andres F. Quintana, Esq.
**Quintana Law Group, APC**
26135 Mureau Road, Suite 101
Calabasas, California 91302
Direct Phone: (818) 914-2104
Fax: (818) 914-2101
Email: andres@qlglaw.com

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

Treasury Circular 230 Disclosure -- In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code. If this communication contains any U.S. tax advice that is used or referred to in the promoting, marketing, or recommending to another party any transaction or matter addressed herein, this communication should be construed as written to support the promoting, marketing or recommending of the transaction or matter addressed by this communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by us on disclosure of the tax treatment or tax structure of the transaction or matter.

# EXHIBIT "B"



A PROFESSIONAL LAW CORPORATION

26135 MUREAU ROAD, SUITE 101
CALABASAS, CALIFORNIA 91302
P 818.914.2100  F 818.914.2101
www.qlglaw.com

November 1, 2011

Writer's Direct Information
Andres F. Quintana, Esq.
(818) 914-2100
andres@qlglaw.com

File No. 10151

**VIA E-MAIL AND U.S. MAIL**

Michael K. Hagemann, Esq.
1801 Century Park East, Suite 2400
Century City, California 90067

Re: **Aqua Connect, Inc. v. Code Rebel, LLC et al. –**
U.S. District Court, Central District of California, Case No. 11-5764 RSWL
Meet and Confer Pursuant to L.R. 7-3 Re: F.R.C.P. 12 Motions

Dear Mr. Hagemann:

On behalf of Defendants Code Rebel, LLC and Arben Kryeziu (collectively, the "Defendants"), I am writing to you in an effort to potentially avoid the need to file another motion to dismiss pursuant to Rule 12(b)(6) and for a more definite statement pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure* in connection with the First Amended Complaint you filed on October 24, 2011. Specifically, the claim of "misappropriation of trade secrets" continues to be premised on alleged "reverse engineering," which the courts have consistently ruled does not constitute trade secret misappropriation (*Sears, Roebuck & Co. v. Stiffel Co.* (1964) 376 U.S. 225). This position was echoed by Judge Lew in his September 26, 2011 Order: "Under the California Civil Code, however, reverse engineering cannot be the only allegation of 'improper' use in an action for misappropriation of trade secrets."

*Offer Of Immediate Further Meet And Confer.*

Please be aware that the deadline for Defendants to file the contemplated motion to dismiss and for a more definite statement is November 14, 2011. Therefore, if you desire to further meet and confer on this matter, such conference must take place as soon as possible. Either my colleague John Houkom, Esq. or I will be available all afternoon and evening today (1:30 p.m. – 10:00 p.m.), all day and evening tomorrow (Wednesday; 9:00 a.m. – 10:00 p.m.), Thursday afternoon and evening (November 3, 2011; 12:00 noon – 5:00 p.m. and 7:00 p.m. – 10:00 p.m.), and Friday afternoon and evening (November 4, 2011; 11:30 a.m.—3:30 p.m. and 6:30 p.m. – 11:00 p.m.), to discuss this matter on the telephone.

If, for any reason, you wish to further meet and confer on these issues but are unable to do so at the offered times, we are willing to stipulate to a brief extension of time to file a responsive pleading in this matter so as to provide you with additional time to prepare a response to this letter. However, if we have not heard from you by the close of business on *Friday,*

RELATIONSHIP BUILDING



A PROFESSIONAL LAW CORPORATION
www.qlglaw.com

Michael K. Hagemann, Esq.
November 1, 2011
Page 2

*November 4, 2011* (at 5:00 p.m.), we will have to assume that you disagree with the contents this letter and you client intends to continue with the pursuit of its trade secret misappropriation claim under the First Amended Complaint, and will have no choice but to file a motion to dismiss for failure to state a claim pursuant to F.R.C.P. 12(b)(6), and for a more definite statement pursuant to F.R.C.P. 12(e) on *Monday, November 14, 2011*.

I look forward to your anticipated, prompt response.

Sincerely,

Andres F. Quintana, Esq.
QUINTANA LAW GROUP, APC

RELATIONSHIP BUILDING

# EXHIBIT "C"

# John Houkom

| | |
|---|---|
| **From:** | Michael K. Hagemann [mhagemann@mkhagemann.com] |
| **Sent:** | Wednesday, November 02, 2011 11:33 PM |
| **To:** | Andres Quintana |
| **Cc:** | John Houkom |
| **Subject:** | RE: Aqua Connect v. Code Rebel, et al. |

Andres,

Civil Code section 3426.1(a) says, "...Reverse engineering or independent derivation alone shall not be considered improper means." Note the "alone" part. Also, take a look at CACI 4405. "Kryeziu misappropriated Aqua Connect's trade secret[s] by acquisition if Kryeziu acquired the trade secret[s] and knew or had reason to know that Code Rebel, LLC used improper means to acquire it." (with party names filled in). See, also, CACI 4406 and 4407.

I think your motion simply has no merit. I was very careful that my complaint made it explicit we are alleging misappropriation under several different CACI theories. Compare my complaint to CACI's 4405, 4406, and 4407.

Let me ask you this question. Microsoft and Oracle enter into a trade secret agreement. An employee of Microsoft sells Oracle's trade secret. Does the employee have personal liability? I think the answer is obvious.

Again, what is your end-game on this? To be frank with you, this is such a minor point. I think we could both agree that if we can prove reverse engineering, Code Rebel and Kryeziu are liable for damages and enrichment. Let's not lose sight of the elephant in the room.

Sincerely,
Michael K. Hagemann
www.mkhagemann.com
(310) 499-4695

---

**From:** Andres Quintana [mailto:andres@qlglaw.com]
**Sent:** Tuesday, November 01, 2011 8:20 PM
**To:** Michael K. Hagemann
**Cc:** John Houkom
**Subject:** RE: Aqua Connect v. Code Rebel, et al.

Michael –

As follow-up to my previous email, are you relying upon *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) for the proposition that "reverse engineering in violation of a contract is actionable"? Are there other cases upon which you rely?

Thank you, Andres

Andres F. Quintana, Esq.
**Quintana Law Group, APC**
26135 Mureau Road, Suite 101
Calabasas, California 91302
Direct Phone: (818) 914-2104
Fax: (818) 914-2101
Email: andres@qlglaw.com

1

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

Treasury Circular 230 Disclosure -- In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code. If this communication contains any U.S. tax advice that is used or referred to in the promoting, marketing, or recommending to another party any transaction or matter addressed herein, this communication should be construed as written to support the promoting, marketing or recommending of the transaction or matter addressed by this communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by us on disclosure of the tax treatment or tax structure of the transaction or matter.

---

**From:** Andres Quintana
**Sent:** Tuesday, November 01, 2011 8:07 PM
**To:** Michael K. Hagemann
**Cc:** John Houkom
**Subject:** RE: Aqua Connect v. Code Rebel, et al.

Michael —

"However, reverse engineering in violation of a contract is actionable." [COMMENT: are there cases you are relying upon? If so, I would like to see the citation(s) so that we can reconsider our motion.]

Thanks, Andres

Andres F. Quintana, Esq.
Quintana Law Group, APC
26135 Mureau Road, Suite 101
Calabasas, California 91302
Direct Phone: (818) 914-2104
Fax: (818) 914-2101
Email: andres@qlglaw.com

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

Treasury Circular 230 Disclosure -- In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code. If this communication contains any U.S. tax advice that is used or referred to in the promoting, marketing, or recommending to another party any transaction or matter addressed herein, this communication should be construed as written to support the promoting, marketing or recommending of the transaction or matter addressed by this communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by us on disclosure of the tax treatment or tax structure of the transaction or matter.

**From:** Michael K. Hagemann [mailto:mhagemann@mkhagemann.com]
**Sent:** Tuesday, November 01, 2011 6:00 PM
**To:** Andres Quintana
**Cc:** John Houkom
**Subject:** RE: Aqua Connect v. Code Rebel, et al.

I agree that "naked" reverse engineering is not actionable. However, reverse engineering in violation of a contract is actionable.

Your motion for a more definite statement was denied. I look forward to your argument regarding how the first amended complaint is materially more "confusing" than the original complaint. I intend to invoke the issue preclusion doctrine.

What's your end-game here? Delay? I thought you wanted to litigate this case.

Sincerely,
Michael K. Hagemann
www.mkhagemann.com
(310) 499-4695

---

**From:** Andres Quintana [mailto:andres@qlglaw.com]
**Sent:** Tuesday, November 01, 2011 4:02 PM
**To:** mhagemann@mkhagemann.com
**Cc:** John Houkom
**Subject:** Aqua Connect v. Code Rebel, et al.

Please see the attached letter.

Andres F. Quintana, Esq.
**Quintana Law Group, APC**
26135 Mureau Road, Suite 101
Calabasas, California 91302
Direct Phone: (818) 914-2104
Fax: (818) 914-2101
Email: andres@qlglaw.com


The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

Treasury Circular 230 Disclosure -- In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code. If this communication contains any U.S. tax advice that is used or referred to in the promoting, marketing, or recommending to another party any transaction or matter addressed herein, this communication should be construed as written to support the promoting, marketing or recommending of the transaction or matter addressed by this communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by us on disclosure of the tax treatment or tax structure of the transaction or matter.