1  Michael K. Hagemann (State Bar No. 264570)
2  1801 Century Park East
   Suite 2400
3  Century City, CA 90067
   Tel: (310) 499-4695
4  Fax: (310) 499-4796
   mhagemann@mkhagemann.com
5
   Attorney for Plaintiff
6  AQUA CONNECT, INC.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                 WESTERN DIVISION

11

12  AQUA CONNECT, INC., a Nevada      )  Case No.: CV11-5764 RSWL (MANx)
    Corporation,                      )
13                                    )
                                      )  **PLAINTIFF'S OPPOSITION TO**
14            Plaintiff,              )  **DEFENDANTS' MOTION TO DISMISS**
                                      )  **THE FIRST AMENDED COMPLAINT**
15                                    )  **FOR FAILURE TO STATE A CLAIM**
        vs.                           )
16                                    )
                                      )  Courtroom: 21
17  CODE REBEL LLC, a Hawaii Limited  )  Judge: Hon. Ronald S. W. Lew
    Liability Company; ARBEN KRYEZIU, )  Date: December 20, 2011
18  an individual; VLADIMIR BICKOV; and)  Time: 10:00 am
    DOES 1 through 300 inclusive,     )
19                                    )
                                      )  Complaint Filed: May 25, 2011
20            Defendants.             )
                                      )
21                                    )
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )
                                      )
25  _____ )

26

27

28
          PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Aqua Connect, Inc. hereby submits its opposition to Defendants' Arben Kryeziu and Code Rebel, LLC's Motion to Dismiss Complaint for failure to state a claim [Fed. R. Civ. P. 12(b)(6)] ("Motion to Dismiss").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendants gloss over the statutory language to arrive at their erroneous conclusion.  A breach of a duty not to reverse engineer is also a breach of a duty to maintain secrecy.  Further, Plaintiff alleges a misrepresentation.  Therefore, the Defendants' means of acquiring Plaintiff's trade secret was improper for two independent statutory reasons.

**II.    STATEMENT OF FACTS**

The allegations of the first amended complaint are as follows:

Plaintiff sells and markets software known as Aqua Connect Terminal Server ("ACTS").  (First Am. Compl. ¶ 6.)  On or around January 24, 2008, Vladimir Bickov, in his capacity as an agent of Code Rebel, LLC. ("Code Rebel") and at the behest of Arben Kryeziu, downloaded a trial version of ACTS.  (First Am. Compl. ¶ 7.)  In order to install the ACTS software, Bickov was required to agree to a written EULA.  (First Am. Compl. ¶ 8.)  Bickov agreed to the EULA on behalf of Code Rebel.  (*Id.*)  The EULA is attached to the Complaint as Exhibit 1.  (*Id.*)  Code Rebel and its agents also requested trial versions of subsequent versions of ACTS, and agreed to the EULAs in effect at the time which were materially the same as Exhibit 1.  (First Am. Compl. ¶ 9.)  In each EULA, Code Rebel agreed not to reverse engineer the ACTS software.  (First Am. Compl. ¶ 10.)  California law governs the EULA.  (First Am. Compl., Ex. 1.)

All defendants colluded to reverse engineer ACTS.  (First Am. Compl. ¶ 11.)  On or around June of 2009, Code Rebel began distributing a competing software product,

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

IRAPP TS, that was the result of the reverse engineering of ACTS, and Code Rebel continues to do so currently.  (First Am. Compl. ¶ 12.)  Defendants Kryeziu and Bickov have a long history of reverse engineering and/or misappropriating others' software.  (First Am. Compl. ¶ 13.)

## III.   ARGUMENT

Plaintiff's claim of trade secret misappropriation is a California claim governed by California substantive law.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  In California, trade secrets are governed by section 3426 et seq. of the California Civil Code.  There are four different types of misappropriation: acquisition, disclosure, use, and accidental disclosure/use.  Cal. Civ. Code § 3426.1(b); *Ajaxo Inc. v. E\*Trade Group Inc.*, 135 Cal.App.4th 21, 66 (Ct. App. 2005).  Plaintiff has alleged the first three, and only one is necessary to state a claim.

### a.   Defendants Have Misappropriated Plaintiff's Trade Secret By Acquisition

A defendant misappropriates a trade secret by acquisition if it, "[a]cqui[res] a trade secret of another [and] knows or has reason to know that the trade secret was acquired by improper means."  Cal. Civ. Code § 3426.1(b)(1).  Here, Defendants do not dispute Plaintiffs have adequately alleged that Defendants acquired Plaintiff's trade secret.  (First Am. Compl. ¶¶ 34-37.)  Rather, Defendants argue that the trade secret was not acquired by improper means.  (Mot. 3:6-7.)

A trade secret is acquired by improper means if it is acquired by, including but not limited to, "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means.  Reverse engineering or independent derivation alone shall not be considered improper means."  Cal. Civ. Code § 3426.1(a).   For three independent reasons, Plaintiff's trade secrets were acquired by Defendants using improper means.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1.     <u>Defendants Acquired Plaintiff's Trade Secret By Breaching A Duty</u>
<u>To Maintain Secrecy</u>

Plaintiff has pled that Defendants contractually agreed not to reverse engineer Plaintiff's software.  (First Am. Compl., Ex. 1 ("Licensee shall not reverse engineer, reverse compile or disassemble the Software, or otherwise attempt to derive the source code to the Software. Licensee shall have no right to, and shall not, sublicense any of its rights under this Agreement. Furthermore, Licensee agrees not to 'clean room design' the Software or publish any 'benchmarking' results of the Software.").)  Plaintiff has also pled that Defendants, in violation of the agreement, reverse engineered Plaintiff's software and distributed Plaintiff's trade secrets to others.   (First Am. Compl. ¶¶ 37, 38.)

The trade secret statute specifically enumerates, "breach [] of a duty to maintain secrecy," as an improper means.  Cal. Civ. Code § 3426.1(a).  "Secrecy," is defined as the condition of being hidden or concealed.  Merriam-Webster's Dictionary, <u>http://mw1.merriam-webster.com/dictionary/secrecy</u>, last accessed November 29, 2011. A contractual prohibition against reverse engineering is, in practice, also a prohibition against revealing hidden and concealed trade secrets contained in a product.  Revealing hidden or concealed secrets of a product is the *sine qua non* of reverse engineering.

In the computer software context, trade secrets are concealed by a computer process known as "compilation."  Compilation is the process whereby human-readable software code is converted to machine code by a compiler.  Merriam-Webster's Dictionary, <u>http://mw1.merriam-webster.com/dictionary/compiler</u>, last accessed November 29, 2011.  In order to read the code and unlock its secrets, a human must decompile the software.

2.     <u>Defendants Acquired Plaintiff's Trade Secret By Misrepresenting</u>
<u>Their Intent As They Downloaded Plaintiff's Software</u>

The trade secret statute also specifically enumerates, "misrepresentation," as an improper means.  Cal. Civ. Code § 3426.1(a).  Defendants acquired Plaintiff's software by promising not to reverse engineer Plaintiff's product, without ever having the intent of

1    honoring that promise.  (First Am. Compl. ¶¶ 23-32.)  Those allegations constitutes a
2    misrepresentation, and thus, an improper means.

3                    3.      Section 3426.1(a) of the California Civil Code Is A Non-Exhaustive
4                            List, And Reverse Engineering In Violation Of A Contract Fits The
5                            Definition

6         Section 3426.1(a) is not an exhaustive list.  Cal. Civ. Code § 3426.1(a).  In the
7    California Judicial Council's Civil Jury Instructions, the Council notes: "[t]he
8    Restatement of Torts, Section 757, Comment (f), notes: 'A complete catalogue of
9    improper means is not possible.'"  CACI 4408, Improper Means of Acquiring Trade
10   Secret.  Accordingly, the court can and should supplement the statutory list.  The fact that
11   the statue specifically notes, "reverse engineering [] alone shall not be considered
12   improper means," strongly implies that reverse engineering plus something else can be
13   improper means.  Cal. Civ. Code § 3426.1(a).  Otherwise, the word, "alone" would have
14   no purpose.  Reverse engineering in violation of a contract is the only plausible
15   "something else."  Anything else would be completely unrelated to reverse engineering
16   and would likely be an improper means standing alone.

17        b.    Defendants Have Misappropriated Plaintiff's Trade Secret By
18              Disclosure And Use

19        Unlike misappropriation by acquisition, misappropriation by disclosure or use
20   does not require that the trade secret was acquired by improper means.  Cal. Civ. Code §
21   3426.1(b)(2)(B)(ii), (iii).  Rather, there are two other options that do not require improper
22   means.

23                    1.      Plaintiff Has Properly Alleged A Violation Under Section
24                            3426.1(b)(2)(B)(ii) of the Civil Code

25        One formulation of misappropriation is, "disclosure or use of a trade secret of
26   another without express or implied consent by a person who [a]t the time of disclosure or
27   use, knew or had reason to know that his or her knowledge of the trade secret was

28

-4-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

[a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." Cal. Civ. Code § 3426.1(b)(2), (2)(B), (2)(B)(ii).  Here, Plaintiff alleges that:

> All defendants knew at all relevant times that the contract with Plaintiff prohibited reverse engineering.  [¶]  All defendants actively participated in improperly acquiring the Plaintiff's trade secret by reverse engineering in violation of said contract.  [¶]  Each and every defendant actively participated in the disclosure of said trade secrets for personal monetary gain by selling the trade secrets to third parties.

(First Am. Compl. ¶¶ 36-38.)

The existence of the reverse engineering prohibition is a, "circumstance giving rise to a duty to maintain its secrecy or limits its use."  Accordingly, the above allegations are sufficient to establish a violation under section 3426.1(b)(2)(B)(ii) of the California Civil Code.

### 2.   Plaintiff Has Properly Alleged A Violation Under Section 3426.1(b)(2)(B)(iii) of the Civil Code

The second formulation of misappropriation is, "disclosure or use of a trade secret of another without express or implied consent by a person who [a]t the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was [d]erived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use."  Here, as discussed above, Plaintiff alleges that:

> All defendants knew at all relevant times that the contract with Plaintiff prohibited reverse engineering.  [¶]  All defendants actively participated in improperly acquiring the Plaintiff's trade secret by reverse engineering in violation of said contract.  [¶]  Each and every defendant actively participated in the disclosure of said trade secrets for personal monetary gain by selling the trade secrets to third parties.

(First Am. Compl. ¶¶ 36-38.)

The contractual duty to not reverse engineer is a, "duty to the person seeking relief to maintain its secrecy or limit its use."  Accordingly, the above allegations are sufficient to establish a violation under section 3426.1(b)(2)(B)(iii) of the California Civil Code.

### c.   The "Reverse Engineering" Cases Cited By Defendants Are Inapposite

Defendants tacitly argue that California's Uniform Trade Secret's Act is

-5-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

preempted by Federal Law.  (Mot. 7:16-24.)  In support, Defendants have taken one sentence out of context from *Entertainment Research Group, Inc.  Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997). The entire paragraph reads:

> "In this regard, it is important to note that "reverse-engineering" is perfectly legal in a product not protected by a patent. [citations omitted]. Accordingly, **by not requiring the purchasers of its costumes to sign non-disclosure agreements**, ERG gave up any ability it may have had to claim that the manufacturing and design information disclosed to Genesis was "confidential in nature."

> *Id.* at 1227-28 (emphasis added.)

Here, Plaintiff did require its customers to sign an agreement not to reverse engineer.  Further, Defendants purported interpretation is in direct conflict with *Altera Corp.  Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (parties can contractually waive the statutory right to reverse engineer semiconductors).

Plaintiff is unable to locate Defendants' cited proposition in *DocMagic, Inc. DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119 (N.D. Cal. 2010).  Page 1149 of the opinion discusses copyright infringement and one sentence about the Computer Fraud and Abuse Act ("CFAA").  There was a motion to dismiss a trade secret claim discussed earlier in the opinion, but it was denied.  *Id.* at 1146.

Plaintiff did a search for the word "trade," "secret," and "misappropriation" in *Meridian Project Sys.*, and none of those words are contained in the opinion.  *Meridian Project Sys. v. Hardin Constr. Co., L.L.C.*, 426 F. Supp. 2d 1101 (E.D. Cal. 2006). *Meridian Project Sys.* is a contract/copyright case and has nothing to do with trade secret. *Id.*  Plaintiff is perplexed as to why it was cited by Defendants.  It certainly doesn't support the cited proposition.  (Mot. 8:13-17.)

**d.    The Implications Of Defendants' Proposed Interpretation Of The Statute Leads To An Unpalatable Result**

The following hypothetical illustrates the fallacy of Defendants' position:

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Company A signs an agreement with Company C wherein Company A provides software to Company C in exchange for a promise not to reverse engineer the software. Unknown to Company A, Company C is insolvent.  Employee K, CEO and sole shareholder of Company C, reverse engineers the Company A software, and starts a new company.  Under Defendants' interpretation of the California trade secret statute, Company A has no remedy against Employee K.  The contract is with Company C, and Company C is insolvent.  Such an outcome is surely not what the California legislature intended.

## IV.   **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' motion to dismiss. If the Court is inclined to grant the motion to dismiss on any of the ground, Plaintiff requests leave to amend its complaint.

DATED:  November 29, 2011

By: /s/ Michael K. Hagemann
Michael K. Hagemann
Attorney for Plaintiff, AQUA CONNECT, INC.