Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
E-mail: andres@qlglaw.com
  john@qlglaw.com

Attorneys for Defendants Code Rebel,
LLC and Arben Kryeziu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA CONNECT, a Nevada Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>CODE REBEL, LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV, an individual; and DOES 1 through 10, inclusive,<br><br>  Defendants Kryeziu and Code Rebel. | CASE NO. CV11-5764 RSWL (MANx)<br><br>**DEFENDANTS ARBEN KRYEZIU AND CODE REBEL, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(b)(6)]**<br><br>Date: December 20, 2011<br>Time: 10:00 a.m.<br>Courtroom: 21<br>Judge: Hon. Ronald S. W. Lew<br><br>Complaint filed: May 25, 2011 |

Quintana Law
Group, APC

Plaintiff Aqua Connect, Inc. ("Plaintiff") Opposition to Defendants' Motion to Dismiss the First Amended Complaint for Failure to State a Claim (the "Opposition") attempts to characterize Plaintiff's allegations regarding the actions of Code Rebel, LLC ("Code Rebel"), Arben Kryeziu ("Kryeziu," or collectively with Code Rebel, the "Moving Defendants"), and the as-yet unserved Defendant Vladimir Bickov ("Bickov") as something more what than allegations of the First Amended Complaint ("FAC") actually state. Despite these efforts, the simple fact remains that the Plaintiff has failed to state a claim for trade secret misappropriation, and that cause of action should be dismissed by this Court pursuant to *Federal Rule of Civil Procedure* 12(b)(6), without leave to amend.

Plaintiff makes three basic arguments in the Opposition, all of which are unavailing. First, Plaintiff argues that the Moving Defendants alleged reverse engineering constitutes "misappropriation by acquisition," despite the clear statutory language exempting reverse engineering, the exact 'wrong' alleged by the Plaintiff, from the definition of "improper means." Thus, Plaintiff has failed to allege an element necessary to this form of trade secret misappropriation, and the motion should be granted.

Plaintiff also argues that, should this Court find that the reverse engineering alleged by the Plaintiff cannot support a claim of "misappropriation by acquisition," the Court should nonetheless deny the Motion to Dismiss, because Plaintiff's claim could support recovery for misappropriation by either "disclosure" or "use." In both instances, Plaintiff contends that the FAC supports such a claim, but close review of that pleading reveals that, despite Plaintiff's contentions in the Opposition, the FAC dies not support either theory. Moreover, Plaintiff is bound by its assertions regarding how the Moving Defendants allegedly acquired the purported trade secrets, and those allegations are inconsistent with these supposedly 'alternative' bases for finding trade secret misappropriation.

Finally, Plaintiff presents a hypothetical situation, to support a contention that

Quintana Law Group, APC

2

some other party, in some other situation, might have an unjust result if this Court were to apply the existing law. Not only is that incorrect, it is irrelevant to the issues currently before this Court, and the Moving Defendants' motion should be granted.

## ARGUMENT

### I. THE PLAINTIFF'S CLAIM OF TRADE SECRET MISAPPROPRIATION CANNOT STAND ON THE ALLEGATION OF REVERSE ENGINEERING.

Plaintiff spends an inordinate portion of the Opposition focusing on its contention that, despite unambiguously alleging that the defendants, including the Moving Defendants, acquired the purported trade secrets through "reverse engineering" (FAC, ¶¶11-14, 17, 24, 26, 29, 36, 37), and despite the fact that the California Uniform Trade Secrets Act ("CUTSA"), California *Civil Code* §3426 *et seq.*, defines "misappropriation" of a trade secret as the acquisition or use of trade secrets through "improper means," and further states that:

> "Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means. Reverse engineering or independent derivation alone shall not be considered improper means.

Cal. *Civ. Code* §3426.1(a).

According to Plaintiff's reasoning, although the relevant code section states that the activity alleged by the Plaintiffs in the FAC "shall not be considered" an improper means required to establish a claim for misappropriation of trade secret, this Court should consider it an improper means nonetheless, and deny the Moving Defendants' motion to dismiss.

Despite attempts to undermine the cases cited by the Moving Defendants,[1]

---

[1] For example, Plaintiff attempts to equate the entrance into a non-disclosure agreement with the alleged entrance into Plaintiff's pro forma license agreement. Opposition, p. 6, l. 4-11. However, Plaintiff does not allege, nor could it, that the Moving Defendants, or any of the defendants, actually

Plaintiff fails, in its Opposition, to cite to cases that actually support its proposition that, regardless of the express statutory language to the contrary, this Court should find that Plaintiff's allegations that the purported trade secrets were acquired through reverse engineering is sufficient to state a claim for trade secret misappropriation. The Moving Defendants respectfully submit that this issue was already decided in this case by this Court, as stated in the September 26, 2011 Order. *See* September 26, 2011 Order, p. 21, l. 23 – p. 22, l. 21.

Moreover, even if this issue had not been previously briefed by the parties and decided by this Court, the Moving Defendants would still be entitled to a dismissal of this claim, because the Plaintiff has failed to state a claim upon which it might be granted relief, due to its reliance on reverse engineering.

## II. THE PLAINTIFF'S RELIANCE ON THE CONCEPTS OF DISCLOSURE AND USE BELIE THE ACTUAL ALLEGATIONS OF THE PLAINTIFF'S FIRAST AMENDED COMPLAINT.

While the cause of action for misappropriation of trade secret is focused on the acquisition of the purported trade secrets by reverse engineering (*see* FAC, ¶37), Plaintiff's Opposition further argues, for the first time, that as an alternative to improper acquisition, Plaintiff is also pursuing a claim of misappropriation of trade secret under two new theories: disclosure of trade secrets, and use of trade secrets.

The Opposition includes arguments in favor of finding a sustainable claim has been alleged on both of those bases using the same language from the FAC, that "[e]ach and every defendant actively participated in the disclosure of said trade secrets for personal monetary gain by selling the trade secrets to third parties." *See* Opposition, p. 5, l. 4-6 (disclosure); p. 5, l. 20-22 (use).

Each of these bases is unavailing because, at a fundamental level, Plaintiff's own allegations of reverse engineering by the defendants, which Plaintiff is bound by, establishes that the Moving Defendants did not distribute or use Plaintiff's

---

entered into a non-disclosure agreement.

purported trade secrets alleged in the FAC. Instead of "disclosing" or "using" the Plaintiff's purported trade secrets (as contemplated by the CUTSA), Plaintiff's FAC alleges that the Moving Defendants derived information through reverse engineering (FAC, ¶¶12-13), and that reverse engineered information was then "used" and/or "distributed" by the Moving Defendants.

It is Plaintiff's own allegations, which this Court assumes to be true in the context of a motion to dismiss, which prevent the Court from finding that there has been misappropriation by "disclosure" or "use," because the information disclosed or used is information obtained by the Moving Defendants through the alleged reverse engineering, *i.e.*, not Plaintiff's actual purported trade secrets. Further, since the Moving Defendants allegedly acquired the information supposedly "disclosed" or "used" through the statutorily appropriate act of reverse engineering, it is not Plaintiff's secret, let alone Plaintiff's trade secret, and there are no statutory restrictions on the Moving Defendants' use of reverse engineered information.

Moreover, upon further review of the FAC, it is also obvious that the Plaintiff does not, in fact, make an allegation in this cause of action that there was an improper "use" of the purported trade secrets by the Moving Defendants, as the language cited by the Plaintiffs clearly refer to the alleged "disclosure" of said information, and the Moving Defendants respectfully submit that no claim has been stated for the purported misappropriation of trade secrets by use.[2]

On the other hand, the Plaintiff's assertion that a claim based on the disclosure of purported trade secrets has been properly pled requires more careful consideration, given the Plaintiff's use of the word "disclosure" in paragraph 38 of the FAC, but review of the FAC in its entirety makes it clear that no claim has been

---

[2] This assumes that such a claim even *could* be made, given the ultimate source of the information, according to the FAC, being reverse engineering. Regardless, Plaintiff did not present any relevant case law demonstrating the appropriateness of a "use" claim in the context of reverse engineering.

Quintana Law Group, APC

5

properly asserted on that basis either.

Only when that allegation, naked as it is of supporting facts, is read in context with the factual allegations of the FAC, located at Paragraphs 12 and 13, does it become clear that the only "distribution" alleged in the FAC is Defendant Code Rebel's alleged "distributing [of] a competing software product, IRAPP TS, that was the result of the reverse engineering of" Plaintiff's software program. Nowhere in the FAC does the Plaintiff allege that the Moving Defendants, or any other defendant for that matter, actually distributed the Plaintiff's purported trade secrets, nor could it.

The Plaintiff's allegation of "disclosure" at Paragraph 38 of the FAC is therefore nothing more than the naked recitation of a legal conclusion, bereft of factual allegations in support, or to be more exact, contrary to the factual allegations actually made. As the United States Supreme Court has made clear, a plaintiff must provide "more than labels and conclusions," and must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Further, even if the Plaintiff had alleged the misappropriation of trade secrets by "use," which it did not, or by "disclosure," which it did not, those theories arise under California *Civil Code* §§3426.1(b)(2)(B)(ii) and (iii), both of which rely on the existence of a legal "duty" to "maintain its secrecy or limit its use." Such a duty arises from a fiduciary duty or employment agreement, not from a simple contract, let alone a contract of adhesion like the one alleged in the FAC. *See Ali v. Fasteners for Retail, Inc.* (E.D.Cal. 2008) 544 F.Supp.2d 1064, 1070 (allowing CUTSA claim to proceed in context of fiduciary relationship. Therefore, even if the Plaintiff had properly pled "disclosure" or "use" of Plaintiff's trade secrets, which it did not, neither of those theories would support the maintenance of a claim for misappropriation of trade secret due to the lack of the necessary duty.

Here, then, the Plaintiff has failed to state a claim on either of the two, newly-

minted theories of trade secret misappropriation, and the Moving Defendants motion to dismiss should be granted.

### III. THE PLAINTIFF'S OPPOSITION RECOUNTS AN IRRELEVANT, AND INCOMLETE, HYPOTHETICAL.

Finally, Plaintiff lays out an incomplete hypothetical, asserting that the California legislature could not have intended there to be "no remedy" against an individual employee of an "insolvent" contracting corporation. Plaintiff's hypothetical is inconsistent with even the facts alleged in the FAC, and has no bearing on the issues before this Court.

Plaintiff argues that the intent of the legislature could not be for there to be no recourse against a hypothetical individual, because his assumed acts don't fit into the legal requirements for misappropriation of trade secret under California law. In the instant case, however, Plaintiffs have pled *four* additional claims against each of the Moving Defendants in its FAC on the *same* factual basis: breach of contract (FAC, ¶¶15-22); false promise (FAC, ¶¶23-32); unfair business practices (FAC, ¶¶43-46); and, unjust enrichment. FAC, ¶¶47-49. None of those claims are the subject of Moving Defendants motion to dismiss, so it is nonsensical to argue about a lack of recourse against the Moving Defendants.

Finally, even if the Court were to consider Plaintiff's hypothetical, standing for the proposition that someone else, at some other time, might get an inequitable result because of the language adopted by the California legislature, that contention does not lead to the Plaintiff's preferred implication, that this Court should therefore ignore the existing statutory language. There is no doubt that how statutes are drafted may lead to inequitable results in some situations, but that does not mean the plain language of the statute is disregarded. Moreover, even if ignoring the statute were an option, which it isn't, there is no argument here that dismissing one of the Plaintiff's five claims would result in any inequity to the Plaintiff, and the Moving Defendants' motion to dismiss should be granted.

## CONCLUSION

For the reasons stated above, Defendants Arben Kryeziu and Code Rebel, LLC respectfully request that this Court grant their motion to dismiss the Third Cause of Action for failure to state a claim against them pursuant to *Federal Rule of Civil Procedure* 12(b)(6) without leave to amend.

DATED: December 6, 2011

QUINTANA LAW GROUP
A Professional Law Corporation

By: _____
Andres F. Quintana, Esq.
John M. Houkom, Esq.
Attorneys for Defendants Code Rebel, LLC and Arben Kryeziu

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 26135 Mureau Road, Suite 101, Calabasas, California 91302.

On December 6, 2011, I served the document described as

**DEFENDANTS ARBEN KRYEZIU AND CODE REBEL, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FED.R.CIV.P. 12(b)(6)]**

on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on December 6, 2011, at Calabasas, California.

_____
John Houkom

## Service List

Kichael K. Hagemann, Esq.
1801 Century Park East, Suite 2400
Century City, California 90067

*Attorney for Plaintiff AQUA CONNECT, INC.*
Quintana Law Group, APC