O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA CONNECT, INC., a Nevada Corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>CODE REBEL, LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV, an individual; and DOES 1 through 300, inclusive,<br><br>       Defendants. | CV 11-5764-RSWL (MANx)<br><br>**ORDER re: Defendants Arben Kryeziu and Code Rebel, LLC's Motion to Dismiss First Amended Complaint for Failure to State a Claim [25]** |

     Before the Court is Defendants Arben Kryeziu and Code Rebel, LLC's (hereinafter collectively referred to as "Movants") Motion to Dismiss First Amended Complaint for Failure to State a Claim [25].  This Motion was set for hearing on December 20, 2011 and taken under submission on December 9, 2011.  Having reviewed all the papers and arguments submitted pertaining to this Motion, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

     The Court hereby **GRANTS** Movants' Motion to Dismiss

1

First Amended Complaint for Failure to State a Claim.

## I. BACKGROUND

On May 25, 2011, Plaintiff Aqua Connect, Inc. ("Plaintiff") filed this Action against Defendants Code Rebel, LLC, Arben Kryeziu, and Vladimir Bickov in the Superior Court of California, County of Los Angeles [1]. The original Complaint had seven different claims. On July 13, 2011, the Action was removed to this Court [1].

On July 20, 2011, in response to the original Complaint, Movants filed a motion to dismiss this case based on lack of personal jurisdiction and failure to state a claim for four of the seven claims [5]. On September 26, 2011, this Court issued an Order denying in part and granting in part the Movants' motion to dismiss [18]. This Court denied Movants' motion as it pertained to personal jurisdiction and Plaintiff's False Promise claim. This Court granted, however, with leave to amend, Movants' motion to dismiss as to Plaintiff's third, fourth, and seventh claims, which were claims for inducing breach of contract, misappropriation of trade secrets, and fraudulent transfer, respectively.

On October 20, 2011, Plaintiff filed its First Amended Complaint ("FAC") [23]. In its FAC, Plaintiff dropped its inducing breach of contract and fraudulent transfer claims. However, Plaintiff made alterations to its misappropriation of trade secret claim, which is

the third claim in Plaintiff's FAC.

On November 14, 2011, Movants filed the present Motion to Dismiss First Amended Complaint [25]. Movants only request that the Court dismiss Plaintiff's misappropriation of trade secret claim.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. Fed. R. Civ. P. 12(b)(6); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A party need not, however, state the legal basis for his claim, only the facts underlying it. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).

In the present Motion, Defendant has moved the Court to dismiss Plaintiff's Misappropriation of Trade Secret Claim. In its FAC, Plaintiff alleges that Movants downloaded a trial version of Plaintiff's Aqua Connect Terminal Server software ("ACTS") and subsequently reverse engineered ACTS in violation of the End User License Agreement ("EULA"), which Movants had to agree to in order to use the trial version of ACTS. Plaintiff alleges that Movants misappropriated the trade secrets within ACTS and used that information to create and distribute a competing software product.

To state a cause of action for misappropriation of a trade secret under California law, a plaintiff must

plead that (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff. Civ. Code § 3426.1; Cytodyn, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (Ct. App. 2008). "Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means," but "[r]everse engineering or independent derivation alone shall not be considered improper means." Civ. Code. § 3426.1(a); Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th 1658, 1666 (Ct. App. 2003).

    This Court finds that the FAC does not support a legally cognizable trade misappropriation claim because the only improper means pled in the FAC is reverse engineering, which according to California law, "shall not be considered improper means" by itself. Plaintiff argues that the EULA form contract and its alleged breach by Movants can legally convert the alleged reverse engineering into an "improper means" of acquiring Plaintiff's trade secret. The Court finds, however, that Plaintiff's argument lacks merit. Justice Moreno in his concurrence to a California Supreme Court decision, states that "nowhere has it been recognized that a party wishing to protect proprietary information may employ a consumer form

4

1 contract to, in effect, change the statutory definition
2 of 'improper means' under trade secret law to include
3 reverse engineering, so that an alleged trade secret
4 holder may bring an action." <u>DVD Copy Control Ass'n,</u>
5 <u>Inc. v. Bunner</u>, 31 Cal. 4th 864, 901 n.5 (2003)(Moreno,
6 J., concurring).

7     An analysis of the statutory language of the
8 California Uniform Trade Secret Act corroborates
9 Justice Moreno's concurrence.  Civil Code section
10 3426.1, subdivision (a) specifically states that
11 "[r]everse engineering alone shall not be considered
12 improper means."  Thus, from the plain language of the
13 statute, reverse engineering must be combined with some
14 other improper action in order for it to form the basis
15 of a cognizable misappropriation claim.  The
16 Legislative Committee Comments clarifies that the word
17 "alone" refers to the fact that the reverse engineered
18 item would have to be obtained "by a fair and honest
19 means, such as purchase of the item on the open market
20 for reverse engineering to be lawful."  Civil Code §
21 3426.1 (Legislative Committee Comment).  Accordingly,
22 reverse engineering is not an improper means of
23 acquiring trade secret information when defendants
24 acquire the item, from which the information is
25 derived, through fair and honest means.  Here, the
26 Court finds that the FAC is insufficiently pled because
27 it does not allege that the ACTS trial software was
28 obtained through unfair or dishonest means.  FAC ¶ 8

(alleging that Movants acquired ACTS by downloading a trial version of ACTS). Though a breach of the EULA may support a cognizable breach of contract claim, the Court finds that the mere presence of the EULA does not convert reverse engineering into an "improper means" within the definition of California trade secret law.

In the alternative, Plaintiff argues that a cognizable misappropriation of trade secret claim does not always require a pleading of "improper means." Plaintiff claims that the statutory language of the California Civil Code allows a person to be liable for misappropriation of a trade secret when that person discloses or uses a trade secret acquired (1) under circumstances giving rise to a duty to maintain secrecy or (2) derived from a person who owed a duty to maintain the secrecy of the trade secret. Civ. Code § 3426.1. Plaintiff argues that the EULA created a "duty to maintain secrecy," which was allegedly breached when Movants reverse engineered ACTS. The Court finds, however, that Plaintiff's argument lacks merit. California Court have found that this "duty to maintain secrecy" generally exists in the context of a fiduciary duty or an employment agreement to maintain the confidentiality of company trade secrets. See Ali v. Fasteners for Retail, Inc., 544 F. Supp. 2d 1064, 1070 (allowing a trade secret claim to proceed in the context of a fiduciary relationship); Ralph Andrews Prod., Inc. v. Paramount, Pictures Corp., 222 Cal. App.

3d 676, 682-83 (analyzing liability context of a competitor who hires a former employee of another company who is likely to disclose trade secrets).

On the contrary, California courts have not found that this "duty to maintain secrecy" arises from a form license agreement as Plaintiff pleads in the FAC. Confirming this notion is the fact that Plaintiff does not cite to any cases to support its proposition. Thus, the Court find that in order to support a legally cognizable claim, the FAC must plead that Movants "acquired, disclosed, or used the plaintiff's trade secret through improper means." <u>Cytodyn, Inc.</u>, 160 Cal. App. 4th at 297 (enumerating the required elements for a trade secret misappropriation claim).

Here, the Court finds that the FAC has only pled that Movants acquired Plaintiff's trade secret through "reverse engineering." As such, this Court finds that Plaintiff has not pled sufficient facts to support a cognizable trade secret misappropriation claim.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Movants' Motion to Dismiss First Amended Complaint for Failure to State a Claim. Accordingly, the Court hereby **DISMISSES** Plaintiff's Misappropriation of Trade Secret Claim, which is Plaintiff's Third Claim in its FAC, **without leave to amend.** The Court dismisses without leave to amend because the Court finds that no

///

additional facts can be alleged to support a legally cognizable misappropriation of trade secret claim.

**IT IS SO ORDERED.**

DATED: February 13, 2012

                                  RONALD S.W. LEW
                            —————————————————

                            **HONORABLE RONALD S.W. LEW**
                            Senior, U.S. District Court Judge