1
2                                                              O
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11
12  AQUA CONNECT, INC., a          )  CV 11-5764 (MANx)
    Nevada Corporation,            )
13                                 )  **ORDER re: Plaintiff's**
                   Plaintiff,      )  **Motion to Amend**
14                                 )  **Complaint and Remand**
         v.                        )  **Action [32]**
15                                 )
    CODE REBEL, LLC, a Hawaii      )
16  Limited Liability Company;     )
    ARBEN KRYEZIU, an              )
17  individual; VLADIMIR           )
    BICKOV, an individual; and     )
18  DOES 1 through 300,            )
    inclusive,                     )
19                                 )
                   Defendants.     )
20  ───────────────────────────────)

21       On April 6, 2012, Plaintiff Aqua Connect's
22  ("Plaintiff") Motion to Amend Complaint and Remand
23  Action came on for regular calendar before this Court
24  [32].  The Court having reviewed all papers submitted
25  pertaining to this Motion and having considered all
26  arguments presented to the Court, **NOW FINDS AND RULES**
27  **AS FOLLOWS:**
28  ///

                                  1

The Court hereby **DENIES** Plaintiff's Motion to Amend Complaint and Remand Action.

## I. BACKGROUND

This Action stems from a Complaint filed by Plaintiff Aqua Connect ("Plaintiff") against Defendants Code Rebel LLC ("Code Rebel"), Arben Kryeziu ("Kryeziu"), Vladimir Bickov, and Does 1 through 300 (collectively "Defendants") in Los Angeles Superior Court.  Plaintiff alleges that Defendants reverse engineered Plaintiff's software, known as Aqua Connect Terminal Server ("ACTS") and distributed an allegedly infringing software product.

On March 7, 2012, Plaintiff filed the present Motion to Amend Complaint and Remand Action ("Amend") [32].  Plaintiff primarily argues that this case should be remanded because it recently discovered that Moboware, Inc. ("Moboware") is distributing Defendant Code Rebel's allegedly reverse engineered software. Proposed Second Amended Complaint ("SAC") ¶¶ 16-17 [32-3].  However, if Plaintiff is permitted to join Moboware as a defendant, the Court would have to remand the case to state court given that diversity jurisdiction would be destroyed since Moboware and Plaintiff both have their principal places of business in California.  See SAC ¶¶ 1, 5.  Defendants Code Rebel and Kryeziu argue that remand is improper because Moboware should not be joined as a party in this case. ///

**II. LEGAL STANDARD**

In general, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, when granting leave to amend allows the post-removal joinder of a diversity-destroying defendant, a higher scrutiny is required as set forth in 28 U.S.C. § 1447(e). See Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999); IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (recognizing that diversity-destroying amendment is analyzed under § 1447(e) and requires higher scrutiny than does amendment generally).

In ruling on such a "diversity destroying" motion, courts look at a six factor test based on § 1447(e): (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; and (6) the strength of the claims against the new defendant. Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1020 (C.D. Cal. 2002).

**III. ANALYSIS**

In this Motion, Plaintiff seeks leaves to amend to join Moboware as an additional defendant. However, because the joinder of Moboware would destroy diversity jurisdiction, the Court considers the merits of Plaintiff's request under high scrutiny and subjects the request to the six factor test set forth in § 1447(e).

The first § 1447(e) factor looks at the extent that Moboware is needed for just adjudication. A party is a necessary party under Rule 19(a), when failure to join will lead to separate and redundant actions. IBC Aviation Services, 125 F. Supp. 2d at 1012. A party is not necessary, however, when the party is "only tangentially related to the cause of action or would not prevent complete relief." Id. Here, because Defendants Code Rebel and Kryeziu are jointly and severally liable with Moboware, the Court finds that complete relief is still available to Plaintiff even without the joinder of Moboware and that Moboware is not a necessary party within the meaning of Rule 19(a).

Furthermore, the Court finds that Moboware is "only tangentially related to the cause of action[s]" asserted by Plaintiff. At the heart of this Action is an allegation that Defendants: (1) conspired to reverse engineer Plaintiff's software, (2) breached an end user license agreement that forbid reverse engineering, and (3) created an infringing software with information

learned from the reverse engineering.  In the proposed Second Amended Complaint, however, Plaintiff primarily alleges that Moboware is a distributor of Defendant Code Rebel's software.  There is no allegation that Moboware aided in the creation of the allegedly infringing software or was in relationship with Defendants when Defendants allegedly breached the end user license agreement.  Therefore, the Court finds that Moboware is not a necessary party to this Action, and the first § 1447(e) factor does not support adding Moboware as a Defendant.

The second § 1447(e) factor looks at whether the statute of limitations would bar a future action against Moboware in state court if leave to amend is denied.  See Carnegie-Mellon Univ. v. Cohill, 484 US 343, 352 (1988).  Here, Plaintiff does not argue, nor does the Court find that the statute of limitations would bar a future state court action against Moboware.  Accordingly, this factor weighs in favor of denying Plaintiff's request to join Moboware as a defendant.  See Clinco, 41 F. Supp. 2d at 1083.

The third § 1447(e) factor looks at whether the request for leave to amend was made in a timely fashion.  Clinco, 41 F. Supp. 2d at 1083.  In the instant case, Plaintiff filed its First Amended Complaint on October 15, 2011, and made the Present request for leave to amend less than five months later on March 7, 2012.  The Court finds that the five-month

delay in requesting for leave to amend is not an unreasonable amount of time. Cf. Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983)(attempting to add a defendant four days before summary judgment was an unnecessary delay). Accordingly, the Court finds that the timeliness of the attempted amendment weighs in favor of allowing joinder.

The fourth § 1447(e) factor looks at "the motive of a plaintiff in seeking the joinder of an additional defendant." Clinco, 41 F. Supp. 2d at 1083 (quoting Desert Empire Bank v. Insurance Co. of North America, 623 F.2d at 1376). Motive is particularly important in removal jurisdiction cases, such as the present Action, where the consequences of joining a new defendant may defeat the court's jurisdiction. Id. In Clinco, the court "suspect[ed]" that plaintiff had joined the new defendants in an effort to defeat federal jurisdiction because plaintiff was aware of the removal and filed an amended complaint that was substantially similar to the original complaint with the exception of some editorial changes and the addition of the new defendants. See Clinco, 41 F. Supp. 2d at 1083.

Here, on August 10, 2011, Plaintiff's counsel had indicated to Defendants Code Rebel and Kryeziu that Plaintiff could potentially join twenty-two customers of Defendant Code Rebel as additional defendants in this Action. Decl. of John H. Houkom (Houkom Decl.) ¶

6

4. However, Plaintiff chose not to add any of those potential parties even when given the opportunity to do so when Plaintiff filed its First Amended Complaint on October 15, 2011. Moreover, Plaintiff filed the present Motion to join Moboware and to remand less than a month after the Court issued a ruling unfavorable to Plaintiff. More specifically, on February 13, 2012, the Court granted Defendants Code Rebel and Kryeziu's Motion to Dismiss Plaintiff's trade secret claim without prejudice. Like the <u>Clinco</u> court, the Court suspects that Plaintiff may have filed this Motion for improper forum-shopping purposes. As such, the Court finds that the fourth § 1447(e) factor does not weigh in favor of permitting joinder.

    The fifth § 1447(e) factor looks at any prejudice to a plaintiff that could result if joinder is denied. <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d at 691. Here, Defendants Code Rebel and Kryeziu remain parties to this Action as defendants and as a potential source for payment of damages. In addition, Plaintiff may depose Moboware and have its testimony preserved for trial, and Plaintiff may proceed against Moboware in state court. <u>See</u> <u>id.</u> ("[Plaintiff] would not suffer undue prejudice because he could subpoena [the defendant he seeks to join] to testify at trial, and if he so chose, he could still proceed separately against [the defendant he seeks to join] in state court"). Therefore, the Court finds that Plaintiff will not

suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder of Moboware. Therefore, the Court finds that the fifth § 1447(e) factor does not weigh in favor of joinder.

The final § 1447(e) factor considers the strength of claims against Moboware. The stronger the claim, the more likely that joinder will be permitted. Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (1999). Because the decision under § 1447(e) is a discretionary one, courts consider all issues that bear on the equities of allowing amendment. See Irizarry v. Marine Powers Int'l, 153 F.R.D. 12 (D. Puerto Rico 1994). Among these is whether a new claim sought to be added seems to have merit. See Goodman v. Travelers Ins. Co., 561 F. Supp. 1111, 1113-14 (N.D. Cal. 1983). Here, applying this § 1447(e) factor to the present case, the Court considers the strength of the four claims asserted against Moboware in the Proposed Second Amended Complaint.

First, the Court addresses Plaintiff's Trade Secret Misappropriation claim against Moboware. In this claim, Plaintiff alleges that Moboware is complicit for misappropriating trade secrets because Moboware allegedly distributes software that Defendant Code Rebel has itself misappropriated. This Court, however, finds that Plaintiff's trade misappropriation claim against Plaintiff lacks merit because it is inextricably linked to a trade secret misappropriation

claim against Defendant Code Rebel, which the Court has already dismissed with prejudice. See Sep. 26, 2011 Order, pp. 21-22 [18]; Feb. 13, 2011 Order, pp. 3-7 [30].

Second, the Court addresses Plaintiff's allegations that Moboware induced breach of contract by partnering with Defendant Code Rebel to distribute the reverse engineered product. SAC ¶ 17. Upon review, the Court finds that this claim against Moboware lacks merit. Under California Law, a party cannot induce a breach of contract after another party has already breached the contract. Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126 (1990). Here, Plaintiff alleges that Defendants breached their contract with Plaintiff by reverse engineering Plaintiff's software sometime prior to June 2009. Plaintiff, however, asserts that the relationship between Defendant Code Rebel and Moboware "began very recently, and was not in operation when the complaint was filed" on May 25, 2011. As such because Defendant Code Rebel's relationship with Moboware postdates the alleged reverse engineering, the Court finds that Moboware could not have likely induced the alleged breach of contract under California Law. Hence, the Court finds that Plaintiff's second claim against Moboware is weak on the merits.

Finally, the Court address Plaintiff's last two claims against Moboware for Unfair Competition and Unjust Enrichment. To support these two claims,

Plaintiff alleges that Moboware is profiting at the expense of Plaintiff's research and development and has thus, engaged in unfair competition.  Further, Plaintiff alleges that unjust enrichment is a stand-alone cause of action in California and is not preempted by the misappropriation of trade secrets claim.  Upon review, however, the Court finds that these two claims against Moboware lack merit because they rest on factual allegations of trade secret misappropriation.  See Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 835 (2005)("every cause of action is factually dependent on the misappropriation allegation").  As stated above, the trade secret misappropriation claim against Moboware is not a legally cognizable claim.  Thus, the Court finds that Plaintiff cannot maintain either the unfair competition or the unjust enrichment claim, because there is no underlying wrong alleged in the SAC which could form the basis for these claims.

In all, because all four claims Plaintiff has asserted against Moboware are weak on the merits, the Court finds that the final § 1447(e) factor, which considers the strength of claims against Moboware, does not weigh in favor of joining Moboware in this Action.

## IV. CONCLUSION

The Court ultimately has discretion to decide whether to allow Plaintiff to join Moboware as a defendant in this action.  Upon review, the Court finds

that five out of the six § 1447(e) factor factors weigh heavily against joining Moboware as an additional defendant.  Analysis of these factors show that: (1) Moboware is only tangentially related to the Plaintiff's claims; (2) an action against Moboware in State Court would not be time-barred; (3) Plaintiff's motive to join Moboware should be suspected to solely defeat diversity jurisdiction; (4) Plaintiff will not suffer undue prejudice; and (5) the claims against Moboware are weak on the merits.  As such, in applying its discretion, the Court finds that joining Moboware in this Action is not appropriate.  Therefore, the Court, in its discretion, **DENIES** Plaintiff's request to join Moboware.

**IT IS SO ORDERED.**

DATED: April 27, 2012

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge