O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA CONNECT, INC., a Nevada Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>CODE REBEL, LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV, an individual; and DOES 1 through 300, inclusive,<br><br>            Defendants. | CV 11-5764 (MANx)<br><br>**ORDER re: Defendants Code Rebel LLC and Arben Kryeziu's Motion for Sanctions Pursuant to Federal Rules of Civil Procedure, Rule 11(b) and 28 U.S.C. § 1927 [36]** |

On May 18, 2012, Defendants Code Rebel LLC and Arben Kryeziu's ("Movants") Motion for Sanctions Pursuant to Federal Rules of Civil Procedure, Rule 11(b) and 28 U.S.C. § 1927 came on for regular calendar before this Court [32]. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

1    The Court hereby **DENIES** Movants' Motion for
2 Sanctions.  As a preliminary matter, in its Opposition,
3 Plaintiff objects to paragraphs three and four of the
4 supplemental declaration of John Houkom as hearsay and
5 lacking personal knowledge.  The Court finds that these
6 objections are misguided and **OVERRULES** Plaintiff's
7 objections.
8    As to the merits, Movants primarily argue that
9 Plaintiff should be sanctioned because Plaintiff
10 included, in its Proposed Second Amended Complaint
11 ("SAC"), an allegedly frivolous claim that was
12 previously dismissed by this Court without leave to
13 amend.  In its Opposition, Plaintiff, however, contends
14 that it only included this previously dismissed claim
15 for misappropriation of trade secrets for the purpose
16 of preserving the issue on appeal.  In analyzing
17 whether Plaintiff's filings are sanctionable under Rule
18 11, the Court must determine whether Plaintiff's
19 actions were objectively reasonable.  <u>Zaldivar v. City</u>
20 <u>of Los Angeles</u>, 780 F.2d 823, 830 (9th Cir. 1986).
21 "The pleader, at a minimum, must have a 'good faith
22 argument' for his or her view of what the law is, or
23 should be."  <u>Id.</u>
24    The Court finds that Plaintiff was objectively
25 reasonable in including a previously dismissed
26 misappropriation claim in its Proposed SAC.  The Ninth
27 Circuit has held that a Plaintiff can replead any claim
28 that a district court has previously dismissed with

1  prejudice in order to preserve the right to appeal a
2  dismissal.  <u>Detabali v. St. Luke's Hosp.</u>, 482 F.3d
3  1199, 1204 (9th Cir. 2007).  Here, Plaintiff's
4  repleading of a claim that the Court dismissed without
5  leave to amend may appear to be in direct violation of
6  the Court's prior ruling.  However, in light of Ninth
7  Circuit precedent which allows repleading of dismissed
8  claims, the Court finds that Plaintiff's actions did
9  not violate the "objectively reasonable" threshold that
10 would warrant sanctions against Plaintiff pursuant to
11 Rule 11.
12      In addition, Movants argue that Plaintiff should be
13 issued sanctions because it can be inferred that
14 Plaintiff sought joinder of Moboware for improper forum
15 shopping purposes.  As support, Movants argue that each
16 proposed allegation against Moboware is frivolous.
17 Here, the Court finds that Plaintiff's Motion to Amend
18 was not objectively baseless and made "without a
19 reasonable and competent inquiry.  <u>Townsend v. Holman</u>
20 <u>Consulting Corp.</u>, 929 F.2d 1358, 1362 (9th Cir. 1990).
21 Though the Court denied Plaintiff's Motion to Amend,
22 Plaintiff's Motion, nevertheless, applied the correct
23 legal standards, made a legally coherent argument, and
24 ultimately cannot be found to rise to the level of an
25 incompetent and baseless inquiry that merits sanctions.
26 Accordingly, the Court **DENIES** Movants' request for
27 sanctions against Plaintiff.
28      Finally, in Opposition to this Motion for

1 Sanctions, Plaintiff makes its own request for
2 sanctions against Movants for failing to meet and
3 confer as required by Local Rule 7-3.  The Court finds
4 this request without merit and **DENIES** Plaintiff's own
5 request for sanctions.
6     In sum, for the foregoing reasons, the Court **DENIES**
7 Movants' Motion for Sanctions Pursuant to Federal Rules
8 of Civil Procedure, Rule 11(b) and 28 U.S.C. § 1927.
9 The Court also **DENIES** Plaintiff's own request for
10 sanctions that Plaintiff made in its Opposition to this
11 Motion.

**IT IS SO ORDERED.**
DATED: June 6, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

4