Michael K. Hagemann (SBN 264570)
1801 Century Park East, Suite 2400
Century City, California 90067
Telephone: (310) 499-4695
Facsimile: (310) 499-4796
E-mail: mhagemann@mkhagemann.com

Attorneys for Plaintiff Aqua Connect, Inc.

Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone:  (818) 914-2100
Facsimile:  (818) 914-2101
E-mail: andres@qlglaw.com
         john@qlglaw.com

Attorneys for Defendants Code Rebel, LLC
And Arben Kryeziu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUA CONNECT, a Nevada Corporation,<br><br>        Plaintiff,<br><br>      vs.<br><br>CODE REBEL, LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV, an individual; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.  CV11-5764 RSWL (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

///

1   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

2   the parties' [Proposed] Stipulated Protective Order ("Stipulation") filed on May 9,

3   2012, the terms of the protective order to which the parties have agreed are adopted

4   as a protective order of this Court (which generally shall govern the pretrial phase of

5   this action) except to the extent, as set forth below, that those terms have been

6   substantively modified by the Court.

7   The parties are expressly cautioned that the designation of any information,

8   document, or thing as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY,"

9   "HIGHLY CONFIDENTIAL – SOURCE CODE," or other designation(s) used by

10  the parties, does not, in and of itself, create any entitlement to file such information,

11  document, or thing, in whole or in part, under seal.  Accordingly, reference to this

12  Protective Order or to the parties' designation of any information, document, or thing

13  as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "HIGHLY

14  CONFIDENTIAL – SOURCE CODE," or other designation(s) used by the parties, is

15  wholly insufficient to warrant a filing under seal.

16  There is a strong presumption that the public has a right of access to judicial

17  proceedings and records in civil cases.  In connection with non-dispositive motions,

18  good cause must be shown to support a filing under seal.  The Court has stricken

19  their good cause statement, because a specific showing of good cause or compelling

20  reasons (see below) for filing under seal, **with proper evidentiary support and**

21  **legal justification**, must be made with respect to each document or item designated

22  as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "HIGHLY

23  CONFIDENTIAL – SOURCE CODE," or other designation(s) used by the parties,

24  which a party seeks to have filed under seal.  The parties' mere designation of any

25  information, document, or thing as "CONFIDENTIAL," "ATTORNEYS' EYES

26  ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or other designation(s)

27  used by parties, does not -- **without the submission of competent evidence, in the**

28  **form of a declaration or declarations, establishing that the material sought to be**

**filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

///

///

///

///

///

3

## TERMS AND CONDITIONS OF PROTECTIVE ORDER

**Definitions.**

1. "CONFIDENTIAL" Information or Items:  Information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2. Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Protective Order.

3. Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

4. Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5. Confidential Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

6. Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who:  (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is neither a past or current employee of any Party or of any Party's competitor, nor a person who worked on the design or programming of any of the software at issue in this case; and (3) at the time of retention, is not anticipated to become an employee of any Party or of any Party's competitor or anticipated to work on the design or programming of any of the software at issue in this case.

7. "ATTORNEYS' EYES ONLY":   Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

8. "HIGHLY CONFIDENTIAL – SOURCE CODE":   Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

9. House Counsel:  Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

10. Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

11. Outside Counsel of Record:   Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

12. Party:  Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

13. Producing Party:   A Party or Non-Party that produces disclosure or discovery material in this action.

14. Professional Vendors:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits

or demonstrations; and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15. Protected Material:   Any disclosure or discovery material that is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

16. Receiving Party:   A Party that receives Disclosure or Discovery Material from a Producing Party.

**A. <u>Materials That May Be Designated Confidential.</u>**

1.   Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either during initial disclosures or in response to discovery requests in this litigation by any Party, any information copied or extracted from Protected Material, and all copies, excerpts, summaries, or compilations of Protected Material,  may be designated by a Producing Party as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order.

The designations "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to Confidential Discovery Materials which the Producing Party reasonably believes not to be in the public domain and to contain any trade secret or other confidential, private, proprietary, or competitively sensitive information.   "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" material shall not include information that was, is, or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

**<u>Procedures for Designating Discovery Materials as Confidential.</u>**   Any

1    Confidential Discovery Materials that are to be designated "CONFIDENTIAL,"
2    "ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL – SOURCE
3    CODE" may be so designated by the Producing Party by:  (i) stamping
4    "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or "HIGHLY
5    CONFIDENTIAL – SOURCE CODE" on the Confidential Discovery Materials; or
6    (ii) by furnishing a separate written notice to the undersigned counsel for the Party
7    receiving such Confidential Discovery Materials at the time of their production or as
8    soon thereafter as practicable (but in no event more than ten business days after
9    production of such Confidential Discovery Materials), specifically identifying the
10   documents or materials as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY,"
11   and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" and by providing copies of
12   the documents, material, or information so designated.

13        A Party or Non-Party that makes original documents or materials (except for
14   Source Code) available for inspection need not designate them for protection until
15   after the inspecting Party has indicated which material it would like copied and
16   produced.  During the inspection and before the designation, all material made
17   available for inspection shall be deemed **"CONFIDENTIAL,"** "ATTORNEYS'
18   EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE."  After the
19   inspecting Party has identified the documents it wants copied and produced, the
20   Producing Party must determine which documents or materials, or portions thereof,
21   qualify for protection under this Protective Order.  Then, before producing the
22   specified documents or materials, the Producing Party must affix the appropriate
23   legend ("CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or **"HIGHLY**
24   **CONFIDENTIAL – SOURCE CODE"**) to each page that contains Protected
25   Material or designate it as such in writing as described in the immediately preceding
26   paragraph. If only a portion or portions of the material on a page qualifies for
27   protection, the Producing Party also must clearly identify the protected portion(s)

28

7

1   (*e.g.*, by making appropriate markings in the margins) and must specify, for each
2   portion, the level of protection being asserted.

3       All designations of Confidential Discovery Materials as "CONFIDENTIAL,"
4   "ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL – SOURCE
5   CODE" in this case must be made in good faith.  Any party who either objects to any
6   such designation, or who, by contrast, requests still further limits on disclosure (such
7   as *in camera* review in extraordinary circumstances), may at any time prior to the
8   trial of this action serve upon counsel for the designating person or party a written
9   notice stating with particularity the grounds of the objection or request.  If agreement
10  cannot be reached promptly, counsel for the objecting party may seek appropriate
11  relief from the Court in accordance with Local Rule 37, and the party asserting
12  confidentiality shall have the burden of proving same.

13      Inadvertent production of or failure to designate any information as
14  "CONFIDENTIAL",  "ATTORNEYS'  EYES  ONLY,"  and/or  "HIGHLY
15  CONFIDENTIAL – SOURCE CODE" shall not be deemed a waiver of the
16  Producing Party's claim of confidentiality as to such information, and the Producing
17  Party may thereafter designate such information as confidential as appropriate.

18      The Parties shall serve a copy of this Protective Order simultaneously with any
19  discovery request made to a Non-Party in this action.

20      For testimony given in deposition, the Designating Party may identify on the
21  record, before the close of the deposition, hearing, or other proceeding, all protected
22  testimony and specify the level of protection being asserted.  When it is impractical
23  to identify separately each portion of testimony that is entitled to protection and it
24  appears that substantial portions of the testimony may qualify for protection, the
25  Designating Party may invoke on the record (before the deposition is concluded) a
26  right to have up to Twenty One (21) days to identify the specific portions of the
27  testimony as to which protection is sought and to specify the level of protection
28  being  asserted.   Only those portions of the testimony that are appropriately

designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A) are present at **the deposition**.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall further give the other Parties notice if they reasonably expect a deposition to elicit "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" testimony.  If the response to a deposition question requires the disclosure of "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" testimony, the Designating Party may ask all persons who are not authorized to hear that testimony to leave the deposition room during said testimony. In the event the Parties cannot agree as to when all persons who are not authorized to hear the "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" testimony are to leave the deposition room, then all persons who are not authorized to hear the "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" testimony shall leave the deposition room upon request of the Designating Party.  The witness may answer any pending question eliciting the "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" testimony shall continue in absence of the unauthorized parties.  The Non-Designating Party may challenge a designation of "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

CODE" in accordance with paragraph D, below. Once that portion of the deposition calling for the disclosure of "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" testimony or information is over, **any person** previously excluded by the Designating Party who **was not** authorized to hear the "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" testimony may return to the deposition room, subject to subsequent and further exclusion by the Designating Party, as discussed above.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

For information produced in some form other than documentary **form** and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**B.  Permissible Uses of Confidential Discovery Materials.**

Any person or Party subject to this Protective Order who receives from any other person or Party any Confidential Discovery Materials that is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or "HIGHLY

CONFIDENTIAL – SOURCE CODE" pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Materials to anyone else except as expressly permitted hereunder.

Confidential Discovery Materials designated as "CONFIDENTIAL" may be disclosed *only* to the following categories of persons:

1. the Parties to this action and Protective Order, including their employees;

2. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

3. its author, its addressee, and any other person indicated on the face of the document as having received a copy;

4. any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

5. stenographers engaged to transcribe depositions conducted in this action and their support personnel;

6. the Court and its personnel; and

7. as required by law or court order upon notice to the Designating Party sufficiently in advance of such disclosure to permit it to seek a protective order.

By contrast, Confidential Discovery Materials designated as "ATTORNEYS' EYES ONLY" may be disclosed *only* to the categories of persons identified in subparagraphs (2) – (7) above.  To be clear, the Parties to this action shall ***not*** have access to Confidential Discovery Materials designated as "ATTORNEYS' EYES ONLY."

By further contrast, Confidential Discovery Materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed *only* to the categories of persons identified in subparagraphs (2) – (7) above. To be clear, the Parties to this action shall *not* have access to Confidential Discovery Materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

Prior to any disclosure of any Discovery Materials designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to any Expert referred to in subparagraph (4) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto, stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request produce it to opposing counsel either prior to such person being permitted to testify or at the conclusion of the case, whichever comes first.

## C. <u>Procedures for Approving or Objecting to Disclosure of "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Information or Items to Experts.</u>

Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any information or item that has been designated "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph B, above, first must make a written request to the Designating Party that: (1) identifies the general categories of "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence or primary place of business; (3) attaches a copy of the Expert's current resume; (4) identifies the Expert's current

employer(s); (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with any litigation, at any time during the preceding five years; and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in the Local Rules, if applicable, seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

### D. <u>Challenging Confidentiality Designations.</u>

(a)   <u>Timing of Challenges.</u>   Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed.

(b)   <u>Meet and Confer.</u>   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c)   <u>Judicial Intervention.</u>   If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain

confidentiality under Local Rule (and in compliance with Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.   In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### E. Source Code.

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, private, proprietary, or potential trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraph C, above.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth above in this Protective Order whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are:  (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); (2) necessary for deposition; or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.  The nature of the source code at issue in a particular instance may warrant additional protections or restrictions.  For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

**F. <u>Documents Not Under Seal.</u>**

The Parties acknowledge that this Order creates no entitlement to file Confidential Discovery Materials under seal.  Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file materials under seal.  No person or party subject to the Protective Order other than the Producing Party shall disclose any of the Confidential Discovery Materials designated by the Producing Party and/or the Designating Party as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" to any other person whomsoever, except with written permission from the Designating Party or with a court order secured after appropriate notice to all interested persons. Accordingly, at any time prior to trial of this action, any party wishing to submit to

the Court any Confidential Discovery Materials must submit an application to do so in accordance with Local Rule 79-5.1 and must submit such Confidential Discovery Materials under seal.

### G. **Procedures Upon Termination of Action and Duration.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice or (2) the entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within 60 days after the final disposition of this action, as defined hereinabove, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain

Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**H. <u>Reservation of Rights.</u>**

This Protective Order shall not affect the right of any Party or person subject to this Protective Order to oppose production of Confidential Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  Moreover, this Protective Order shall not affect the scope of discovery by any Party that is not otherwise proper under the Federal Rules of Civil Procedure.

Nothing in this Protective Order shall prejudice the right of any Party or person subject to this Protective Order to move the Court to broaden or restrict the rights of access to and use of particular Confidential Discovery Materials, or to seek modifications of this Protective Order upon due notice to all other Parties and affected or protected persons.

All persons governed by this Protective Order, by reviewing Confidential Discovery Materials, or seeking the protections of this Protective Order, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Protective Order, or for any action for contempt for violation of the terms of this Protective Order.

///
///
///
///
///
///
///
///
///

By **having stipulated** to the entry of this Protective Order, no Party **has waived** any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party **has waived** any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

DATED:  August 10, 2012

_____

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on August 10, 2012, in Case No. CV 11-5764 RSWL (MANx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____