UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aqua Connect, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Code Rebel LLC, Arben Kryeziu, Vladimir Bickov, and Does 1 through 300 inclusive, <br><br> Defendants. | CV 11-5764 RSWL (MANx) <br><br> **ORDER Re: Plaintiff's Motion To Amend Complaint [58]** |

Before the Court is Plaintiff Aqua Connect, Inc.'s ("Plaintiff") Motion to Amend Complaint [58]. The Motion was set for hearing on January 9, 2013, and taken under submission on January 2, 2013 [72]. Having reviewed all the papers and arguments submitted pertaining to these Motions, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Plaintiff's Motion.

Federal Rule of Civil Procedure 15(a) provides that once the time frame to amend a pleading as a matter of course has lapsed, a party may amend its pleading only

1

by obtaining leave of the court. Fed. R. Civ. P. 15(a); <u>Lone Star Ladies Invest. Club v. Schlotzskys Inc.</u>, 238 F.3d 363, 367 (5th Cir. 2001). Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Courts consider the following factors that alone, or in combination, may justify denying a motion for leave to amend: undue prejudice to the opposing party, undue delay, bad faith or dilatory motive, futility of amendment, and whether the movant has previously amended a pleading. <u>See</u> <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003).

 Plaintiff seeks to amend its First Amended Complaint ("FAC") so that it could change Defendant Vladimir Bickov's name to Volodymyr Bykcov a/k/a Vladimir Bickov and remove the DOE defendants. Plaintiff also seeks to change the operative contract identified in its FAC, the End User License Agreement ("EULA"), which applied to users who purchased Plaintiff's software, to another similar agreement called the Trial EULA, which applied to users who were evaluating Plaintiff's software prior to purchasing it.

 The Court finds that on balance the above-mentioned factors weigh in favor of granting Plaintiff's present request for leave to amend.

 As to the factor of undue delay or dilatory motive, the Court finds that this factor weighs in favor of Plaintiff's request for leave to amend. Undue delay

2

and/or dilatory motive is typically found when the party seeking leave to amend knew of the facts and information supporting the basis for the amendment early in the litigation. Acri v. Int'l Assoc. of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986); Matter of Beverly Hills Bancorp, 752 F.2d 1334, 1338 (9th Cir. 1984). Although Defendants bemoan the fact that this amendment comes eighteen months after the filing of Plaintiff's initial complaint, it appears that Plaintiff did not discover that Defendants agreed to the Trial EULA, rather than the EULA, until the early stages of discovery.

Second, as to prejudice to the opposing party, the Court finds that granting Plaintiff's Motion at this stage will unlikely cause prejudice to Defendants. Prejudice must be substantial in order to justify denial of leave to amend. Morongo Band of Mission Indians, 893 F.2d 1074, 1079 (9th Cir. 1990). Plaintiff produced the Trial EULA in July 2012, and Defendants have been able to conduct discovery on it since then. Presently, the discovery cut-off in this Action is not until March 11, 2013, during which Defendants can conduct further discovery on the Trial EULA if necessary. Further, the expert cut-off in this Action is not until May 10, 2013, and the motions cut-off is not until June 7, 2013.

Further, the Trial EULA and the EULA both contain provisions forbidding reverse engineering, which forms

the basis of all of Plaintiff's claims, and the provisions contain similar language.  The Trial EULA states, "Licensee shall not, nor shall it permit, assist, or encourage any third party to: . . . (d) reverse engineer, decompile, disassemble or otherwise attempt to derive the source code for the Software. . . ."  The EULA states, "Licensee shall not reverse engineer, reverse compile or disassemble the Software, or otherwise attempt to derive the source code to the Software."  Defendants have not indicated how this different language materially changes the claims in this Action.  Nevertheless, Defendants still have time to analyze the differences between the EULA and the Trial EULA to prepare for their defense.

However, the Court will allow Plaintiff to file the proposed amended complaint found in **Exhibit B** attached to its Motion to Amend Complaint [58] only.  The proposed amended complaint attached as Exhibit A contains a misappropriation of trade secrets claim against Defendant Bickov, using the same exact language that Plaintiff had used in its FAC, that was previously dismissed by the Court without leave to amend.

In its FAC, Plaintiff alleges that Defendants downloaded a trial version of Plaintiff's ACTS and subsequently reverse engineered ACTS in violation of the EULA, which Defendants had to agree to in order to use the trial version of ACTS.  Plaintiff alleges that Defendants misappropriated the trade secrets within

4

ACTS and used that information to create and distribute a competing software product. In the FAC, the misappropriation of trade secrets claim was pled as to all Defendants in this Action, including Bickov.

The Court dismissed Plaintiff's Misappropriation of Trade Secret claim in its February 13, 2012 Order [30]. In the Order, the Court held that to state a cause of action for misappropriation of a trade secret under California law, a plaintiff must plead that (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff. Civ. Code § 3426.1; Cytodyn, Inc. v. Amerimmune Pharm., Inc., 160 Cal. App. 4th 288, 297 (2008). The Court reasoned that the FAC did not "support a legally cognizable trade misappropriation claim because the only improper means pled in the FAC is reverse engineering, which according to California law, 'shall not be considered improper means' by itself." Order at 4. The Court dismissed the claim without leave to amend because the Court found that no additional facts can be alleged to support a legally cognizable misappropriation of trade secret claim. Id. at 7-8. Here, the proposed Second Amended Complaint contained in Exhibit A to Plaintiff's Motion contains the identical misappropriation of trade secrets claim that was already dismissed. Plaintiff has not pled any new facts in the proposed Second

5

Amended Complaint that would cause the Court to reconsider its previous order. If the Court allows Plaintiff to amend its complaint with Exhibit A, Defendants will likely bring a motion to dismiss. The proposed amended complaint found in Exhibit B conforms with this Court's prior orders because it omits the misappropriation of trade secrets claim.

Finally, Defendants sought attorney's fees as a condition of allowing Plaintiff to file an amended complaint. However, the Court finds that Defendants' claim to attorney's fees is without merit. Defendants cite to Section 1717 of the California Civil Code, which awards attorney's fees to the prevailing party in a breach of contract action where the contract itself provides for attorney's fees. However, under subdivision (b)(2) of Section 1717, "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." Cal. Civ. Code § 1717; Del Cerro Mobile Estates v. Proffer, 87 Cal. App. 4th 945, 947 (2001) (Defendant, the prevailing party, was not entitled to attorney's fees on breach of contract claim that plaintiff voluntarily dismissed). Here, Plaintiff is not admitting that Defendants have prevailed on the EULA and there was not adjudication on the merits where the Court found that Defendants prevailed on the EULA. The EULA is apparently not even the agreement that Defendants signed. At most,

Plaintiff is voluntarily dismissing its claims based on the EULA, which means Defendants are not entitled to attorney's fees under Section 1717. Defendants have not cited to any authority that would allow for recovery of attorney's fees in this situation where Plaintiff is merely amending its complaint to reflect the actual end-user agreement that Defendants and Plaintiffs signed.

Based on the foregoing reasons, Plaintiff's Motion for Leave Amend Complaint is **GRANTED**. Plaintiff shall manually file with the Clerk's Office **Exhibit B** to its Motion to Amend Complaint [58] **within 20 days of this order**.

**IT IS SO ORDERED.**

DATED: January 17, 2013

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge