Michael K. Hagemann (State Bar No. 264570)
1801 Century Park East
Suite 2400
Century City, CA 90067
Tel: (310) 499-4695
Fax: (310) 499-4796
mhagemann@mkhagemann.com

Attorney for Plaintiff
AQUA CONNECT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AQUA CONNECT, INC., a Nevada Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CODE REBEL LLC, a Hawaii Limited Liability Company; ARBEN KRYEZIU, an individual; VLADIMIR BICKOV; and DOES 1 through 300 inclusive, <br><br> Defendants. | Case No.: CV11-5764 RSWL (MANx) <br><br> **PLAINTIFF'S EX PARTE APPLICATION TO STRIKE AND/OR ADVANCE AND DENY DEFENDANTS' MOTION RE SPOILATION [105] BECAUSE IT (1) VIOLATES L.R. 7-3, (2) A SIMILAR MOTION IS ALREADY PENDING IN FRONT OF THE MAGISTRATE JUDGE [F.R.C.P. 72(A)], (3) AND IT IS A DISCOVERY MOTION THAT SHOULD BE HEARD BY THE MAGISTRATE JUDGE** <br><br> *[Filed concurrently with Declaration of Michael K. Hagemann; [Proposed] Order]* <br><br> Courtroom: 21 <br> Judge: Hon. Ronald S. W. Lew <br> Date: N/A <br> Time: N/A <br><br> Complaint Filed: May 25, 2011 <br><br> Trial Date: August 13, 2013 |

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION RE SPOILATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Plaintiff Aqua Connect, Inc. hereby applies to the Court ex parte for an Order striking or advancing and denying Defendants' Motion for Sanctions for Spoliation of Evidence.

The basis for this ex parte application is that Defendants have patently violated the Local Rule 7-3.  Also, Defendants have filed a similar motion in front of the Magistrate Judge which is currently pending [91], that motion requests a remedy inconsistent with the one requested in the more recent motion, and that this motion is simply an end-run around the requirements of Rule 72(a) of the Federal Rules of Civil Procedure.  Finally, this motion is mislabeled and is actually a discovery motion that should be heard by the Magistrate Judge (and is being heard, as explained above and below).

Ex parte relief is appropriate because the motion is procedurally defective on three independent grounds, and Plaintiff and this Court should not be required to incur the expense and burden of briefing this motion on the merits.

The name, address, and telephone number of counsel for all parties are as follows:

Andres F. Quintana
John M. Houkom
QUINTANA LAW GROUP, APC
26135 Mureau Road, Suite 101
Calabasas, CA 91302
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
*Attorney for Defendants Code Rebel, LLC, Arben Kryeziu, and Vladimir Bickov*

Counsel for Defendants Code Rebel, LLC, Arben Kryeziu, and Vladimir Bickov received e-mail notice of this ex parte application on June 8, 2013 at 9:38 a.m. as explained in the Declaration of Michael K. Hagemann.

DATED:  June 8, 2013

By: /s/ Michael K. Hagemann
Michael K. Hagemann
Attorney for Plaintiff, AQUA CONNECT, INC.

-1-
PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION RE SPOILATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants' motion states there was a meet-and-confer on May 29, 2013, but the declaration of Defendants' counsel shows that there was none.  Defendants' counsel simply states he sent a letter on May 29, 2013 (only nine days before their motion was filed).  This fails to meet the requirement of Local Rule 7-3, even if the letter constitutes a full and proper meet-and-confer, which it does not.

More importantly, there is a pending ex parte application in front of the Magistrate Judge in which Defendants are seeking to compel production of the executables at issue.  The application has been fully briefed, but there has been no ruling.  This motion is simply an end-run around Rule 72(a) of the Federal Rules of Civil Procedure.

On the merits, Defendants' motion is a complete farce.  No information was really lost.  What Defendants are claiming was spoiled is something that can be recreated by compiling the source code provided by Plaintiff.  Defendants are simply trying to shift the cost of preparing their case to Plaintiff.  Further, in an attempt to frighten Plaintiff into acceding to Defendants' demand to bear the cost of compiling the software, Defendants propose a draconian remedy.  This motion should be heard, and is already being heard [91], by the Magistrate Judge as to whether Plaintiff or Defendants should bear the cost of compiling Plaintiff's source code.

**II.   STATEMENT OF FACTS**

Defendants have filed six other noticed motions in this action.  (Docket Nos. [5], [25], [36], [80], [86], [102].)  They have never taken the position that sending a letter constitutes an adequate meet-and-confer for the purposes of Local Rule 7-3.  (*Id.*)

On May 29, 2013, Defendants filed an ex parte application with the Magistrate to "compel production of executable files, or in the alternative, to compel the amendment of Plaintiff's Supplemental Response to Defendant Code Rebel's Written Request for Production of Documents Number 14." (App. [91].)  Plaintiff filed their opposition on May 30, 2013.  (Opp'n [92].)  The Magistrate Judge has not yet ruled.  (Ct.'s Docket.)

On September 12, **2012**, Plaintiff told Defendants it had produced every responsive document.  (Ex. 1 [92-2], filed May 30, 2013.)  Plaintiff further supplemented its response to Request for Production Number 14 on September 14, **2012** to make it clear that it wasn't producing executables.   (Ex. D, [91-1 p. 27], filed May 29, 2013.)

Plaintiff's position regarding the executables has already been fully briefed. (Opp'n [92].)

## III.    ARGUMENT

There is no dispute that Defendants have failed to comply with Local Rule 7-3 because the alleged meet-and-confer took place only nine days before the motion was filed.  However, upon review of the declaration in support, it is clear there was never a meet-and-confer.  Rather, Defendants sent a letter, and before Plaintiff could respond, Defendants filed their motion.

More troubling, Defendants have already filed a very similar ex parte application with the Magistrate.  Plaintiff vigorously opposed Defendants' ex parte application.  The Magistrate has not yet ruled on that application.  Therefore, this motion is an end-run around Rule 72(a) of the Federal Rules of Civil Procedure.  Defendants must wait for the ruling before challenging it.  Fed. R. Civ. P. 72(a).

Finally, no evidence was lost.  Rather, this motion is simply a mislabeled discovery motion about which party should bear the cost of recreating the executables by compiling the source code that Plaintiff has already given access to Defendants.  To scare Plaintiff into bearing this burden, Defendants are threatening a draconian remedy if Plaintiff dare even oppose Defendants' demand.

## IV.    CONCLUSION

For the foregoing reasons, the Court should strike and/or advance and deny Defendants' motion for sanctions for spoliation of evidence.

DATED:  June 8, 2013

By: /s/ Michael K. Hagemann
Michael K. Hagemann
Attorney for Plaintiff, AQUA CONNECT, INC.

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION RE SPOILATION