UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aqua Connect,<br><br>            Plaintiff,<br><br>     vs.<br><br>Code Rebel, LLC; Arben Kryeziu; Volodymyr Bykov;, and DOES 1 through 10,<br><br>            Defendants. | CV 11-05764 RSWL (MANx)<br><br>**ORDER RE: DEFENDANT CODE REBEL, LLC'S MOTION FOR LEAVE TO FILE COUNTERCLAIMS** [86] |

Currently before the Court is Defendant Code Rebel, LLC's ("Code Rebel") Motion for Leave to File Counterclaims against Plaintiff Aqua Connect ("Plaintiff") [7].  The Court, having considered all papers, arguments submitted and heard pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

Code Rebel's Motion is **DENIED.**

### I.   INTRODUCTION

Plaintiff brings this Action against Defendants Code Rebel, Arben Kryeziu, and Volodymyr Bykov (collectively "Defendants"), alleging that Defendants

1

wrongfully reverse engineered Plaintiff's Aqua Connect Terminal Server ("ACTS") software and subsequently produced and distributed a competing software product, IRAPP TS, in violation of California law [77]. Code Rebel, who has already served its Answer in this case [31, 85], presently seeks leave of Court to file three libel-based and three antitrust-based counterclaims against Plaintiff as a result of information that Code Rebel allegedly learned during discovery [86]. For the reasons set forth below, the Court **DENIES** Defendant's Motion for Leave to File Counterclaims.

## II. DISCUSSION

### A. Legal Standard

A compulsory counterclaim is a counterclaim that must be filed in a pleading if the counterclaim arises out of the same transaction or occurrence as the opposing party's claim and does not require the addition of another party over which the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a). However, if a counterclaim matures after a pleading is filed, or if it is acquired by a party after serving an earlier pleading, the after-acquired counterclaim is technically not compulsory, and a party may supplement its pleading in order to assert such a "permissive" counterclaim as allowed by the court. See Fed. R. Civ. P. 13(e); 6 Fed. Prac. & Proc. Civ. § 1428 (3d ed.). In determining whether a party should be allowed to amend its pleadings pursuant to Federal Rule of Civil

Procedure 13, courts rely on the standard of Federal Rule of Civil Procedure 15 for granting leave to amend. F.D.I.C. v. Twin Dev., LLC, No. 10-CV-2279-BEN KSC, 2012 WL 1831639 at *6 (S.D. Cal. May 18, 2012); Healy v. DJO, LLC, No. 11CV673-IEG JMA, 2011 WL 5118748 at *1-*2 (S.D. Cal. Oct. 28, 2011).

Amendment of a pleading under Rule 15 is generally permitted in accordance with the Federal Rule's liberal pleading standard unless the opposing party makes a showing of bad faith, undue delay, prejudice by virtue of allowing the amendment, or futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009). Prejudice to the opposing party carries the greatest weight in determining whether to grant leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original).

**B.   Analysis**

Although Code Rebel is correct in stating that leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), "[i]t is within the court's discretion to deny leave to amend where the

3

proposed counterclaim presents a cause of action unrelated to the pending action." Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg., No. C-92-3330 DLJ, 1995 WL 552168 at *5 (N.D. Cal. Aug. 30, 1995). Denial is particularly appropriate when seemingly unrelated counterclaims are proposed late in the litigation, for belated interjection of such claims may be "unduly disruptive" of the underlying Action. Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357, 360-61 (7th Cir. 1990). See also 6 Fed. Prac. & Proc. Civ. § 1428 (3d ed.) ("[U]nrelated claims, particularly if they are asserted relatively late in the proceedings, may be more properly left to an independent suit.").

Here, Code Rebel offers two explanations for how its after-acquired counterclaims are sufficiently related to Plaintiff's claims so as to justify that they be tried together rather than in separate proceedings. First, Code Rebel contends that its counterclaims "concern[] Plaintiff's conduct during the marketing and selling of its [ACTS] computer program — the alleged reduced sales of which form the basis for Plaintiff's damages calculations in the [Second Amended Complaint]." Mot. 10:15-19. Second, Code Rebel asserts that Plaintiff's conduct, as alleged in the counterclaims, "reach[es] the level of unconscionable acts" that is necessary for Code Rebel to prevail on an affirmative defense of unclean hands, which Code Rebel has asserted in this case. Id. at 10:20-11:4.

However, neither of these explanations sufficiently tie Code Rebel's counterclaims to the pending Action for purposes of amending Code Rebel's pleading at this stage of litigation. Plaintiff's claims focus entirely on Defendants' alleged reverse engineering of ACTS, whereas Code Rebel's counterclaims address Plaintiff's alleged libelous representations to third parties and its sale of the ACTS program at prices below cost. Quintana Decl., Ex. A, 4:6-13. The alleged connection between Defendant's counterclaims and Plaintiff's Action is tenuous, at best, and is not sufficiently related to the underlying transactions and occurrences so as to justify the assertion of Code Rebel's counterclaims at this late stage of litigation, where discovery closed three months ago and the date for trial is only two months away. See <u>Agar Corp., Inc. v. Multi-Fluids Inc.</u>, No. CIV. A. H-95-5105, 1998 WL 425474 at *4 (S.D. Tex. Apr. 17, 1998) (denying defendants leave to file after-acquired counterclaims because they were "not compulsory counterclaims and would be more appropriately asserted in an independent action, especially where adding these claims at this point in time would unnecessarily delay the trial"), <u>aff'd sub nom.</u> <u>Agar Corp., Inc. v. Multi-Fluid, Inc.</u>, 215 F.3d 1340 (Fed. Cir. 1999); <u>Magnesystems, Inc. v. Nikken, Inc.</u>, 933 F. Supp. 944, 952-53 (C.D. Cal. 1996) (denying defendants leave to file counterclaims under Fed. R. Civ. P. 13(e) because the counterclaims would

require new discovery, prolong litigation, "entirely change the focus of [the] case and, potentially, prejudice the Plaintiff"); All W. Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 152 F.R.D. 202, 204-05 (D. Kan. 1993) ("[T]o permit [the defendant] to assert its supplemental counterclaim less than one month in advance of the date this case is set for trial will complicate trial preparation and will inevitably result in delay of trial. . . . While [the defendant] agrees to limit and expedite the discovery, the time spent on such discovery will prevent both parties from devoting the necessary time to adequately prepare to address the main issues in dispute in this case.").  As the court noted in Samick Music Corporation v. Delaware Music Industries, Inc., "[t]he issues in the original complaint are nearing the trial stage and to interject issues . . . of a very different character at this stage would be prejudicial to the plaintiff."  No. Civ. A. No. 91-23-CMW, 1992 WL 39052 at *7 (D. Del. 1992).  Thus, the Court **DENIES** Code Rebel's Motion because the filing of Code Rebel's unrelated counterclaims this late in the litigation would be unduly prejudicial to Plaintiff.  See Foman, 371 U.S. at 182.

///
///
///
///

**III. CONCLUSION**

Based on the foregoing, the Court **DENIES** Code Rebel's Motion for Leave to File Counterclaims.

**IT IS SO ORDERED.**

Dated: June 11, 2013.

*RONALD S.W. LEW*
_____
**HONORABLE RONALD S. W. LEW**
U.S. District Court Judge